```
 1  DEBRA W. YANG
    United States Attorney
 2  JACQUELINE CHOOLJIAN
    Assistant United States Attorney
 3  Chief, Criminal Division
    CRAIG H. MISSAKIAN (SBN 125202)
 4  Assistant United States Attorney
    Terrorism & Organized Crime Section
 5       1500 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-0757
 7       Facsimile: (213) 894-3713

 8  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
 9
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR 02-938-GHK |
| ) | |
| Plaintiff, ) | GOVERNMENT'S RESPONSE TO DEFENDANT |
| ) | RONALD BOYD SLOCUM'S *EX PARTE* |
| v. ) | APPLICATION TO BE ALLOWED TO REMAIN |
| ) | IN THE CENTRAL DISTRICT OF |
| RONALD BOYD SLOCUM, et al., ) | CALIFORNIA |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby respectfully submits its response to defendant Ronald Boyd Slocum's ("defendant") *ex parte* application entitled "Request to Be Permitted to Remain in the Central District of California."

//
//
//
//

1                           DISCUSSION

2   THE COURT SHOULD DENY DEFENDANT'S REQUEST BECAUSE IT IS MORE
          PROPERLY MADE IN THE MIDDLE DISTRICT OF PENNSYLVANIA
3              WHERE DEFENDANT HAS BEEN TRANSFERRED

4        On January 16, 2003, the Court ordered defendant transferred
5   to the Middle District of Pennsylvania for trial on the unrelated
6   charges that he faces there.  The Court's order, in essence,
7   transferred jurisdiction over defendant to the Pennsylvania
8   court.  In light of that transfer, any questions concerning where
9   the United States Marshal's Service should house defendant are
10  more properly addressed to the court in Pennsylvania.
11       As the Court is aware, initially the government requested
12  that defendant be tried in this district first and in the Middle
13  District of Pennsylvania second.  Ultimately, however, the two
14  United States Attorney's Offices agreed to ask that defendant
15  face trial in Pennsylvania first.  Accordingly, this Court
16  ordered the United States Marshal to transport defendant to the
17  Middle District of Pennsylvania.  (Minute Order, Jan. 16, 2003)
18  (the "order").  The order specifically provided that any delay
19  resulting from the pendency of the action in Pennsylvania is
20  excludable under 18 U.S.C. § 3161(h)(1)(D).
21       On or about January 22, 2003, and unbeknownst to the United
22  States Attorney's Office for the Central District of California,
23  defendant's lawyer in the Middle District of Pennsylvania applied
24  to United States District Judge McClure for an order that excused
25  defendant from being present in that district until defendant's
26  counsel "deem[ed] it necessary for him to be returned[.]"  (See
27  Defendant Ronald Boyd Slocum's Exhibit in Support of His Request
28  to Be Permitted to Remain in the Central District of California).

Now, defendant asks this Court to order that he be allowed to remain in the Central District of California.

If defendant were physically transferred as this Court ordered and remained in the Middle District of Pennsylvania, there would be little doubt that the time he spent there would be excludable under the Speedy Trial Act for purposes of this case. See United States v. Lopez-Espindola, 632 F.2d 107 (9th Cir. 1980). Similarly, even if defendant remains in the Central District of California <u>pursuant to an order of the court in the Middle District of Pennsylvania</u>, the same excludable time analysis would apply notwithstanding his physical presence in this district. See United States v. Robinson, 887 F.2d 651 (6th Cir. 1989).[1] Less clear, however, is whether that analysis would apply if this Court issues orders concerning defendant in this case – in essence, re-asserting jurisdiction over defendant.

---

[1] In United States v. Robinson, the defendant was arrested in the Western District of Kentucky on an arrest warrant issued by the Eastern District of Kentucky. Before his transfer to the Eastern District, however, he was transferred to the Southern District of Ohio for trial on another matter. He was convicted and "[p]ending sentencing [defendant] remained in the custody of the United States Marshal for the Southern District of Ohio but was returned to the . . . Eastern District of Kentucky." 887 F.2d at 652. The issue became whether the time spent in the Eastern District while awaiting sentencing on the Ohio conviction was excludable in measuring when that district had to file an indictment. The defendant argued that since he was physically present in the district there was no impediment to indictment and, therefore, he was not unavailable under 18 U.S.C. § 3161(h)(1)(D). The court rejected the argument, holding that the exclusion was automatic. It also noted that "defendant was held in the geographic area of the Eastern District of Kentucky, albeit *while under the jurisdiction of the Southern District of Ohio while awaiting sentencing.*" 887 F.2d at 656 (emphasis added).

1   To avoid any Speedy Trial Act issues and the possibility of
2 conflicting orders between this district and the Middle District
3 of Pennsylvania, the government requests that the Court deny
4 defendant's motion.  That denial would, of course, be without
5 prejudice to defendant's making the same request before the court
6 in the Middle District of Pennsylvania.

7

8 Dated: January 31, 2003            Respectfully submitted,

9                                    DEBRA W. YANG
                                     United States Attorney
10
                                     JACQUELINE CHOOLJIAN
11                                   Assistant United States Attorney
                                     Chief, Criminal Division
12

13                                   _____
14                                   CRAIG H. MISSAKIAN
                                     Assistant United States Attorney
15
                                     Attorneys for Plaintiff
16                                   United States of America

17

18

19

20

21

22

23

24

25

26

27

28

4

CERTIFICATE OF SERVICE BY MAIL

I, Josephine Johnson, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on January 31, 2003, I deposited in the United States mails in the United States Courthouse at 312 North Spring Street, Los Angeles, California, in the above-entitled action, in an envelope bearing the requisite postage, a copy of: **GOVT'S RESPONSE TO DEFENDANT RONALD BOYD SLOCUM'S EX PARTE APPLICATION TO BE ALLOWED TO REMAIN IN THE CENTRAL DISTRICT OF CALIFORNIA** addressed to:

Yolanda Barrera, Esq.
511 South First Avenue, No. 340
Arcadia, CA 91006-6104
Tel. No. (626) 574-1053
Fax: (626) 574-9043

at their/her last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on January 31, 2003 at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
JOSEPHINE JOHNSON