1  CHARLES M. ROGERS
   Wyrsch Hobbs & Mirakian, P.C.
2  1000 Walnut, Suite 1600
   Kansas City, MO 64106
3  816-221-0080 (voice)
   816-221-3280 (facsimile)
4  E-Mail: acquit@whmlaw.net

5  RICHARD G. NOVAK
   Law Offices Of Richard G. Novak
6  959 East Colorado Blvd., Suite 1B
   Pasadena, CA  91106
7  626-396-9206 (voice)
   626-396-9208 (facsimile)
8  E-Mail:  Richard@RGNLaw.com

9  Attorneys for Defendant
   RICHARD SCOTT MCINTOSH

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>VS.<br><br>BARRY BYRON MILLS, ET AL.,<br><br>DEFENDANTS. | Case No. CR 02-938(A)-VAP<br><br>BEFORE THE HONORABLE VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE<br><br>**DEFENDANT RICHARD SCOTT MCINTOSH'S PROPOSED RESPONSE TO GOVERNMENT'S REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER RE HOUSING OF DEFENDANTS SAHAKIAN, MCINTOSH AND KNORR** |

Defendant Richard Scott McIntosh ("Mr. McIntosh"), by and through his counsel of record, Charles M. Rogers and Richard G. Novak, hereby files his Proposed Response To Government's Reply To Opposition To Motion For

1 <u>Reconsideration Of Order Re Housing Of Defendants Sahakian, McIntosh And</u>
2 <u>Knorr</u> for the Court's consideration.
3       Mr. McIntosh responds only to those allegations in the Reply which pertain to
4 him, not those relating specifically to Mr. Sahakian or Mr. Knorr. If the Court does
5 not deny the Government's Motion for Reconsideration on the pleadings, Mr.
6 McIntosh respectfully requests an evidentiary hearing at which he, through counsel,
7 can cross-examine the Government's Declarant, Mr. Hudson, present evidence and
8 present an oral argument in support of the Court's Order.

10 Dated: September 30, 2006       Respectfully submitted,

11                                       Charles M. Rogers
                                      Richard G. Novak
12                                       Attorneys for Richard Scott McIntosh

14                                       By: _____
15                                            Richard G. Novak

2

# DEFENDANT RICHARD SCOTT MCINTOSH'S RESPONSE TO THE GOVERNMENT'S REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER RE HOUSING OF DEFENDANTS SAHAKIAN, MCINTOSH AND KNORR

## I.

### The Government, Not this Court and Certainly not Mr. McIntosh, Has Decided to House Mr. McIntosh at an FCI

At the status conference on August 25, 2006, Mr. McIntosh expressed, through counsel, his preference that he be returned to ADX Florence, Colorado, where he was housed in the Control Unit before being transferred to Illinois in 2003 for trial. At the conclusion of the status conference, counsel for the Bureau of Prisons ("BOP") asked the Court to clarify that, if the BOP found it more efficient, Mr. McIntosh could be housed with Mr. Sahakian and Mr. Knorr at Marion or at FCI Greenville.[1]

In this Court's Order, the Government was clearly given the option of returning Mr. McIntosh to ADX, keeping him and the other defendants at Marion after it became an FCI, or transferring all of them to FCI Greenville. If, as the Government now contends, Mr. McIntosh is a security risk at a Federal Correctional Institution ("FCI"), the BOP is certainly free under this Court's Order to transfer him to ADX, the most secure facility in the BOP.

---

[1] In its Reply, the Government advances no argument whatsoever in support of the proposition that Mr. McIntosh must be housed in the same institution as Mr. Sahakian and Mr. Knorr, although Mr. McIntosh challenged that proposition in his Opposition.

## II.

### If Mr. McIntosh Cannot Be Securely Confined In One FCI, It Makes No Sense to Transfer Him to another FCI

While the Government's argument in support of reconsideration appears to be that Mr. McIntosh's background makes him inappropriate for an FCI, even when housed in a specially modified unit, the Motion for Reconsideration seeks leave to transfer Mr. McIntosh to FCI Terre Haute.[2]  This argument defies reason.  In terms of external perimeter security, levels of staffing, staff training and other security factors, the Bureau of Prisons categorizes FCI Terre Haute and FCI Greenville both as medium security institutions. (http://www.bop.gov/locations/institutions/gre/index.jsp; http://www.bop.gov/locations/institutions/tha/index.jsp)

Both FCI Terre Haute and FCI Greenville are currently staffed by BOP employees who formerly worked at USP Terre Haute and USP Marion, respectively. FCI Greenville has constructed special visitation rooms for Mr. McIntosh and his co-defendants so that they can meet with their defense teams in areas which are as secure as and much more conducive to attorney-client communication than the "non-contact visit facilities" at the former death row in what is now FCI Terre Haute.[3] The new visitation facilities at Greenville were recently constructed expressly for these

---

[2] The Reply, in its Conclusion, urges the transfer of all three defendants to "USP Terre Haute." Reply, p. 12, l. 17. Mr. McIntosh assumes this is an error, since both the Motion for Reconsideration and the supporting Declaration of Mr. Hudson go to some length in discussing FCI Terre Haute. In any event, USP Terre Haute would be totally inappropriate for these defendants; according to the Inmate Locater on the BOP website as of September 27, 2006 (http://www.bop.gov/iloc2/LocateInmate.jsp), both Raymond Oechsle and Jonathan McGinley, who testified for the Government at the Illinois trial, are housed at USP Terre Haute.

[3] Hudson Declaration (filed in support of the Government's Motion for Reconsideration), ¶ 6.

4

1 defendants, and clearly meet whatever security concerns the BOP may have with
2 respect to attorney-client visitation.
3    The greatest security risk to staff and the greatest risk of escape are incurred
4 when inmates are removed from the facility in which they are housed, whether to go
5 to court, to receive medical treatment, or in the course of being transferred to another
6 facility. If the Government is concerned about Mr. McIntosh being a security risk, it
7 makes no sense whatsoever to move him from FCI Greenville where he is now
8 located (and to which he was transferred without incident) to some other FCI.

### III.

### The Government's Discussion of Mr. McIntosh's Past Record Is Misleading

11    Mr. McIntosh's criminal convictions are what they are. He was found guilty
12 and he has exhausted his appeals. However, even though Mr. McIntosh was found to
13 be legally responsible for the conduct of his accomplice, Walter Eliyah Thody, the
14 Government's Reply attributes to Mr. McIntosh personally the actions of Thody
15 during the flight after the robbery, including firing shots at pursuing police officers.
16 There never was and still is no evidence that Mr. McIntosh fired any shots at anyone
17 or any thing during the entire incident. Certainly, if Mr. McIntosh's "criminal
18 history" is relevant to this Court's determinations regarding where he is housed, that
19 history should be reported accurately.
20    With regard to Mr. McIntosh's custody record, the Government conveniently
21 omits the dates of any rules violations of which Mr. McIntosh was "found guilty."[4]

---

[4] Of course, these are not findings made by a court or jury after any sort of due process has been afforded; these are findings made by prison officials based on the writings of other prison officials without confrontation, without the right to call live witnesses, and often even without disclosure of the information upon which the official making the "finding" relies. In effect, a virtually irrebutable presumption of guilt attaches upon the making of the charge by a correctional officer. Testimony at the Illinois trial revealed, for example, that Mr. McIntosh was charged with "fighting with black inmates" (Reply p. 9, l.17) after he refused to help Government witnesses Dewey "Tony" Lee and Raymond "Rayo" Oechsle attack David "Big D" Jackson. Jackson pulled his own knife to defend himself and several black inmates, wanting to help out but not wanting to become involved in the armed altercation between Lee,
(Continued...)

1 | In fact, all of the violations which the Government attributes to Mr. McIntosh
2 | occurred before the death of Terry Walker on May 19, 1999. Mr. McIntosh has been
3 | violation-free for over seven years.[5]

## IV.

### Not Only Is Mr. McIntosh Presumed Innocent of All Charges Relating To the Murder of Terry Walker; He Was Not Convicted Of That Offense after a Six-Month Trial in the Southern District Of Illinois

The Government asserts that the charges in the pending Indictment are evidence that Mr. McIntosh would be a security risk if his present housing at FCI Greenville continues. As this Court is well aware, the Government had ample opportunity to prove its allegations, albeit in somewhat different form, in the Southern District of Illinois. After five months of evidence, the vast majority of it presented by the Government, only three jurors believed Mr. McIntosh was guilty of intentional murder; at least that many believed he was not guilty of any charged offense. A significant majority of the jurors disbelieved the government's theory that Walker's death was part of an Aryan Brotherhood conspiracy, a theory which is essential to the Government's prosecution of Mr. McIntosh in the instant case. Having failed miserably to prove that contention in its earlier prosecution, the Government now asserts the mere fact of the charge as a factor bearing on the appropriateness of this Court's order concerning Mr. McIntosh's housing.

---

(...Continued)
Oechsle and Jackson, attacked Mr. McIntosh, who attempted to defend himself although unarmed and greatly outnumbered.

[5] Although Mr. McIntosh has been designated to, and but for the pendency of this case would be housed in, the most secure facility available to the BOP, the Reply devotes some two and one half pages to discussing Mr. Sahakian's background, three pages to discussing Mr. Knorr's, but less than a page and a half to discussing Mr. McIntosh's.

## V.

## **Conclusion**

Wherefore, Mr. McIntosh respectfully urges the Court to deny the Government's Motion for Reconsideration, to keep its Order in full force and effect insofar as it pertains to the housing of Mr. McIntosh, and for such other and further relief as the Court deems just and proper.

Dated: September 30, 2006

Respectfully submitted,

Charles M. Rogers
Richard G. Novak
Attorneys for Richard Scott McIntosh

By: _____
Richard G. Novak

## CERTIFICATE OF SERVICE

I, JACQUELINE LEWIS, declare:

That I am a citizen of the United States and that I reside in and am employed in Los Angeles County, California; that my business address is the Law Offices of Richard G. Novak, 959 East Colorado Blvd., Suite 1B, Pasadena, California 91106; that I am over the age of eighteen years; that I am not a party to the above-entitled action;

That I am employed by Richard G. Novak, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**Defendant McIntosh's Proposed Response to Government's Reply to Opposition to Motion for Reconsideration of Order Re. Housing of Defendant's Sahakian, McIntosh, and Knorr.**

as follows:

via personal service:

Joseph Akrotianakis
Assistant United States Attorney
Office of the United States Attorney
3880 Lemon Street, Suite 210
Riverside, CA 92501

via electronic mail:

**See Attachment**

This certificate is executed on October 1, 2006, at Pasadena, California.

I certify under penalty of perjury that the foregoing is true and correct.

*/s/ Jacqueline Lewis*
JACQUELINE LEWIS

## ATTACHMENT

STEPHEN G. WOLFE
Assistant United States Attorney
United States Courthouse
312 North Spring Street, 14th Floor
Los Angeles, CA 90012
213-894-7408 (voice)
213-894-3713 (facsimile)
E-mail Steve.Wolfe@usdoj.gov
Attorney for Plaintiff
UNITED STATES OF AMERICA
(served by facsimile and first-class mail)

BURTON H. SHOSTAK
Moline, Shostak & Mehan, LLC
8015 Forsyth Blvd.
St. Louis, MO 63105
314-725-3200 (voice)
314-725-3275 (facsimile)
E-mail: bshostak@msmattorneys.com
Attorney for Defendant
DAVID MICHAEL SAHAKIAN
(served by electronic mail)

JOSEPH L. GREEN
One City Centre, Suite 2001
St. Louis, MO 63101
314-231-9600 (voice)
314-231-9480 (facsimile)
E-mail: jgreen@leritzlaw.com
Attorney for Defendant
DAVID MICHAEL SAHAKIAN
(served by electronic mail)

DANIEL R. SCHATTNIK
Unsell, Schattnik & Babb
55 South Ninth Street
East Alton, IL 62024
618-258-1800 (voice)
618-258-1957 (facsimile)
E-mail: schattnik@mindspring.com
Attorney for Defendant
CARL EDGAR KNORR, JR.
(served by electronic mail)

RICHARD H. SINDEL
Sindel, Sindel & Noble
8008 Carondelet Avenue
St. Louis, MO 63105
(314) 721-6040 (voice)
(314) 721-8545 (facsimile)
E-mail: rsindel@sindellaw.com
Attorney for Defendant
CARL EDGAR KNORR, JR.
(served by electronic mail)