1   DEBRA WONG YANG
    United States Attorney
2   THOMAS P. O'BRIEN
    Assistant United States Attorney
3   Chief, Criminal Division
    J. MARK CHILDS (State Bar No. 162684)
4   Assistant United States Attorneys
    Narcotics Section
5        1400 United States Courthouse
         312 North Spring Street
6        Los Angeles, California 90012
         Telephone: (213) 894-2433
7        Facsimile: (213) 894-0142
         E-mail: Mark.Childs@usdoj.gov
8
    Attorney for Plaintiff
9   United States of America

10                   UNITED STATES DISTRICT COURT

11            FOR THE CENTRAL DISTRICT OF CALIFORNIA

12
    UNITED STATES OF AMERICA,        )  No. CR 02-938-RGK
13                                    )
                   Plaintiff,         )  GOVERNMENT'S OPPOSITION TO
14                                    )  DEFENDANT JOHN WILLIAM
                   v.                 )  STINSON'S RENEWED MOTION TO
15                                    )  COMPEL FURTHER DISCOVERY
    JOHN WILLIAM STINSON,            )
16                                    )
                   Defendant.         )
17                                    )
                                      )
18                                    )
                                      )
19                                    )
    _____   )
20

21       Plaintiff United States of America, by and through its

22   attorneys of record, hereby files its opposition to the renewed

23   motion for discovery ("motion") filed by defendant John William

24   Stinson ("defendant").   The government refers the Court to the

25   government's prior filings on these discovery issues, including

26   the government's opposition to defendant Stinson's discovery

27   demands.

28

DOCKETED ON CM

OCT 4 2006

BY _____ 172

3909

1.   **Defendant Failed to File a Joint Motion**

Defendant failed to present his motion by way of joint stipulation.  As a result, defendant failed to narrow his discovery requests; and simply demands the Court to review thousands of pages of unredacted material.  The Court has previously emphasized that discovery motions are to be brought by joint motion, in accordance with the Local Rules of the Central District.  The government requested that defense counsel identify the bates number of each disputed page and the basis for disclosure.  Rather than narrowing the disputed issues, defendant filed its motion.  This type of discovery motion -- which demands a massive review of thousands of pages of discovery by the Court and involves life-threatening materials (i.e., inmate debriefings) -- is precisely the type of discovery motion for which Local Rule 37 was drafted.  On this basis alone, the Court should deny defendant's motion.

Moreover, the motion also fails on the merits.

2.   **The Government Has Produced Discovery Beyond What is Required Under the Law**

In the last five months, the government has produced well over 10,000 documents to defense counsel, including thousands of pages of documents provided to the government by the California Department of Corrections and Rehabilitation, including confidential and highly sensitive reports of interviews with inmates.  The overwhelming majority of these reports of interviews involved **non-testifying** witness-inmates.  In total, the government has produced to defendants more than 123,000 pages of discovery, including hundreds of reports by inmates.

2

3. **Defendant, Again, Demands Interview Reports of Inmates Who Will Not Be Testifying for the Government and That Do Not Contain Brady, Jencks or Rule 16 Material**

The government has complied with its obligations under _Brady_, _Jencks_ and Rule 16; and will do so with the tiny fraction of documents yet to be produced. CDC reports of interviews for the witnesses who will testify for certain for the government have been produced to defense counsel; and the government has produced _Brady_ and other _Jencks_ material.

As demonstrated below, defendant again requests _incriminating_ reports (non-_Brady_) from **or about non**-testifying inmate cooperators. The examples of alleged overredacted reports referenced in defendant's motion that are from a **non**-testifying witnesses are precluded from disclosure on the grounds of safety concerns. Moreover, defense counsel has not represented to the Court that defense counsel intends to call any of these inmates.

Generally, information regarding informants not testifying at trial is privileged and thus not subject to discovery. _Rovario v. United States_, 353 U.S. 52, 59-60 (1957). The Ninth Circuit has recognized the government's "strong interest in protecting the valuable resources of the informant in . . . investigations." _United States v. Sai Keung Wong_, 886 F.2d 252, 257 (9th Cir. 1989). The Ninth Circuit has also recognized that disclosure of information pertaining to informants can place the informants in great physical danger. _See_, _e.g._, _United States v. Hernandez_, 608 F.2d 741, 745 (9th Cir 1979) ("It is no secret that informers whose identities are disclosed prior to trial are

1  often 'among the missing' when the trial date finally arrives").[1]

2      These safety concerns have been extensively briefed in prior

3  discovery motions.

4  **4.    The Examples of Discovery Provided by Defendant Demonstrate**

5      **that the Government Has Complied With Its Discovery**

6      **Obligations**

7      **a.    Exhibit One to Defendant's Motion**

8      Defense counsel complains about the CDC report of interview

9  of Vance Gloyne take took place in the year 1992.  The government

10 is **not** going to call Vance Gloyne as a witness in this case.

11 Defense counsel has made no representation that defendant will

12 call Vance Gloyne.  Moreover, defense counsel has made no

13 assertion that defendant is entitled to the report, in the first

14 place, under Rule 16, Jencks, Giglio or Brady.  Defendant simply

15 complains that the government produced two versions of the Gloyne

16 report, one redacted and one unredacted.   Defendant cites no

17 "negative exculpatory" statements contained in the report.

18     This is not enough to trigger an Alvarez hearing.  To obtain

19 discovery, the defendant has the burden to make a prima facie

20 showing that the requested information would be material to

21 preparation of the defense; a mere conclusory allegation of

22 materiality is insufficient.  United States v. Cadet, 727 F.2d

23

24 [1]Because of these strong interests in protecting informants,
   "[t]he government has a limited privilege to withhold the

25 identity of confidential informants."  Sai Keung Wong, 886 F.2d
   at 255 (citing Rovario, 353 U.S. at 59).  The Ninth Circuit has

26 recognized that "[t]his privilege serves several important law
   enforcement objective, including encouraging citizens to supply

27 the government with information concerning crimes."  United
   States v. Henderson, 241 F.3d 638, 645 (9th Cir. 2001) (citations

28 omitted).

1453, 1466, 1468 (9th Cir. 1984); <u>United States v. United States</u>
<u>District Court</u>, 717 F.2d 478, 480 (9th Cir. 1983).  Defendant has
not made any claim that the Gloyne report is material to his
defense, let alone the portions that the government excised were
material to his defense.

   The explanation for the two different versions of the report
is simple.  The government obtained the same report from two
different sources and the reports were then produced under two
different sets of circumstances.  The <u>unredacted</u> Gloyne report
was obtained by this office (United States Attorney's Office for
the Central District of California) as part of the discovery that
was already produced to defense counsel in <u>United States v. David</u>
<u>Sahakian, et al.</u>, 99 CR 40044, a murder trial involving the
murder of inmate Terry Walker.  The <u>Sahakian</u> case was before the
United States District Court for the Southern District of
Illinois and was prosecuted by the United States Attorney's
Office for the Southern District of Illinois.  The murder of
Terry Walker is not a overt act that the government will be
proving in this case but is an overt act against other defendants
in this case, including co-defendant David Sahakian.  The
government produced to defense counsel (via the document
depository) in this case, all the discovery produced by the
United States Attorney Office for the Southern District of
Illinois in the <u>Sahakian</u> case, including the unredacted Gloyne
report.

   As part of the government's obligations under the Court's
Order regarding defendant's subpoenas to the CDC, the Gloyne
report was produced, again, but the government redacted it,

1  pursuant to the following the instructions by the Court,

2      The Court finds that because the Government is intimately
       familiar with the issues in this case, the Government is
3      in a better position than the CDCR to review and redact the
       documents and ultimately produce the defense with the Brady
4      and Giglio material.

5  (See Court's Order dated August 9, 2006 entitled "(In Chambers)

6  Motion to Quash Filed by the (CDC)(DE 3378), fn. 2").  When the

7  government produce the redacted Gloyne report, the government did

8  not redact Brady or Giglio material from the Gloyne report nor

9  did defendant so claim.  On the contrary, the redacted Gloyne

10 report includes incriminating information against defendants

11 Stinson, Griffin and Chance, including that (1) Griffin and

12 Stinson were leaders of the Aryan Brotherhood (page 6); (2)

13 Griffin ordering others to do Aryan Brotherhood business (page

14 4); (3) Griffin was knowlegable about the preparation of the

15 making of a bomb (page 5); (4) an Aryan Brotherhood member

16 ordered the attack on Monster Barnett (page seven); (5) Griffin

17 possessed the tattoo "AB" with the shamrock and the numbers "666"

18 on his stomach; and (6) Chance was a member of the "AB."

19         b.    Exhibit Two to Defendant's Motion

20      Defense counsel complains about the report of an interview

21 of Wendell Norris that take took place in the year 1992.  Wendall

22 Norris is **dead** and, obviously, will not be testifying.

23      Moreover, defense counsel has made no showing or claim that

24 defendant is entitled to the unredacted Norris report under Rule

25 16, Jencks, Giglio or Brady.  Rather, defendant simply complains

26 that the government over redacted the report.  However, defendant

27 has failed to point out what material the government redacted

28 that it would be entitled under Rule 16, Jencks, Giglio or Brady.

On the contrary, the redacted Norris report produced to
defendant contains incriminating (non-exculpatory) information
against defendants Stinson, Griffin and Chance.  For instance,
the report stated that (1) Stinson disposed of the body of AB
leader, Jack Mahone; (2) that Griffin assumed the "leadership" of
the Aryan Brotherhood after it restructured in 1982 (page 11);
(3) Griffin discussed killing a person who was promiscuous with
several AB members (page 13); (4) Griffin ordered that Norris be
killed on site (page 13); (5) Griffin cut the throat of T-Bone
Gibson because T-Bone Gibson was disrespecting the members of the
Mexican Mafia.; (6) Norris carried a gun when he went out to
court as a witness for Stinson (page 15); (7) Griffin ordered the
murder of the family of Steven Barnes, Tommy Lamb, Loser Clark
and others (page 17-21); (8) Stinson was a member of the nine man
Aryan Brotherhood ruling body, known as the "Counsel" (page 18);
(9) that Griffin believed a prospective member should kill to
become a member and be killed to get out (page 19); (10) Stinson
ordered another inmate to kill Richard "Rhino" Andreason; (11)
Stinson ordered an associate to assault Jeffrey Lee "Monster"
Barnett (page 21-22); (12) Stinson ordered and approved various
murders and (13) Griffin authorized the making of a bomb (pages
31, 35, 36).

Again, defendant fails to point out any "negative-
exculpatory" evidence contained in the Norris report or such
evidence that the government redacted.  Additionally, defendant
fails to establish how information from a dead witnesses would be
used for cross-examination or impeachment.

7

### c.    Exhibit Three to Defendant's Motion

Next, defendant complains about the redactions of a CDC
report of an interview of an inmate that took place in 2001. (See
Bates 118214-217).  The government will **not** be calling this
inmate to testify in the government's case-in-chief.  The defense
has not subpoenaed the inmate's CDC file nor identified the
inmate as defense witness.  Revealing the identity of this non-
testifying witness would create a severe security risk to this
inmate.

Defendant complains that the redactions prevent defendant
from understanding the statements about the murder of Aaron
Marsh, one of the charged VICAR murders.  However, the **only**
statements in the report by the inmate about the Marsh murder
were **unredacted.**  The inmate's purported statements about the
Marsh murder are (1) that the inmate heard from another AB member
the reasons behind the Marsh killing (Bates 118214) and (2) the
inmate identifies of the Marsh murderer, namely Gary Littrell, as
an AB member (Bates 118215).  This information was disclosed.

Additionally, defendant claims that only one short paragraph
is revealed that mentions defendant Stinson; thus defendant
claims that "the lack of further mention of Mr. Stinson would be
exculpatory, but the remainder of the document is hidden."
Again, defendant inaccurately describes the discovery.  The
unredacted portion of the report clearly stated that the inmate
stated defendant Stinson is on the commission of the Aryan
Brotherhood (Bates 118215, 118217).  This information is
incriminating nor exculpatory because commission members approve
the murder of a fellow Aryan Brotherhood member, such as Aaron

1  Marsh.  Assuming arguendo, that this information is "negative

2  exculpatory," the information was produced; but the identity of

3  the inmate should remain confidential because defendant has not

4  indicated that this inmate would be a witness.

5        d.    Exhibit 4 to Defendant's Motion

6        First, defendant complains about the redactions of an

7  inmate's debrief that is two pages, dated July 1, 1987, for which

8  the government produced one page (Bates 120209).  This inmate

9  will **not** be testifying in the government's case-in-chief.  **Nor**

10 has defendant subpoenaed the inmate's CDC files or identified the

11 inmate as a defense witnesses.  The unredacted portions of the

12 report contain no <u>Brady</u> nor <u>Jencks</u> information nor does it

13 contain information about the overt acts in the indictment or any

14 events the government will prove-up at trial.  The report was

15 produced because it identified defendant Griffin as a member of

16 the Aryan Brotherhood, contrary to Griffin's claim that Griffin

17 dropped out of the Aryan Brotherhood in the year 1985.

18       Second, defendant complains about the redaction of an

19 inmate's debrief that is *three* pages long dated July 1, 1987 for

20 which the government produced one page (Bates 120210).  This

21 inmate will **not** be testifying.  **Nor** has defendant subpoenaed the

22 inmate's CDC files or identified the inmate as a defense witness.

23 The report made no mention of defendant Stinson, which is not

24 unexpected, let alone exculpatory, given the fact that the inmate

25 in question was self-identified in the report as a peripheral

26 associate (namely, a non-member) of the Mexican Mafia.  The

27 redacted portions of the three page report described the activity

28 of the Mexican Mafia, not the Aryan Brotherhood.  The only

                                   9

1 | portions of this report that reference the Aryan Brotherhood are
2 | unredacted, except for a few CDC numbers.

3 |      Third, defendant complains about the redaction of an
4 | inmate's debrief that is *six* pages long dated October 15, 1991
5 | for which the government produced three pages (Bates 120635-37).
6 | Defendant points out that "page 3" of the report (Bates 120635)
7 | identified defendants Griffin and Chance as a "shotcaller" but
8 | did not name defendant Stinson.  Defendant argues this is
9 | "exculpatory."  However, this may not be exculpatory as the
10 | report made clear in the preceding sentence on "page 3" that the
11 | inmate "was unable to specifically identify members of the
12 | commission or [c]ounsel [of the Aryan Brotherhood]."  (Bates
13 | 120635).  Nevertheless, the government produced the report
14 | because it contained arguably exculpatory information.  Moreover,
15 | the government will provide defense counsel with the name of the
16 | inmate (and would have done so if defendant properly met and
17 | conferred).

**CONCLUSION**

19 |     Defendant's have not met their burden to compel the Court to
20 | conduct a time consuming Alvarez hearing.  Defendant's renewed
21 | discovery motion is another fishing expedition.  For the
22 | foregoing reasons, defendant's motion should be denied.

23 | Dated: September 30, 2006

Respectfully submitted,

J. MARK CHILDS
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

10

## CERTIFICATE OF SERVICE

I, **NETTIE RAFEE** declare:

That I am a citizen of the United States and resident or employed in Los Angeles, County, California; that my business address is Office of United States Attorney, Federal Courthouse 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on October 2, 2006, I deposited in the United States mail, at the U.S. Courthouse, in the above-entitled action, in an envelope bearing the requisite postage, a copy of: **GOVERNMENT'S OPPOSITION TO DEFENDANT JOHN WILLIAM STINSON'S RENEWED MOTION TO COMPEL FURTHER DISCOVERY**

**was:**
[] Placed in a closed         [ Placed in a sealed
envelope, for collection       envelope for collection and
and interoffice delivery        mailing via United States Mail,
addressed as follows:      addressed as follows:

[] By hand delivery          **[x** By facsimile as follows:
addressed as follows:

[ ] By messenger as follows:  [ ] By federal express as follows:

SEE ATTACHMENT

at his last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on **October 2, 2006**, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

**Nettie Rafee**

U.S. v. ROBERT LEE GRIFFIN, ET AL.,
CR NO. 02-938-RGK (9/25/06)


Joseph F. Walsh, Esq. (ROBERT GRIFFIN)
316 West Second Street, Suite 1200
Los Angeles, CA 90012
Tel: 213-627-1793
Fax: 213-489-4700
Email: Attyjoewalsh@aol.com

Michael M. Crain, Esq. (ROBERT GRIFFIN)
P.O. Box 3730
Santa Monica, CA 90408
Tel: 310-571-3324
Fax: 310-571-3354
Email: Michaelmcrain@aol.com

Knut Johnson, Esq. (DAVID CHANCE)
1010 Second Avenue, Suite 1850
San Diego, CA 92101
Email: knut@knutjohnson.com
(619) 232-7080
Fax (619) 232-6052

John Cotsirilos, Esq. (DAVID CHANCE)
2442 Fourth Avenue
San Diego, CA 92101
Email: Mccabeatty@aol.com
(619) 232-6022
Fax (619) 232-6052

Paul Potter, Esq. (JOHN STINSON)
Potter, Cohen & Samulon
3852 East Colorado Blvd.
Pasadena, CA 91107
(626) 795-0681
Fax: (626) 795-0725
Email: pepsquire@earthlink.net

Terrence Bennett, Esq. (JOHN STINSON)
P.O. Box 709
Pasadena, CA 91102-0709
(626) 798-6675
Email: benedictus@earthlink.net