DEBRA WONG YANG
United States Attorney
THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division
STEPHEN G. WOLFE (Cal. Bar No. 116400)
Assistant United States Attorney
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-7408
Facsimile: (213) 894-3713
E-Mail: Steve.Wolfe@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 02-938-GHK |
|---|---|---|
| Plaintiff, | ) | |
| | ) | REPORT ON SECURITY RISKS PRESENTED BY SOFTWARE ALLOWING DEFENDANT LITTRELL TO MODIFY DISCOVERY DOCUMENTS; DECLARATION OF ELIEZER BEN-SHMUEL |
| v. | ) | |
| | ) | |
| GARY JOE LITTRELL, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff United States, pursuant to the Court's order, hereby files its report on the security risks which would be presented by allowing defendant Littrell to use software which allows him to modify discovery documents.

DATED: September 22, 2006        Respectfully submitted,

DEBRA WONG YANG
United States Attorney
THOMAS O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

_/s/ Stephen G. Wolfe_
STEPHEN G. WOLFE
Assistant United States Attorney
Attorneys for Plaintiff
UNITED STATES OF AMERICA

GOVERNMENT'S REPORT ON SECURITY RISKS OF REQUESTED SOFTWARE

INTRODUCTION

Defendant Gary Joe Littrell is currently housed in the Special Housing Unit of the Federal Correctional Institution at Terminal Island, California ("FCI Terminal Island"). In order to permit him (and other defendants in this case) to review the discovery produced by the prosecution in this case, the staff at FCI Terminal Island provided laptop computers to all of the defendants housed at that institution. The discovery was then scanned into Portable Document Format or ".pdf" files. Those files were then copied onto the hard drive of each defendant's computer.

Defendant has now requested software that would allow him to modify, highlight, or annotate discovery documents. It is the government's understanding that defendant is specifically requesting that a copy of Adobe Acrobat Standard Version 7.0 be loaded on to his computer.

On September 11, 2006, the Court entered an order requiring the Government "to describe, in writing and with appropriate declarations under penalty of perjury by TI Staff, the specific security risks posed by such software and to adequately address this issue in the context of the test used to determine the reasonableness of prison regulations under Turner v. Safley, 428 U.S. 78, 89-90 (1987)." The Government hereby files this report.

**ARGUMENT**

I. <u>**Turner v. Safley**</u> **is Inapplicable to this Situation**

As an initial matter, it is clear that under <u>Turner v. Safley</u>, a regulation that impinges upon a prisoner's constitutional rights is valid if the regulation "is reasonably related to legitimate penological interests." 482 U.S. 78, 89 (1987). Hence the initial question is whether the refusal of staff at FCI Terminal Island to provide defendant Littrell with the requested software impinges on any of his constitutional rights.

It is clear, however, that an allegation of government interference with the attorney-client relationship does not give rise to a Sixth Amendment violation in the absence of substantial prejudice. <u>United States v. Irwin</u>, 612 F.2d 1182, 1186-87 (9th Cir. 1980) (prejudice may result from "actions designed to give the prosecution an unfair advantage at trial"). Similarly, the Fifth Amendment right of access to courts is not violated in the absence of a showing of an actual injury in pursuing an appeal from a conviction or a civil rights action. <u>Lewis v. Casey</u>, 518 U.S. 343, 352-353 (1996) (holding that actual injury requirement for a <u>Bounds</u> violation of access to courts requires a showing that prisoner was actually hindered in pursuit of legal claim). Given the substantial access defendant has at FCI Terminal Island to discovery materials and to his legal team, Littrell simply cannot show any substantive impingement so as to establish a Sixth Amendment denial of right to counsel or a Fifth Amendment

3

denial of right of access to the courts. As none of the inmate's constitutional rights have been violated by the denial of access to this software, the test of Turner v. Safley is simply not implicated by the provision of software which allows reading discovery documents but not modifying them.

**II. The Refusal to Provide the Requested Software Is Reasonably Related to Legitimate Penological Interests.**

The defendant is not entitled to relief unless he establishes that the alleged impingement on his rights is unreasonable under the factors set forth in Turner v. Safley, supra, 482 U.S. 78, 89-90. Moreover, prison officials must be afforded "wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 546-547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1974); see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995).

Defendant has not alleged with any specificity that FCI Terminal Island's refusal to provide him with the software he requested is not rationally related to legitimate security and penological objectives as articulated in the first Turner factor. 482 U.S. at 89 ("when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests). Nor could he reasonably do so.

As shown by the attached declaration of Eliezer Ben-Shmuel, allowing the defendant access to this software would allow him to make significant changes to otherwise legitimate documents. These documents could then be sent between defendants, allowing them to surreptitiously communicate without being subjected to the level of scrutiny they would otherwise encounter. The altered documents would be said to be covered by the attorney-client privilege, and therefore would be free from normal scrutiny by corrections staff. See, 28 C.F.R. § 540.18 (a) (incoming legal mail may not be read or copied); 28 C.F.R. § 540.18 (c)(1)(Outgoing legal mail is not subject to inspection). As otherwise legitimate legal documents could easily be altered to provide a surreptitious conduit for illicit communications, there is a clear and compelling security necessity for not permitting defendant access to this software.

A rational connection between FCI Terminal Island's policy and the penological objectives should end the court's inquiry without reference to the other three Turner factors. Scott v. Mississippi Dept. of Corrections, 961 F.2d 77, 81 (5th Cir. 1992). However, the second, third and fourth Turner factors also weigh in favor of the institution's policy.

Under the second Turner factor, FCI Terminal Island is entitled to deference to its determination that adequate means of permitting the defendant access to discovery and cooperation with defense counsel exist, other than the requested software. Even

5

greater deference is owed under the third <u>Turner</u> factor, namely the "ripple effect" of requiring provision of the software. <u>Turner</u>, <u>supra</u>, 482 U.S. at 90. Requiring provision of the software to Littrell will inevitably lead to identical demands from all of the other defendants in this case and, indeed, by defendants throughout the Federal Bureau of Prisons. Finally, defendant has not met his burden to show FCI Terminal Island's policy is an "exaggerated response" under the fourth <u>Turner</u> factor, namely that his rights may be accommodated at de minimus costs to security interests. <u>Id</u>., 482 U.S. at 91. The provision of software that allows inmates to alter otherwise legitimate documents would impose a significant threat to the security and orderly operation of the facility. Given the charges lodged against the defendant and his co-defendants as well as the defendants' penchant for using coded messages and covert means of communication, it is simply not feasible to permit the defendant to alter documents and then exchange them with counsel and his co-defendants.

## CONCLUSION

For all the foregoing reasons, the government respectfully submits that defendant's request for software that would allow him to modify, highlight, or annotate discovery documents should be denied in all respects.

**DECLARATION OF ELIEZER BEN-SHMUEL**

I, Eliezer Ben-Shmuel, hereby declare and state as follows:

1. I am currently employed by the Federal Bureau of Prisons (BOP) as the Supervisory Attorney of the Los Angeles Consolidated Legal Center located at the Metropolitan Detention Center in Los Angeles, California (MDC). The Los Angeles Consolidated Legal Center provides legal services to several BOP facilities, including MDC, the Federal Correctional Complex in Victoville, California (FCC Victorville), the Federal Correctional Institution in Terminal Island, California (FCI Terminal Island), the Federal Correctional Complex in Lompoc, California (FCC Lompoc) and the Community Corrections Manager's Office (CCM) in Long Beach, California.

2. My duties as Supervisory Attorney include general-case management and preparation, and assistance to the United States Attorney's Office. I am providing this declaration in response to the Court's order of September 11, 2006 regarding the provision of certain software to Gary Joe Littrell, one of the defendants in United States v. Mills, et al., Case No. CR 02-938 GHK who is housed at the Federal Correctional Institution at Terminal Island.

3. Attached hereto as Exhibit A is an *altered* version of this Court's September 11, 2005 Order. I altered this document using the same computer program (Adobe Acrobat Standard Edition 7.0) that inmate Littrell has requested be installed on his computer. For security purposes, I will not provide any details regarding how I accomplished the alteration to the second page of this document. However, from start to finish, it took me approximately 15 minutes to alter the document, which includes experimentation to ensure that it was as unobtrusive as possible.

1

1  If called upon, I can provide the Court with further details in
2  camera of how I altered this document.
3      I declare under penalty of perjury that the foregoing is true
4  and correct.
5      Executed this 22nd of September, 2006 at Los Angeles,
6  California.

Eliezer Ben-Shmuel
Supervisory Attorney
Consolidated Legal Center,
Los Angeles

# EXHIBIT A

ORIGINAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES - GENERAL

cc: USPO
BOP
PSALA

| Priority | |
|---|---|
| Send | ✓ |
| Enter | |
| Closed | |
| JS-5/JS-6 | |
| JS-2/JS-3 | |
| Scan Only | |

Case No.  CR 02-938 (A) GHK                               Date  September 8, 2006

Present: The Honorable  George H. King, United States District Judge

Interpreter

| Beatrice Herrera | Not Reported | Stephen Wolfe |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder, Tape No. | Assistant U.S. Attorney |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Gary Joe Littrell | NO | X | | Christopher C. Chaney; David Kaloyanides | NO | X | |

Proceedings:  Order re: (1) Motion to Compel Federal Correctional Institute at Terminal Island to Render Medical Care to Gary Joe Littrell and to Provide Adequate Conditions of Confinement; (2) Ex Parte Application of Defendant for Orders Re-Availability of Discovery at Prison Facility

DOCKETED ON CM
SEP 11 2006

**I. Conditions of Confinement**

On July 7, 2006, Mr. Littrell filed a motion seeking, inter alia, to compel the Federal Correctional Institute at Terminal Island ("TI") to provide him with adequate conditions of confinement. On August 4, 2006, we ordered the parties to meet and confer in order to discuss this and other issues. The parties did meet and confer on August 11, 2006. For the following reasons, this motion is DENIED as to the request re: conditions of confinement.

Mr. Littrell alleges that conditions at TI are "unbearable" due to "inadequate ventilation and air flow." Mot. to Compel TI to Render Medical Care to G.J. Littrell and to Provide Adeq. Conds. of Confin., 6. Mr. Littrell argues that these conditions violate the Eighth Amendment's prohibition of cruel and unusual punishment. *Id.*

The Court is not a general ombudsman over Mr. Littrell's conditions of confinement. When a court has jurisdiction over a criminal action, it has the inherent power to ensure that the defendant has the "full and fair" trial which he is due, and may address issues impinging this Sixth Amendment right. *See U.S. v. Weston*, 206 F.3d 9 (D.C. Cir. 2000) (holding that because the issue implicated the defendant's "ability to obtain a fair trial as guaranteed under the Sixth Amendment" the issue was properly before the District Court). Here, Mr. Littrell has made no allegation that his conditions of confinement affect his ability to prepare for trial, or in any other way implicate his Sixth Amendment rights. Instead, he has alleged that the conditions violate his Eighth Amendment rights. As such, his remedies, if any, lie elsewhere.

Moreover, Mr. Littrell has made no specific allegations regarding the extent of the problem. For

| CR-11 (09/98) | CRIMINAL MINUTES - GENERAL | Page 1 of 3 |
|---|---|---|

example, Mr. Littrell has not provided details as to the temperature of his cell or the frequency of the problem. His general complaints about ventilation and air flow constitute an inadequate showing of any impairment of his Sixth Amendment rights.

For the foregoing reasons, the motion is DENIED with respect to the conditions of confinement.

## II. Medical Treatment

Mr. Littrell's motion also sought to compel TI officials to provide Mr. Littrell with access to medical care for his Hepatitis C and back problems. Counsel for Mr. Littrell is presently working with TI staff to resolve the problem. Therefore, we do not decide this portion of Mr. Littrell's motion at this time.

## III. Discovery in Prison

Mr. Littrell also filed an ex parte application, on August 3, 2006, for orders relating to the availability of discovery in prison. Specifically, Littrell requested: "(I) that the guards at FCI Terminal Island be precluded from reviewing the substance on any of Mr. Littrell's discovery contained on CD-ROM or DVD disks; (ii) that to the extent there is discovery not stored on digital medium, that Mr. Littrell be permitted to have hard copies I altered this sentence, I altered this sentence, I altered this sentence, I altered this sentence, I altered this current condition; and (iii) that counsel be permitted to exchange discovery and legal documents with Mr. Littrell directly during attorney visits subject only to a cursory inspection of the materials by prison staff for contraband." These issues were resolved by the parties at the meet and confer and are now moot.[1] One issue does remain. TI officials refuse to allow Mr. Littrell to have access to software that would allow him to modify, highlight, or annotate discovery documents, arguing general security risks. The government is ORDERED to describe, in writing and with appropriate declarations under penalty of perjury by TI staff, the specific security risks posed by such software and to adequately address this issue in the context of the test used to determine the reasonableness of prison regulations under *Turner v. Safley* 482 U.S. 78, 89-90 (1987). The government's response shall be filed within ten days of this order.

Also outstanding is a motion to quash Defendant Littrell's subpoena served upon the California Department of Corrections and Rehabilitation. This order does not purport to resolve any issues related to that motion.

---

[1] At the meet and confer, TI officials "informed defendant's counsel that a solution allowing direct exchange of documents during or after legal visits could probably be worked out, and the parties agreed to have further discussion." Govnt's Resp. to Def.'s Applic.'s Re Cond. of Confin. and Availability of Discovery, 6. Mr. Littrell states that "Terminal Island has not informed us of its decision regarding our request for exchange of documents with Mr. Littrell during attorney visits." Def.'s Supplemental Decl. Re Meet and Confer Conf., 4. We assume the parties will be able to resolve this particular issue without court assistance. Mr. Littrell shall inform the Court if the issue remains unresolved.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

SCANNED

**IT IS SO ORDERED.**

Initials of Deputy Clerk _____

CERTIFICATE OF SERVICE

I, **CAREY P. CRONIN**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**REPORT ON SECURITY RISKS PRESENTED BY SOFTWARE ALLOWING DEFENDANT LITTRELL TO MODIFY DOCUMENTS; DECLARATION OF ELIEZER BEN-SHMUEL**

service was:

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

**SEE ATTACHMENT**

This Certificate is executed on ___9/25/06___, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

_____
**CAREY P. CRONIN**

**ATTACHMENT**

<u>UNITED STATES v. BARRY BYRON MILLS, et al.</u>
<u>No. CR 02-938-GHK</u>

Christopher Chaney
1055 East Colorado Boulevard, Suite 310
Pasadena, CA 91106

David J.P. Kaloyanides
One Wilshire Building
624 South Grand Ave., Suite 220
Los Angeles, CA 90017