

Christopher C. Chaney SBN 85114
1055 East Colorado Blvd., Suite 310
Pasadena, CA 91106
Tel: (626) 577-5005
Fax (626) 397-9707
Email: ccchaney@pacbell.net

David J.P. Kaloyanides SBN 160368
One Wilshire Building
624 South Grand Ave., Suite 2200
Los Angeles, CA 90017-3323
Tel: (213) 623-8120
Fax: (213) 402-6292
Email: djpk.aplc@mac.com

Attorneys for Defendant
Gary Joe Littrell

FILED
2006 OCT 12 PM 4:11
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>GARY JOE LITTRELL,<br>Defendant. | Case No.: CR 02-0938(A) GHK<br><br>NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF EX PARTE APPLICATION RELATING TO COMPUTER SOFTWARE<br><br>Hearing Date: November 6, 2006<br>Time: 3:30 p.m.<br>Courtroom: 650 Roybal<br>Hon. George H. King |

TO THE UNITED STATES ATTORNEY DEBRA WONG YANG AND HER REPRESENTATIVE:

PLEASE TAKE NOTICE THAT Defendant Gary Joe Littrell hereby moves this Court to reconsider its prior ruling on Defendant's ex parte application relating



DOCKETED ON CM
OCT 16 2006
BY 172

3980

to access to discovery, specifically relating to access to computer software that would enable Defendant to review discovery more efficiently. The hearing this Motion is set for November 6, 2006, at 3:30 p.m., or at such other time and date as may be convenient for the Court.

This motion is based on the apparent failure by the government to alert the Court of the absence of a material fact that is the cornerstone to the government's argument: without some means of moving or copying the documents from Mr. Littrell's computer to another medium (i.e. printing or saving to disk), there is no means by which to pass such documents to anyone. The computer provided to Mr. Littrell has no access to a printer and no means by which to save files to disk. The security risk that the government asserts is the basis for the denial of access to the requested software only arises if Mr. Littrell has some means of transmitting or printing files from his computer. Mr. Littrell has no such means of transmitting or printing files. The failure of the government to alert the Court to this material fact prevented the Court from considering all relevant facts in making its decision.

This motion is based on this notice and motion, the accompanying memorandum of points and authorities, the declaration of counsel in support, the papers and pleadings in the Court's file, and such other evidence and argument that may be presented at the hearing on this motion, and such other matters of which the Court may take judicial notice.

Respectfully submitted,

Dated: October 12, 2006

David J.P. Kaloyanides
Attorney for Defendant
Gary Joe Littrell

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION.

Because the government failed to inform the Court of a salient fact relating to the Bureau of Prison's security concerns, the Court's order denying Mr. Littrell access to the requested software manifestly failed to consider all relevant facts necessary to the determination of this issue. Accordingly, Mr. Littrell respectfully requests the Court to reconsider its ruling in light of all the material facts.

II. STATEMENT OF FACTS.

On August 3, 2006, Mr. Littrell filed an ex parte application relating to the availability of discovery at FCI TI. As part of that application, Mr. Littrell requested that he be provided with software that would allow him to review his discovery more efficiently and assist counsel in the preparation of his defense. Specifically, Mr. Littrell requested access to Adobe Acrobat, a program that would permit him to highlight, annotate, and organize the discovery in the case maintained in digital form.

The government objected to this request on the grounds that access to such software presented a great security risk. The Court ordered the government to set forth with specificity the security risks the government alleged were created by providing access to such software. The government set forth its position stating in essence that the software would allow Mr. Littrell to alter documents from his discovery and use the altered documents as a means to communicate with co-defendants and other inmates without detection.

In support of its argument, the government provided a document that Bureau of Prisons counsel, Eliezar Ben-Shmuel, altered using the Adobe Acrobat program.

This document demonstrated the ease with which a document could be manipulated. Or so the government argued. Based on this representation, at least in part, the Court concluded that the government demonstrated that Mr. Littrell's access to the software presented an "unacceptable security risk."

However, what the government failed to indicate was that the only way for such an altered document to pose any security risk is if the document could be transmitted or printed. Mr. Littrell's computer has no access to a printer. Mr. Littrell's computer does not have the ability to copy or move documents of any kind to disk because the computer cannot burn CD-ROMS or DVD-ROMS, and Mr. Littrell has no access to floppy disks to which documents can be copied.

## III. ARGUMENT.

### A. RECONSIDERATION IS APPROPRIATE WHERE THE COURT DID NOT CONSIDER ALL SALIENT FACTS RELEVANT TO THE ISSUE.

It is within the sound discretion of the Court to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir.1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir.1992). But motions for reconsideration are disfavored, are not the place for new arguments not raised initially, *see Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir.1988), and should not be used to ask the court to rethink what it has already thought. *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).

The Local Rules governing motions for reconsideration in this District set forth the same standard for such motions as set forth above. The Local Rules of this District provide that where there is no governing Local Criminal Rule, the Local Civil Rules will govern. See L.R. Crim. 57-1. As there is no Local Criminal

Rule governing motions for reconsideration in criminal proceedings, Local Civil Rule 7-18 governs:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. Civ. 7-18.

When the Court is denied the salient facts because a party fails to fully explain the facts upon which its argument is based, it is tantamount to the Court rendering its decision without considering all material facts germane to the issue.

Here, the government failed to inform the Court of a critical fact: there can be no transmission or printing of any document arguably alterable by the software program Mr. Littrell requests. It is not the alteration of the document that creates the security risk. Rather, it is the transmission of that altered document that is of concern to the government.

By failing to inform the Court of this critical fact, the Court was denied all material information necessary to its decision on this issue. Accordingly,

reconsideration is appropriate.[1]

B. WITHOUT THE ABILITY TO PRINT OR TRANSMIT DOCUMENTS, THE GOVERNMENT'S ASSERTED SECURITY CONCERN DOES NOT EXIST.

It is not the alteration of documents that gives rise to the government's security concerns. By its own admission, it is the transmission of altered documents that creates the risk. The government has already taken the appropriate steps to prevent Mr. Littrell from transmitting any information from his computer. He has no access to a printer. The computer provided to him does not have the ability to burn CD-ROM or DVD-ROM disks. And he has no access to floppy disks to which he might copy files (even if his computer has the appropriate floppy disk drives for such copying). And he cannot share the computer itself with other inmates.

The restriction on allowing Mr. Littrell access to this software is not rationally related to the stated security concern because it is not the software that creates the risk. And the government has already taken steps to address the root of the security concern—preventing Mr. Littrell from being able to transmit information contained on his computer to any other person.

Accordingly, the Court should reconsider its prior ruling in light of this salient fact and grant Mr. Littrell's request.

IV. CONCLUSION.

For the foregoing reasons, Mr. Littrell requests that the Court reconsider it

[1] The defense did not have the opportunity to address the government's failure to inform the Court of this critical issue because the Court ruled on the issue only seven days after the government filed its supplemental position paper.

prior ruling and, based on the foregoing as well as the reasons set forth in his initial application, requests that the Court grant his request and permit him access to the requested software program.

Respectfully submitted,

Dated: October 12, 2006

David J.P. Kaloyanides
Attorney for Defendant
Gary Joe Littrell

DECLARATION OF DAVID J.P. KALOYANIDES

I, David J.P. Kaloyanides, hereby state and declare:

1. I am a member of the Bar of this State, duly licensed to practice law before the courts of this State and before this Court. I am counsel of record for defendant Gary Joe Littrell. I make this declaration in support of Mr. Littrell's motion for reconsideration. I have personal knowledge of the matters stated herein and would so testify if called as a witness.

2. I am generally familiar with personal computers and personal computer systems. I understand the basic hardware capabilities of personal computers and how to determine what those capabilities are. I familiar with both computers that run the Microsoft Windows operating system and Apple Macintosh computers that run on OS systems.

3. I have personally examined the laptop computer provided to Mr. LIttrell by FCI TI. I have examined its system to determine it software and hardware capabilities. Based on my examination of the hardware system profile, it appears that Mr. Littrell's laptop computer does not have a CD-ROM or DVD-ROM "write" drive. It appears that the computer does not have the ability to "burn" CD or DVD-ROM disks. In addition, I do not recall seeing any floppy disk drive installed in the computer.

4. I am informed by Mr. Littrell that he has no access to any printer. I am also informed by Mr. Littrell that he has no access to "writable" disk media, such as floppy disks or RW CD-ROM disks, which are CD-ROM disks that may be written and re-written to allow copying of files from the computer.

5. I have been informed by the government, as well as staff members at FCI TI that all disks sent to Mr. Littrell are inspected for content to ensure that the disks only contain documents in pdf format. Blank disks are not permitted to be sent to Mr. Littrell.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of October, 2006, at Los Angeles, California.

David J.P. Kaloyanides

# PROOF OF SERVICE

I am employed by an active member of the Bar of this State, and who is duly licensed to practice before this Court. My business address is 624 South Grand Avenue, Suite 2200, Los Angeles, California, 90017. I am over the age of 18 years, and I am not a party to this action.

I served the following document(s):

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF EX PARTE APPLICATION RELATING TO COMPUTER SOFTWARE

on

October 12, 2006

on the person(s) identified in the attached service list, using the following method of service:

Steven Wolfe, AUSA
United States Attorney's Office
312 N. Spring Street, 15th Floor
Los Angeles, CA 90012
Email: steve.wolfe@usdoj.gov

[XX] **ELECTRONIC TRANSMISSION** pursuant to the agreement of the parties by facsmile/email transmission to the number/email address indicated above, with a return report indicating that the transmission was completed without error before 5:00 p.m.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of October, 2006, at Pasadena, California.

David J.P. Kaloyanides