Matthew F. Heffron
Fitzgerald, Schorr, Barmettler
& Brennan, PC, LLO
13220 California Street, Suite 400
Omaha, NE 68154-5228
(402) 348-3974

ELLEN M. BARRY (No. 141286)
316 W. Second Street
Suite 1202
Los Angeles, California 90012
Telephone (213) 621-1662
Facsimile (213) 621-1644

Attorney for Defendant
PAMELA J. GRIFFIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) NO. CR 02-938(E)-RGK |
|---|---|
| Plaintiff, | ) NOTICE OF MOTION; MOTION TO |
| v. | ) QUASH SUBPOENA IN A CRIMINAL |
|  | ) CASE; MEMORANDUM OF LAW; |
| JOHN STINSON, et. al. | ) DECARATION OF COUNSEL; |
|  | ) EXHIBIT |
| Defendants | ) |
|  | ) Hearing Date: October 30, 2006 |
|  | ) Hearing Time: 1:30 p.m. |

TO:   UNITED STATES ATTORNEY DEBRA YANG AND ASSISTANT UNITED STATES ATTORNEYS MARK AVEIS:

PLEASE TAKE NOTICE that on October 30, 2006 at 1:30 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Judge R. Gary Klausner, the witness, PAMELA GRIFFIN, will move to quash the SUBPOENA IN A CRIMINAL CASE served upon her.

The grounds for this motion are that Pamela Jo Griffin is entitled to and intends to assert the antimarital facts

privilege in accordance with Trammel v. U.S., and she cannot be compelled to testify against her husband, Defendant Robert Lee Griffin.

Dated: September 28, 2006

                                      MATTHEW F. HEFFRON
                                      Attorney for Witness
                                      PAMELA JO GRIFFIN

## MOTION

The Witness, PAMELA J. GRIFFIN, hereby moves to quash the SUBPOENA IN A CRIMINAL CASE served upon her on the grounds that she is entitled to and intends to assert the anti-marital facts privilege in accordance with Trammel v. U.S. and may not be compelled to testify against her husband, Defendant Robert Lee Griffin.

Dated: September 28, 2006

                                      */s/ Matthew Heffron/ by EB*
                                      MATTHEW F. HEFFRON
                                      Attorney for Witness
                                      PAMELA JO GRIFFIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF THE FACTS

Pamela J. Griffin is currently married to Defendant Robert Lee Griffin. (Affidavit of Pamela J. Griffin, attached as Exhibit A.) She has been married to him for over 21 years. Id. Mrs. Griffin has received a subpoena commanding her to appear and testify in the criminal case, United States of America v. John Stinson, et al., in which her husband, Robert Lee Griffin, is one of the Defendants. Id. The Government's allegations against Robert Lee Griffin and the other Defendants are based on a RICO conspiracy.

The Government is well aware of Mrs. Griffin's intent to invoke the marital privilege. Through counsel, Mrs. Griffin has notified the Assistant United States Attorney that if she is called to testify, she will invoke the anti-marital facts privilege. (Affidavit of Matthew F. Heffron, attached as Exhibit B.)

Mrs. Griffin is an attorney and is senior counsel for a Fortune 500 company. Mrs. Griffin has represented her husband in various legal matters, including successfully having obtained a recent order granting a writ of habeas corpus for his release from the Pelican Bay Special Housing Unit (SHU). Among other things, the Government has indicated it intends to elicit testimony from Mrs. Griffin arising out of her acting as an attorney for Robert Griffin, particularly concerning the Pelican Bay SHU matter.

The subpoena, attached to Exhibit B, was issued August 28*, 2006, although it was not served until September 21, 2006. The subpoena orders Mrs. Griffin to appear for testimony on October 3, 2006.

## ARGUMENT

### I.

### A Court May Quash an Unreasonable Subpoena

On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive. Fed.R.Crim.Pro. 17(c)(2).

### II.

### Mrs. Griffin is Entitled to Invoke the Anti-Marital Facts Privilege.

To determine the scope and application of evidentiary privileges in federal criminal cases, courts must look to federal common law. See Fed.R.Evid. 501.

As the spouse of Defendant Robert Lee Griffin, Pamela Griffin cannot be compelled to testify in his trial. "[T]he witness-spouse . . . may be neither compelled to testify nor foreclosed from testifying." Trammel v. U.S., 445 U.S. 40, 53, 100 S.Ct. 906, 914, 63 L.Ed.2d 186 (1980); see, also, U.S. v. Bolzer, 556 F.2d 948 (9th Cir., 1977); Hawkins v. United States, 358 U.S. 74, 75-76, 79 S.Ct. 136, 3 L.Ed.2d 125 (1958); Bisno v. United States, 299 F.2d 711, 721 (9th Cir., 1961), cert. denied, 370 U.S. 952, 82 S.Ct. 1602, 8 L.Ed.2d 818 (1962). It is the witness-spouse, not

1  the party-spouse, who has the right to invoke the privilege. *Id.*
2  The public policy underlying the anti-marital fact privilege
3  is that it "furthers the important public interest in marital
4  harmony without unduly burdening legitimate law enforcement
5  needs." <u>Trammel</u>, 445 U.S. at 53, 100 S.Ct. at 914. "The basic
6  reason the law has refused to pit wife against husband or husband
7  against wife in a trial where life or liberty is at stake was a
8  belief that such a policy was necessary to foster family peace,
9  not only for the benefit of the husband, wife and children, but
10 for the benefit of the public as well." <u>Hawkins</u>, 358 U.S. at 77,
11 79 S.Ct. at 138.
12 In response to the subpoena served on her, Mrs. Griffin will
13 invoke the anti-marital facts privilege. She cannot be compelled
14 to testify against her husband.

### III.

### <u>Any Testimony by Mrs. Griffin Would be Adverse to Defendant Robert Lee Griffin, Particularly Since a Conspiracy is Charged.</u>

Mrs. Griffin does not know what testimony she could provide that would be relevant to the Government's case. The Government refuses to disclose the relevance, if any, of the testimony it seeks. (Affidavit of Matthew F. Heffron, attached as Exhibit B.) Mrs. Griffin thus is forced to speculate, drawing from indications arising out of the Government's investigation and prosecution of this case.

First, the Government may attempt to show Mrs. Griffin's

testimony about her husband's activities somehow is not adverse to his interests. It is hard to imagine how such testimony, if relevant at all to this case, could not be adverse to her husband's interests. If the Government's interest is simply to authenticate documents, that could be done by agreement, without improperly requiring Mrs. Griffin to take the stand (see Part IV, below). Yet, the Government has indicated the authentication of documents is not its primary reason, and perhaps not even a reason at all, for compelling the testimony of Mrs. Griffin. (Affidavit of Matthew F. Heffron, Exhibit B, ¶ 5.)

Secondly, perhaps the Government's purpose for calling Mrs. Griffin is to exclude her from the courtroom. Mrs. Griffin is a lawyer who has assisted her husband in his legal efforts (see below). She also provides encouragement and support for her husband. Excluding her from the courtroom to gain this advantage would be an abuse (see Part IV, below).

Thirdly, the Government may attempt to argue Mrs. Griffin's testimony could apply solely against Co-defendants in the case other than Mrs. Griffin's husband. Such an argument will not defeat the privilege. Defendant Robert Lee Griffin is charged with a RICO conspiracy under 18 U.S.C. § 1962(d). Mrs. Griffin is not able to give any testimony tending to show Robert Lee Griffin's co-defendants were involved in a conspiracy. Even if she were able, such testimony solely about Co-defendants necessarily also would be adverse to Defendant Robert Griffin's interests.

One of the elements the Government must prove against

Defendant Robert Griffin under § 1962(d) is that a criminal conspiracy existed. Another element is that an overt act occurred in furtherance of the conspiracy. Having proved these elements, presumably with the aid of Mrs. Griffin's testimony, the Government then could attempt to use other witnesses to connect Defendant Robert Griffin to the same conspiracy. *See* In re Grand Jury Matter, 673 F.2d 688, 692 (3rd Cir., 1982) ("[W]hen . . . the Government openly seeks one spouse's testimony concerning the activity of a third party, who is alleged to have engaged in a *common criminal scheme* with a husband and his wife, and the Government thereby hopes also to reach the nonwitness spouse, the testimony sought is sufficiently adverse to the interests of the absent spouse to permit invocation of the privilege against adverse spousal testimony.") (emphasis added).

## IV.

**It is Certainly Improper, and Probably Reversible Error to Call a Defendant's Spouse as a Witness Solely to Invoke the Anti-Marital Facts Privilege in Front of a Jury.**

Since Mrs. Griffin cannot be compelled to testify against her husband, it would be improper to require her to take the stand simply to force her to invoke the anti-marital facts privilege in front of the jury. In Namet v. United States, 373 U.S. 179, 187, 83 S.Ct. 1151, 1155, 10 L.Ed. 278 (1963), the Supreme Court noted that reversible error has been committed by district courts that have allowed such in-court claims of testimonial privileges.

The Ninth Circuit repeatedly has held that it is misconduct for the Government to attempt to induce a jury to draw negative inferences from invocation of the spousal privilege. *See e.g.* United States v. Sanchez, 176 F.3d 1214, 1222-23 (9th Cir., 1999) ("'[t]here is general agreement that it is improper to comment adversely on a defendant's exercise of the marital privilege, or to permit the jury to draw adverse inferences'") (citing United States v. Tsinnijinnie, 601 F.2d 1035, 1039 (9th Cir., 1979)); United States v. Tapia-Lopez, 521 F.2d 582, 584 (9th Cir. 1975) (improper for prosecutor to suggest that testimony of defendant's husband would be favorable for the government where marital privilege invoked); Courtney v. United States, 390 F.2d 521, 528-529 (9th Cir. 1968) (improper for prosecutor to elicit testimony that defendant married to prevent wife from testifying).

Other Circuits also routinely have held that it is error for the Government to call the defendant's spouse as a witness and force the invocation of privilege in the presence of the jury. *See e.g.*, United States v. Chapman, 866 F.2d 1326, 1334 (11th Cir., 1989), *cert. denied*, 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989) ("[A]s a general matter it is improper to permit a witness [spouse] to claim a testimonial privilege in front of the jury where the witness's intention not to testify is known beforehand."); Labbe v. Berman, 621 F.2d 26, 28 (1st Cir., 1980) ("There are situations where a prosecution's questioning of a witness knowing the witness will decline to answer and will assert a privilege may be improper. This may be so when the prosecutor 'makes a conscious and flagrant attempt to build its

case out of inferences arising from [the] use of the testimonial privilege' or where the 'inferences from a witness's refusal to answer [add] critical weight to the prosecution's case in a form not subject to cross-examination and thus unfairly [prejudices] the defendant.'") (citing Namet v. United States, 373 U.S. 179, 186-87, 83 S.Ct. 1151, 1154-55, 10 L.Ed.2d 278 (1963)); United States v. Smith, 591 F.2d 1105, 1110-12 (5th Cir., 1979) (improper for prosecutor to argue that defendant's failure to produce his wife as witness created inference that her testimony would be unfavorable); Melton v. United States, 398 F.2d 321, 322 (10th Cir., 1968) ("The prosecution should not call a witness in the presence of the jury when it knows and concedes that the witness will invoke a valid marital privilege."); San Fratello v. United States, 343 F.2d 711 (5th Cir., 1965) ("It is difficult to envision any justification for ever calling a spouse of any accused to testify against him when he is objecting to it; but any genuine doubt about the availability of such testimony to the prosecution can always be settled by a preliminary interrogation of the witness under oath in the absence of the jury . . . courts have always frowned on the practice of compelling a spouse of an accused to claim testimonial privilege in the presence of the jury.").

Thus, it would be improper for the Government to subpoena Mrs. Griffin simply to force her to invoke the anti-marital facts privilege in front of the jury.

V.

### Any Confidential Communications Regarding Mrs. Griffin's Legal Representation of Robert Lee Griffin are Protected by the Attorney-Client Privilege as Well.

Mrs. Griffin is an attorney and is senior counsel for a Fortune 500 company. Mrs. Griffin has represented her husband in various legal matters, including successfully having obtained a recent order granting a writ of habeas corpus for his release from the Pelican Bay Special Housing Unit (SHU). Among other things, the Government has indicated it intends to elicit testimony from Mrs. Griffin arising out of her acting as an attorney for Robert Griffin, particularly concerning the Pelican Bay SHU matter.

To the extent the Government may wish to question Mrs. Griffin regarding her representation of Robert Griffin, such information is protected by the attorney-client privilege, in addition to the anti-marital facts privilege.

The Government has indicated it believes her legal representation of her husband affects her marital privilege. It is hard to imagine how Mrs. Griffin could have sacrificed her right to invoke the anti-marital facts privilege by serving as Robert Lee Griffin's attorney. Research has uncovered no cases in which a court has recognized an exception to the anti-marital facts privilege because the witness spouse served as the defendant spouse's attorney. Whether or not she has acted as Defendant Robert Griffin's attorney, she remains his wife.

## Conclusion

Mrs. Griffin is entitled to claim the anti-marital facts privilege and refuse to testify against her husband. The Assistant United States Attorney has been notified of Mrs. Griffin's intent to invoke the anti-marital facts privilege, so the Government may not call Mrs. Griffin to invoke the spousal privilege in front of the jury. Thus, the subpoena requiring her to testify on October 3, 2006 in the case of *United States of America v. John Stinson, et al.* should be quashed.

Dated: September 28, 2006

Respectfully submitted,

*/s/ Matthew F. Heffron/*

MATTHEW F. HEFFRON
Fitzgerald, Schorr, Barmettler
& Brennan, P.C., L.L.O.
13220 California St., Suite 400
Omaha, NE 68154-5228
(402) 348-3974
Attorney for Witness
PAMELA J. GRIFFIN

## PROOF OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served upon the following by regular United States mail, this 28th day of September, 2006:

Assistant U.S. Attorney Mark Aveis
U.S. Department of Justice
Office of the U.S. Attorney
Organized Crime & Terrorism Section
312 North Spring Street, 15th Floor
Los Angeles, California 90012
(213) 894-2434

*/s/ Matthew F. Heffron/*
Matthew F. Heffron

## DECLARATION OF PAMELA J. GRIFFIN

Pamela J. Griffin hereby declares upon penalty of perjury:

1. I married Robert Lee Griffin on July 27, 1985 in Sacramento, California, and have remained married to him continually since that date.

2. I am currently married to Robert Lee Griffin.

3. If I am called to testify in the case of *United States of America v. John Stinson, et al.*, I intend to assert the anti-marital facts privilege against testifying in a case against my husband.

4. I am an attorney licensed to practice in the states of Nebraska and California. Currently, I serve as Senior Counsel for a Fortune 500 company.

5. I have represented Robert Lee Griffin on various legal matters.

Executed in Omaha, Nebraska on September 28, 2006.

_____
PAMELA J. GRIFFIN

SUBSCRIBED AND SWORN to before me this 28th day of September, 2006.



_____
Notary Public



EXHIBIT A

## DECLARATION OF MATTHEW F. HEFFRON

1. I am an attorney licensed to practice in the states of Nebraska, Iowa, Montana and Arizona and in the Eighth and Ninth Circuit Courts of Appeal. I have applied to be admitted *pro hac vice* in regard to this subpoena.

2. Pamela J. Griffin hired me in to represent her in connection with her involvement in the matter before this Court.

3. Mrs. Griffin contact me on September 21, 2006, after being informed by an agent of the Bureau of Alcohol, Tobacco and Firearms that he wished to serve her with a subpoena to testify in Los Angeles on October 3, 2006. I contacted the ATF agent and accepted the subpoena on behalf of Mrs. Griffin, which is attached to this Declaration.

4. On Saturday, September 23, 2006, I contacted the Government's counsel, Assistant United States Attorney Mark Aveis, and advised him that Mrs. Griffin was married to Robert Lee Griffin and, if called to testify, she would assert the anti-marital facts privilege.

5. On that date, I asked AUSA Aveis about the purported relevance of Mrs. Griffin's testimony. AUSA Aveis stated at least part of Mrs. Griffin's testimony would involve her efforts as an attorney to get her husband released from the Pelican Bay Special Housing Unit (SHU). He refused to elaborate any further. He stated, however, that Mrs. Griffin's testimony



EXHIBIT B

would relate to more than authenticating documents. However, he refused to state what else she would be asked.

Executed in Omaha, Nebraska on September 28, 2006.

_____
MATTHEW F. HEFFRON

SUBSCRIBED AND SWORN to before me this 28 day of September, 2006.

[GENERAL NOTARY - State of Nebraska
DIANNE L. ROSENTHAL
My Comm. Exp. Dec. 24, 2008]

_____
Notary Public

AO 89 (Rev. 11/91) Subpoena in a Criminal Case

# United States District Court

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SUBPOENA IN A CRIMINAL CASE |
|---|---|
| Plaintiff, | |
| v. | CASE NUMBER: |
| JOHN STINSON, et al., | CR 02-938(E)-RGK |
| Defendants. | |

TO: PAMELA JO GRIFFIN

YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE<br>United States Courthouse, Roybal Federal Building<br>255 E. Temple St., 8th Floor<br>Los Angeles, California 90012 | COURTROOM<br>Honorable R. Gary Klausner |
|---|---|
| | DATE AND TIME<br>October 3, 2006<br>8:30 a.m. |

U.S. MAGISTRATE JUDGE OR CLERK OF COURT
SHERRI R. CARTER
CLERK OF COURT

(BY) DEPUTY CLERK

DATE: August 28, 2006

| ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER<br>Assistant U.S. Attorney Mark Aveis<br>U.S. Department of Justice<br>Office of the U.S. Attorney<br>Organized Crime & Terrorism Section<br>312 North Spring Street, 15th Floor<br>Los Angeles, California 90012<br>(213) 894-2434 | CASE AGENT'S NAME AND PHONE NUMBER<br>Michael Halualani<br>Special Agent<br>U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives<br>Los Angeles Field Division<br>(213) 534-1055 |

CR-21 (06/96) SUBPOENA IN A CRIMINAL CASE

## PROOF OF SERVICE

I, the undersigned, declare that I am a resident or employed in Los Angeles County, California; that my business address is 316 W. Second Street, Suite 1202, Los Angeles, CA 90012; I am over the age of eighteen years; that I am not a party to the above-entitled action; that I am employed by a member of the Bar of the United States District Court for the Central District of California, and I served the attached

NOTICE OF MOTION; MOTION TO QUASH SUBPOENA IN A CRIMINAL CASE; MEMORANDUM OF LAW; DECARATION OF COUNSEL; EXHIBIT

Service was:

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] By hand-delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[x] By email attachment as follows:
markaveis@usdoj.gov

AUSA Mark Aveis
United States Attorneys Office
312 N. Spring Street
Los Angeles, CA 90012

This proof of service is executed at Los Angeles, California on October 19, 2006

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
ELLEN M. BARRY