1  JOHN COTSIRILOS
   CSB No. 68789
2  2442 Fourth Avenue
   San Diego, CA 92101
3  (619) 232-6022
   Fax (619) 232-6052
4
5  KNUT S. JOHNSON (CSB 125725)
   1010 Second Avenue, Suite 1850
6  San Diego, CA 92101
   (619) 232-6022
7  Fax (619) 232-6052

8  Attorneys for Defendant
   DAVID ALLEN CHANCE

UNITED STATES DISTRICT COURT

CENTRAL CALIFORNIA DISTRICT COURT

(Honorable R. Gary Klausner)

| UNITED STATES OF AMERICA, | ) | Criminal Case No. CR02-938-RGK |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NOTICE OF MOTION AND MOTION RE MEMORANDUM OF LAW REGARDING JURY SELECTION |
| DAVID ALLEN CHANCE, et al., | ) | |
| Defendant. | ) | |

At the October 18, 2006, status conference this court outlined the approach to jury selection in relationship to death qualifying the prospective jurors it intends to utilize. The court contemplates placing the jurors into one of four categories for analysis, with only the fourth category of jurors qualifying for service in general voir dire (see Reporter's Transcript, 10-18-06, page 15). The third category that the court discussed is a category of people not against the death

1

ORIGINAL



penalty, who nevertheless have difficulty "looking somebody in the eye and saying I'm going to execute." It is regarding this third category of people that this memorandum is filed. Counsel are concerned that the manner in which the court poses questions to this hypothetical third category of individuals, may miscommunicate the law regarding a penalty decision in a capital case.

As the court is aware, the improper exclusion of a life-prone juror under <u>Wainwright v.Witt</u>, 1985 496 U.S. 412, is reversible per se. See, <u>Gray v. Mississippi</u> (1987) 481 U.S. 648, 666-668. Therefore, the erroneous exclusion of a prospective juror because of their views regarding the death penalty is an area of some sensitivity, in determining how to appropriately question prospective jurors.

The death penalty is never mandatory in the United States. See, <u>Mills v. Maryland</u>, (1988) 486 U.S. 397; <u>McCoy v. North Carolina</u>, (1990) 494 U.S. at 442-3, and <u>Woodson v. North Carolina</u> (1976) 428 U.S. 280. This basic principle of capital litigation is codified in 18 USC § 3593(e):

> "the jury... shall consider whether the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death."

The law does not have a preference for or against the punishment of death, but leaves it entirely up to the jurors based on the evidence and instructions they will be given. The jurors are further instructed that their decision involves a unique, individualized and moral judgment about whether the death penalty is justified as a punishment for each defendant in a capital case. (See

1  Mills Penalty Instruction No. 5). Further, an accused does not have to present any evidence at a

2  penalty hearing, or present any mitigating evidence. In such a setting, all twelve jurors still must

3  unanimously agree that in the absence of any mitigating evidence, the aggregating factors are

4  themselves sufficient to justify a sentence of death, and that the aggregating factors and the

5  nature of the case alone make death appropriate. (See Mills Penalty Instruction No. 1 and 6).

6        Counsels' concern regarding the court's questioning of the hypothetical category 3

7  individuals, is that the court make clear that an individual's hesitancy to vote death is not

8  inappropriate if the individual morally no longer feels a death sentence is appropriate. There is

9  not a calculus, or formula that a juror will reach that will make a death verdict appropriate and

10 irrevocable should a juror morally reevaluate that position in a given case.

DATED: October 24, 2006                    Respectfully submitted,


                                           JOHN COTSIRILOS
                                           KNUT JOHNSON
                                           Attorneys for David Allen Chance

3