```
 1 | DEBRA WONG YANG
   | United States Attorney
 2 | THOMAS P. O'BRIEN
   | Assistant United States Attorney
 3 | Chief, Criminal Division
   | J. MARK CHILDS (Cal. Bar No. 162684)
 4 | MARK AVEIS (Cal. Bar No. 107881)
   | Assistant United States Attorneys
 5 | Organized Crime and Terrorism Section
   | 1500 United States Courthouse
 6 | 312 North Spring Street
   | Los Angeles, California 90012
 7 | Telephone: (213) 894-4477
   | Facsimile: (213) 894-3713
 8 | Eail: Mark.Aveis@usdoj.gov
   | Attorneys for Plaintiff
 9 | United States of America
```

                    UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 02-938(E)-RGK |
|---|---|---|
| Plaintiff, | ) | <u>GOVERNMENT'S OPPOSITION TO DEFENDANT STINSON'S MOTIONS IN LIMINE RE GOVERNMENT'S EXHIBITS 2A, 2B, 3A, AND 3B; MEMORANDUM OF POINTS AND AUTHORITIES</u> |
| v. | ) | |
| JOHN STINSON, et al., | ) | |
| Defendants. | ) | Date: November 3, 2006<br>Time: 1:30 p.m. |

   Plaintiff United States of America hereby opposes defendant Stinson's motions in limine to preclude the government from making reference to, during its opening statement, or introducing during trial, government's proposed exhibits 2a, 2b, 3a, and 3b. This opposition is based on the attached memorandum of points and

///
///
///
///
///
///
///

```
 1  authorities, the Court file, and such other evidence as the Court
 2  may consider.
 3  Dated: 11/01/06                    Respectfully submitted,
 4                                     DEBRA WONG YANG
                                       United States Attorney
 5
                                       THOMAS P. O'BRIEN
 6                                     Assistant United States Attorney
                                       Chief, Criminal Division
 7
 8                                     /s/ M Aveis
 9                                     _____
                                       J. MARK CHILDS
                                       MARK AVEIS
10                                     Assistant United States Attorney
                                       Attorneys for Plaintiff
11                                     UNITED STATES OF AMERICA
12
...
28                                     2
```

MEMORANDUM OF POINTS AND AUTHORITIES

I. PROCEDURAL POSTURE

On October 27, 2006, after empanelment of the jury in this case, the Court ordered that defendants file by October 31, 2006 any objections they may have to the government's intent to refer during its opening statement to certain trial exhibits. On October 31, defendant Griffin filed his objection to six (6) such exhibits pursuant to Fed. R. Evid. 403. The government has separately filed its opposition to that motion. On November 1, 2006, defendant Stinson filed the two present motions in limine (referred to below as "Exhibit 2A Motion" or "Exhibit 3A Motion").

II. SUMMARY

By the two present motions, defendant Stinson seeks to do more than preclude the government from merely referring to certain trial exhibits during its opening statement; defendant Stinson seeks to exclude any reference to such exhibits whatsoever at any time. Defendant Stinson's sole ground for the increased scope of such exclusion is the same. Namely, the subject exhibits should be excluded under Fed. R. Evid. 403 as more prejudicial than probative because the subject exhibits will "[induce a] decision on a purely emotional basis," and would "merely [waste] time." Exhibit 2A Motion, 2:10-14.[1]

---

[1] Defendant's statement appears to be drawn verbatim from the Advisory Committee on Rules. ("These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme. Situations in this

3

The government agrees with defendant that the subject evidence "is of unquestioned relevance." Exhibit 2A Motion, 2:9-10. The government otherwise disagrees with defendant because defendant has altogether failed to carry his burden of showing how or why reference to or introduction of the subject evidence would induce <u>any</u> negative emotion or would waste any time such that the prejudice substantially outweighs the probative value under Rule 403. If anything, defendant's motions merely point out that the Court's decision regarding the subject evidence goes to its weight, not its admissibility.

III. FACTS

A.  <u>Exhibits 2A and 2B</u>

Exhibit 2A is a photocopy of a single-page typewritten document which the government has called the "AB manifesto." Exhibit 2B is the government's typewritten version of Exhibit 2A, which the government has prepared as an aid to the jury's understanding of Exhibit 2A.[2] As defendant has stated, Exhibit 2A was "drafted" around 1993 and its creation was witnessed by

---

area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission.") Defendant's statement, however, omitted reference to the Ninth Circuit's rule that "Rule 403 is 'an extraordinary remedy to be used sparingly' and 'the danger of prejudice must not merely outweigh the probative value of the evidence, but must substantially outweigh it'," citing <u>United States v. Mende</u>, 43 F.3d 1298 (9th Cir. 1995).

[2] The government intends to introduce Exhibit 2B as a separate piece of evidence, as the Court has discretion to permit the receipt into evidence of aids such as transcripts. Alternatively, the Court has discretion to permit use of the aid, but not its actual receipt into evidence.

4

1  former AB member and government cooperator Glen West, who
2  testified to such effect in the related trial before Judge
3  Carter. Exhibit 2A Motion, 4:8-11, defendant's exhibit 4. West
4  is expected to testify in the present case to provide the same
5  foundation for authentication and admissibility of Exhibit 2A
6  that was accepted by Judge Carter.
7       As defendant has correctly stated, Exhibit 2A is of
8  "unquestioned relevance" to proof of the existence of the AB as a
9  racketeering enterprise. Exhibit 2A Motion, 2:5-6. The Court is
10 well aware that the indictment charges and the government intends
11 to prove among other things that the Aryan Brotherhood was an
12 organized criminal enterprise that included a hierarchy called
13 the "commission;" that the AB conducted illegal activities inside
14 and outside of prison; that the AB had ranks for its members;
15 that the AB had a membership protocol; and that the AB required
16 the pledge of one's complete loyalty for life. <u>See also</u>,
17 Indictment, ¶¶ 14,15 (purposes and means/methods of the AB
18 enterprise).
19      Exhibit 2A, found as defendant has stated in AB member David
20 Sahakian's cell and witnessed at its creation by AB member West,
21 more than proves the existence of the AB as a racketeering
22 enterprise as well as each of the government's assertions. The
23 indictment virtually tracks the language of Exhibit 2A. For
24 example, Exhibit 2A states:
25     "The Commission has collectively arrived at some major
26     decisions . . ."

>"Our vision of this criminal organization encompasses the following:-STRUCTURE- Commission, Council, Business Men and Enforcers."
>
>"Our primary goal is to transform us from a dysfunctional prison gang into a viable and productive criminal organization inside prison and out on the streets (functioning on the streets is our paramount objective)."
>
>"At each prison and on the streets the Commission will delegate one person to be in charge of the overall management and affairs of the organization, that one is directly answerable to the Commission."
>
>"No new fella can become a Brother except through an administered oath by someone on the Commission or Council."
>
>"We have shortened the oath to simply: The A.B. asks for your mind, heart, and life, do you give us that?"
>
>"We <u>ALL</u> are strong, independent individuals but the <u>will</u> of the <u>WHOLE</u> must be imposed and preserved over the will or personal interest of the individual."

See Exhibits 2A, 2B.

B.  <u>Exhibits 3A and 3B</u>

Exhibit 3A is a photocopy of an eight-line handwritten "kite," or surreptitious prison note exchanged between prisoners. Exhibit 3B is the government's typewritten aid to the jury's understanding of Exhibit 3A.  As defendant has stated, the

6

original of Exhibit 3A was found in AB defendant David Sahakian's cell during the same search that yielded Exhibit 2A. Exhibit 3A Motion, 2:4-7.

Exhibit 3A proves a link between the federal and state AB factions, as alleged in the indictment. Indictment, ¶¶ 4, 1-12. Exhibit 3A simply states:

> "Program is a major change and we do not mean to suggest that we possess all the absolute answers at this moment, so it may be necessary to make changes as the need reveals itself; but, we do absolutely believe that this is a move in the right direction and that is will be much more productive, so we respectfully ask that you each embrace this and assist us in bringing it about. <u>CA has already move /sic/ in this direction</u>. We would like to hear from you each whether you personally can and are willing to get behind this program 100%."

Exhibits 3A, 3B (emphasis added).

Again, as defendant has correctly stated, Exhibit 3A will be used to show that the California "State AB and the Federal AB are one Aryan Brotherhood." Exhibit 3A Motion, 2:9-10.

The government submits that the single, emphasized line in Exhibit 3A alone establishes that the two factions of the AB, in the California and federal prison systems, communicated and were intended to be in "sync" with each other in hierarchy, rules, and operation of the AB as a criminal enterprise.

7

1  Thus, the relevancy of the subject exhibits has not only
2  been conceded by defendant, it is objectively clear.
3  III. ARGUMENT
4  Rule 403 states that:
5  Although relevant, evidence may be excluded if its
6  probative value is <u>substantially</u> outweighed by the
7  danger of unfair prejudice, confusion of the issues, or
8  misleading the jury, or by considerations of undue
9  delay, waste of time, or needless presentation of
10  cumulative evidence.  (Emphasis added.)
11  Of course, the exclusion of evidence under Rule 403 is an
12  extraordinary remedy that is to be invoked only sparingly.  <u>See,</u>
13  <u>e.g.</u>, <u>United States . Thevis</u>, 665 F.2d 616 (5th Cir. 1982);
14  <u>United States v. Betancourt</u>, 734 F.2d 750 (11th Cir. 1984).  "In
15  determining whether 'the probative value is substantially
16  outweighed by the danger of Unfair prejudice' it is a sound rule
17  that the balance should generally be struck in favor of admission
18  when the evidence indicates a close relationship to the offense
19  charged."  <u>United States v. Day</u>, 591 F.2d 861, 878 (D.C. Cir.
20  1978).
21  Here, Exhibit 2A unequivocally proves, in a mere single
22  page, nearly every allegation of the indictment regarding the
23  existence, rules, membership criteria, and plan of the Aryan
24  Brotherhood.  It will probably take the jury all of about five
25  minutes to read Exhibit 2A.  Likewise, Exhibit 3A, all of about
26  eight lines of text, establishes the link between the state and
27
28

federal AB factions by showing that Exhibit 2A was sent out to members for approval with the indication that the state ("CA") faction had already organized in the same manner.

To show all the more that defendant's argument about "emotional" negatively is without merit, the subject evidence stands in stark contrast to other pieces of evidence, such as, for example, photos of murder victims or crime scenes which are normally admissible to prove elements of offenses, victim identity, or witness corroboration notwithstanding a "gore" factor. Thus, defendant has not shown and cannot show that the trier of fact will have an unreasonable "emotional" reaction such that Rule 403 should be invoked, nor has defendant shown, and cannot show, that it will "waste time" for the jury to indulge the government's case for the collective six minutes it might take to read these Exhibits.

Defendant's sole case authority for the motions is not at all on point. Defendant cited United States v. Sandoval, 200 F.3d 659 (9th Cir. 2000) for the proposition that Rule 403 would preclude evidence of a conspiracy. In Sandoval, however, the sole issue before the court was whether the trial court erred in denying a motion to suppress where agents had entered defendant's tent without a search warrant. Id., at 660.

In summary, defendant has not carried, and cannot carry, his burden of showing in any way that the probative value of the subject evidence is substantially outweighed by any danger described in Rule 403, much less outweighed at all.

Finally, defendant has argued that the court should exclude Exhibit 2A because defendant claims there is no evidence that Exhibit 2A was either drafted by a present defendant or that a present defendant was "aware or adopted the content of" Exhibit 2A. Motion, 3:20-24. Defendant's application of Rule 403 to this contention is completely without merit. Rule 403 is simply not the appropriate means to preclude or exclude evidence lacking in foundation or weight. The Advisory Committee on Rules, relating to Rule 403, specifically states that:

> "Credibility questions are for the factfinder: <u>The Trial Judge may not invoke Rule 403 to exclude evidence merely because he or she finds it unbelievable</u>. Rather, the Trial Judge must assess the probative value of the evidence if believed by the jury, and balance that against the risk of prejudice, confusion and delay. (Emphasis added.)

Moreover, the government will introduce substantial evidence for the foundation and authenticity of Exhibits 2A and 3A, as the government did in the Santa Ana case before Judge Carter where the court admitted each exhibit. The government will call, again, Glen West, who will testify that he saw Exhibit 2A being drafted. The government will call ATF Special Agent Josh Knapp, BOP CO Byron Tolson, and Special Master Julie Fox Blackshaw, each of whom testified before Judge Carter, to lay the foundation for finding the exhibits pursuant to a search warrant of AB member Sahakian's cell and the authenticity and receipt of Exhibits 2A

10

1 | and 3A, on the basis of which Judge Carter received those
2 | exhibits in evidence.
3 | IV.  CONCLUSION
4 |     For the reasons stated herein, there is no basis on which
5 | the Court could preclude reference to or admissibility of the
6 | subject Exhibits under Rule 403, if ever.  Accordingly, the
7 | motions should be denied.

CERTIFICATE OF SERVICE

I, **RAQUEL GARCIA**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**GOVERNMENT'S OPPOSITION TO DEFENDANT STINSON'S MOTIONS IN LIMINE RE GOVERNMENT'S EXHIBITS 2A, 2B, 3A, AND 3B; MEMORANDUM OF POINTS AND AUTHORITIES**

service was:

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

[X] By e-mail address as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

This Certificate is executed on November 2, 2006, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

RAQUEL GARCIA

U.S. v. ROBERT LEE GRIFFIN, ET AL.,
CR NO. 02-938-RGK

Joseph F. Walsh, Esq. (ROBERT GRIFFIN)
316 West Second Street, Suite 1200
Los Angeles, CA 90012
Email: Attyjoewalsh@aol.com
t-213-627-1793
f-213-789-4700

Michael M. Crain, Esq. (ROBERT GRIFFIN)
P.O. Box 3730
Santa Monica, CA 90408
Email: Michaelmcrain@aol.com
t-310-571-3324
f-310-626-9983

Knut Johnson, Esq. (DAVID CHANCE)
1010 Second Avenue, Suite 1850
San Diego, CA 92101
Email: knut@knutjohnson.com
t-619-232-7080
c-619-602-0277
f-619-232-7324

John Cotsirilos, Esq. (DAVID CHANCE)
2442 Fourth Avenue
San Diego, CA 92101
Email: Mccabeatty@aol.com
t-619-232-6022
c-619-316-9188
f-619-232-6052

Paul Potter, Esq. (JOHN STINSON)
Potter, Cohen & Samulon
3852 East Colorado Blvd.
Pasadena, CA 91107.
Email: pepsquire@earthlink.net
t-626-795-0681

Terrence Bennett, Esq. (JOHN STINSON)
P.O. Box 709                    **Regular Mail**
Pasadena, CA 91102-0709
Email: benedictus@earthlink.net
t-626-798-6675

Kenneth Alan Reed (JOHN STINSON)
404 West Fourth St., Suite C
Santa Ana, CA 92701
KAR crimlaw@bcglobal.net
t-825-953-7400
f-714-953-7414
c-714-423-9947