1   Christopher C. Chaney SBN 85114
2   1055 East Colorado Blvd., Suite 310
    Pasadena, CA 91106
3   Tel: (626) 577-5005
    Fax (626) 397-9707
4   Email: ccchaney@pacbell.net

5   David J.P. Kaloyanides  SBN 160368
    One Wilshire Building
6   624 South Grand Ave., Suite 2200
    Los Angeles, CA 90017-3323
7   Tel: (213) 623-8120
    Fax: (213) 402-6292
8   Email: djpk.aplc@mac.com

    Attorneys for Defendant
9   Gary Joe Littrell

10

11              UNITED STATES DISTRICT COURT

12       FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                  SOUTHERN DIVISION

14   UNITED STATES OF AMERICA,    )   Case No.: SA CR 02-0938(A) CJC
                                  )
15              Plaintiff,        )
                                  )   Hearing Date:   November 20, 2006
16        vs.                     )   Time:           9:00 a.m.
                                  )   Courtroom:      9B
17   GARY JOE LITTRELL,           )         Honorable Cormac J. Carney
                                  )
18              Defendant.        )
                                  )
19   _____  )

20

21          MEMORANDUM OF POINTS AND AUTHORITIES

22            IN SUPPORT OF MOTION TO SEVER

23

24

25

26                        Motion to Sever

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................... ii

I.    INTRODUCTION............................................................................1

II.    STATEMENT OF FACTS................................................................... 2

            1.    Procedural Posture........................................................... 2

            2.    Nature of the Allegations. ...................................2

III.    ARGUMENT................................................................................ 4

A. THE COURT SHOULD ORDER THAT MR. LITTRELL BE TRIED SEPARATELY FROM MR. TERFLINGER BECAUSE A JOINT TRIAL WILL SUBSTANTIALLY PREJUDICE MR. LITTRELL ................................................................4

      1. There Is No Logical Relationship Between Mr. Littrell's Charged Offense Conduct and that of Mr. Terflinger. .........4

      2. Joinder of Mr. Littrell with Mr. Terflinger will result in actual prejudice to Mr. Littrell. ........................................... 8

B. MR. LITTRELL SHOULD BE SEVERED FOR TRIAL IN ORDER TO PRESERVE HIS RIGHT TO A SPEEDY TRIAL. ................10

IV.    CONCLUSION. ...........................................................................12

Memorandum of Points and Authorities In Support of Motion to Sever

## TABLE OF AUTHORITIES

Cases

*Barker v. Wingo*, 407 U.S. 514,
92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) ..............................................10

*Doggett v. United States*, 505 U.S. 647,
112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) .........................................10

*United States v. Adams*, 581 F.2d 193 (9th Cir. 1978) ........................ 5

*United States v. Golb*, 69 F.3d 1417 (9th Cir. 1995) ...........................6

*United States v. Harris*, 458 F.2d 670 (5th Cir. 1972) .........................9

*United States v. Lane*, 474 U.S. 438,
106 S.Ct. 725, 88 L.Ed.2d 814 (1986) ..............................................8

*United States v. Martin*, 567 F.2d 849 (9th Cir. 1977) .........................5

*United States v. Messer*, 197 F.3d 330 (9th Cir. 1999) .........................10

*United States v. Patterson*, 819 F.2d 1495 (9th Cir. 1987) ....................6

*United States v. Rasheed*, 663 F.2d 843 (9th Cir.1981) ........................8

*United States v. Sarkisian*, 197 F.3d 966 (9th Cir. 1999) ....................5, 6

*United States v. Satterfield*, 548 F.2d 1341, 1346 (9th Cir. 1977) .........8, 9

*United States v. Vasquez-Velasco*, 15 F.3d 833 (9th Cir. 1994) ............5, 7

Statutes and Rules

Fed. R. Crim. Proc. 8(b) .............................................................5

Fed. R. Crim. P. 14(a) ...............................................................8

Memorandum of Points and Authorities In Support of Motion to Sever

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION

Defendant Gary Joe Littrell has been improperly joined for the purposes of
trial with defendant Richard Lloyd Terflinger.  There is no logical nexus between
the charged conduct alleged against Mr. Littrell in this case and that alleged against
Mr. Terflinger.  While Mr. Littrell's charged conduct is limited in this case, the
allegations of Mr. Terflinger's conduct are extensive.  The allegations, and
therefore the evidence, relating to Mr. Terflinger have nothing to do with Mr.
Littrell, have no relevance to the charged conduct against Mr. Littrell, and would
otherwise be inadmissible against Mr. Littrell.

This improper joinder will result in actual prejudice to Mr. Littrell.  Because
of the lack of any logical nexus between the charges against Mr. Littrell and Mr.
Terflinger, a joint trial will expose Mr. Littrell to the danger of a "spill-over" effect.
Because Mr. Littrell is not alleged to have participated in any of the conduct
charged against Mr. Terflinger, and Mr. Terflinger is alleged to have participated
only tangentially in the conduct charged against Mr. Littrell, there is a real risk that
Mr. Littrell will be found guilty merely by association.

Finally, as Mr. Terflinger will be seeking a continuance of the trial date, Mr.
Littrell's speedy trial rights are at odds with Mr. Terflinger's need to adequately
prepare his defense.

For these reasons, the Court should sever Mr. Littrell from Mr. Terflinger for
the purposes of trial in this case.

## II.    STATEMENT OF FACTS

### 1.  Procedural Posture.

Until recently, Mr. Littrell had not been joined with any defendant for the purpose of trial in this case.  While all forty defendants charged in the indictment were "joined" for the purpose of the case, the defendants have been grouped for the purpose of trial in small, sub-groups.  Until the Court's order of October 13, 2006, Mr. Littrell's trial date had not yet been set.

Mr. Terflinger had originally been grouped with co-defendants Robert Lee Griffin, John William Stinson, and David Allen Chance.[1]  Trial was set before the Honorable R. Gary Klausner as to those four defendants only.  Trial was set for October 3, 2006.[2]  On June 27, 2006, Mr. Terflinger filed an Ex Parte Application to Continue Trial, which was denied.  On August 9, 2006, Mr. Terflinger filed an Ex Parte Application to Reconsider the earlier application. Judge Klausner severed Mr. Terflinger from his trial group and transferred the case back to the Honorable George H. King.[3]  On August 29, 2006, Judge King granted Mr. Terflinger's motion to continue and joined Mr. Terflinger with Mr. Littrell for trial.[4]

### 2.  Nature of the Allegations.

Mr. Littrell is charged in the First Superseding Indictment in counts 2 and 5: violation of 18 U.S.C. §1962(c), racketeering (Count 2); and aiding and abetting in murder in violation of California Penal Code Sections 31 and 187 (Count 5).  Specifically, Mr. Littrell is alleged to have been a member of a criminal enterprise, which the government alleges is the Aryan Brotherhood ("AB").  Mr. Littrell is

[1] *See* Minute Order re Severance and Transfer Hearing, Judge George H. King, July 5, 2005.
[2] *See* Minute Order re Status/Trial Setting Conference, Judge R. Gary Klausner, August 10, 2005.
[3] *See* Minute Order re Defendant Terflinger's Ex Parte Application to Reconsider Application to continue Trial, Judge R. Gary Klausner, August 22, 2006.
[4] *See* Minute Order re Trial Continuance and Joinder, Judge George H. King, August 29, 2006.

1  alleged to have committed a murder in furtherance of that criminal enterprise.[5]

2  Mr. Terflinger is charged in the First Superseding Indictment in counts 2, 4

3  and 5: violation of 18 U.S.C. §1962(c), racketeering (Count 2); and aiding and

4  abetting in murder in violation of California Penal Code Sections 31 and 187

5  (Counts 4 and 5).

6  Mr. Littrell is alleged to have engaged in two specific acts:  the murder of

7  Aaron Marsh and sending a letter through the United States Postal Service

8  instructing an alleged AB associate, Cleta Baker, to follow only his orders in

9  matters relating to the AB.[6]

10  Mr. Terflinger is alleged to have been far more involved in the AB than Mr.

11  Littrell.  Mr. Terflinger is alleged to have been in a leadership role, purportedly

12  having formed the California Council to govern AB activities of AB factions in

13  California and later being named to the California Commission of the AB.[7]  It is

14  alleged that from 1994 through 2000, Mr. Terflinger had direct control over the

15  management of AB activities in California, disbanded the Council and reformed the

16  Council, decided who would be members of the Council or the Commission, and

17  approved membership into the AB.[8]

18  In addition, Mr. Terflinger, in his alleged leadership capacity, is implicated in

19  seven murders or attempted murders—he is alleged to have participated in the

20  decision to order the murder of Richard Barns, Richard Andreasen, Jimmy Lee

21  Inman (attempted murder), Joel Burkett (attempted murder), Arthur Ruffo, Chris

---

[5] See First Superseding Indictment, Overt Acts 312-313, at 89:8-12.
[6] See First Superseding Indictment, Overt Acts 312-313, at 89:8-12, and Overt Act 368, at 99:27-100:3.
[7] See First Superseding Indictment, Overt Act 6, at 43:24-44:3; Overt Act 11, at 44:21-24.
[8] See First Superseding Indictment, Overt Acts 17-18, at 45:13-20; Overt Acts 39-42, at 48:8-24.

22
23
24
25
26

Cecil, and Aaron Marsh.[9]

Mr. Terflinger is also alleged to have used the United States Postal Service to further the AB enterprise. He is alleged to have mailed a letter to a Charles Roe asking that he and another AB member be transferred to the Orange County Jail as witnesses in a criminal case.[10] Mr. Terflinger is also alleged to have mailed a letter to an AB member at Pelican Bay State Prison instructing that member to prevent any race related violence so that other members at Pelican Bay would be released from segregation.[11] It is alleged further that Mr. Terflinger received a letter from an AB associate who had collected money on behalf of the AB.[12] And finally, it is alleged that Mr. Terflinger used the postal service to send messages to AB associates for instructions and to gather information.[13]

Mr. Terflinger is also charged in substantive counts for aiding and abetting in the murders of Arthur Ruffo (Count 4) and Aaron Marsh (Count 5).

III.    ARGUMENT

   A. THE COURT SHOULD ORDER THAT MR. LITTRELL BE TRIED
   SEPARATELY FROM MR. TERFLINGER BECAUSE A JOINT TRIAL
   WILL SUBSTANTIALLY PREJUDICE MR. LITTRELL.

      1. There Is No Logical Relationship Between Mr. Littrell's Charged
         Offense Conduct and that of Mr. Terflinger.

The government may charge two or more defendants in the same indictment

---

[9] *See* First Superseding Indictment, Overt Acts 54-63, at 50:7-51:24 (Barnes); Overt Acts 75-80, at 53:16-54:11 (Andreasen); Overt Acts 92-100, at 55:25-57:6 (Inman); Overt Acts 101-110, at 57:8-58:19 (Burkett); Overt Acts 135-140, at 62:2-21 (Ruffo); Overt Acts 214-218, at 75:9-76:1 (Cecil); and Overt Acts 309-313, at 88:24-89:12 (Marsh).

[10] *See* First Superseding Indictment, Overt Act 329, at 91:27-92:4.

[11] *See* First Superseding Indictment, Overt Act 363, at 98:23-99:2.

[12] *See* First Superseding Indictment, Overt Act 365, at 99:10-14.

[13] *See* First Superseding Indictment, Overt Act 367, at 99:22-26; and Overt Act 372, at 100:17-23.

1   and try the defendants jointly if "they are alleged to have participated in the same

2   act or transaction, or in the same series of acts or transactions, constituting an

3   offense or offenses." Fed. R. Crim. Proc. 8(b). The purpose of subdivision (b) of

4   Rule 8 was intended to balance need to avoid potential prejudice that may result

5   from joining multiple defendants with need to attain trial efficiency. *United States*

6   *v. Adams*, 581 F.2d 193 (9th Cir. 1978) *cert. denied*, 439 U.S. 1006, denial of

7   habeas corpus affirmed 922 F.2d 845, *cert. denied* 502 U.S. 824, denial of habeas

8   corpus affirmed 988 F.2d 121, dismissal of post-conviction relief affirmed 2 F.3d

9   1157, *cert. denied* 510 U.S. 928; *see also*, *United States v. Martin*, 567 F.2d 849

10   (9th Cir. 1977).

11        Joinder under Rule 8 is improper, however, "unless all offenses arise out of

12   the same series of acts or transactions." *See United States v. Martin*, 567 F.2d 849,

13   853 (9th Cir. 1977).

14        Although joinder under Rule 8(b) is construed liberally and in favor of

15   joinder, *see United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999), there must

16   be a logical relationship between offenses in order for the Court to find that the

17   offenses are part of the same series of acts or transactions under the Rule. *Id.* The

18   Court must consider the depth of the relationship between the events in determining

19   whether the offenses are part of the same series. But mere similarity does not

20   amount to the type of logical relationship between the events justifying joinder. *Id.*

21   at 976. But if a common activity "constitutes a substantial portion of the proof of

22   the joined charges" such a showing might establish the requisite logical

23   relationship. *See United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir.

24   1994).

25

26

In determining if the offense are logically related, the Court should consider whether one criminal activity naturally flows from other, separate criminal conduct. *See Sarkisian, supra*, at 976; *see e.g. United States v. Golb*, 69 F.3d 1417, 1426 (9th Cir. 1995) (laundering of drug proceeds logically related to drug trafficking); *United States v. Patterson*, 819 F.2d 1495, 1501 (9th Cir. 1987)(tax evasion and drug trafficking conspiracy logically related where unreported income consists of the drug trafficking proceeds).

In this case, there is no question that Mr. Littrell's conduct is far removed from that of Mr. Terflinger. Alleged to be a leader of the AB, alleged to have significant influence over the approval of new members, alleged to have directional control over members' activities, Mr. Terflinger's alleged involvement and conduct differs from Mr. Littrell's conduct in substance, degree, and breadth. The only arguable commonality between Mr. Littrell's conduct and that of Mr. Terflinger relates to the murder of Aaron Marsh.

And Mr. Terflinger's alleged role in that murder is limited.

The Indictment alleges that the California Commission, of which Mr. Terflinger was a member, made the decision to kill Aaron Marsh as retribution for Mr. Marsh's alleged failure to follow an order to kill another inmate. It is alleged that Mr. Terflinger was one of the members who sent the message to AB member Brian Healy.[14] It is alleged that this order was passed from Brian Healy to AB member Elliott Scott Grizzle and then to Mr. Littrell.[15] It is alleged that Mr. Littrell killed Aaron Marsh.[16]

---

[14] *See* First Superseding Indictment, Overt Act 309-310, at 88:24-89:4.
[15] *See* First Superseding Indictment, Overt Act 311-312, at 89:2-10.
[16] *See* First Superseding Indictment, Overt Act 313, at 89:11-12.

6

Motion to Sever Points and Authorities

There is no suggestion that Mr. Littrell had any direct contact with Mr. Terflinger regarding Aaron Marsh. There is no allegation that Mr. Littrell had been designated or identified by Mr. Terflinger to carry out the order to kill Aaron Marsh. Other than the allegation that the California Commission made the decision that Aaron Marsh should be killed and that Mr. Terflinger was a member of the Commission, and that Mr. Terflinger passed this instruction to *someone else*, there is no connection, no logical relationship between the conduct of Mr. Terflinger and that of Mr. Littrell. It cannot be said that Mr. Littrell's activity naturally flows from Mr. Terflinger's separate conduct. It is alleged that Mr. Littrell received the instruction to kill Aaron Marsh from someone else, not Mr. Terflinger.

Furthermore, Mr. Terflinger's conduct does not "constitute[] a substantial portion of the proof of the joined charges." *See Vasquez-Velasco, supra*, at 844. It is proof that Mr. Littrell carried out the murder of Aaron Marsh in furtherance of the criminal enterprise conspiracy that is the key proof of the charge. Whether Mr. Terflinger participated in the decision to issue the order to kill Aaron Marsh or even pass that instruction to another person is of little consequence to the charge against Mr. Littrell. It is alleged that Mr. Littrell received the order from another AB member—Elliot Scott Grizzle. Mr. Terflinger's involvement has little affect on the proof of the allegation that Mr. Littrell killed Aaron Marsh in furtherance of the AB criminal enterprise.

Most notably, however, is that Mr. Littrell is not implicated in any of Mr. Terflinger's other conduct. Except for Mr. Terflinger's limited conduct in the Marsh murder, the charges against Mr. Terflinger have nothing to do with Mr. Littrell. The evidence is unrelated to Mr. Littrell. The witnesses are unrelated to

Mr. Littrell.  A joint trial of these two defendants will result in weeks, if not months, of evidence regarding the alleged activities of Mr. Terflinger without any mention of Mr. Littrell.  There is no logical nexus between the conduct charged against Mr. Terflinger and the allegations against Mr. Littrell.

For this reason, Mr. Littrell's trial should be severed from Mr. Terflinger.

2.  Joinder of Mr. Littrell with Mr. Terflinger will result in actual prejudice to Mr. Littrell.

In order to justify severance, the defendant must establish that misjoinder will cause prejudice by affecting substantial rights.  *United States v. Lane*, 474 U.S. 438, 449, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986).  Rule 14(a) provides that if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.  Fed. R. Crim. P. 14(a).

Prejudice may result when one defendant is charged with an offense in which other the defendants did not participate and, similarly, where the other defendants are charged with offenses in which the defendant did not participate.  Under such circumstances, the defendant is exposed to the "high risk of being found guilty merely by association."  *United States v. Satterfield*, 548 F.2d 1341, 1346 (9th Cir. 1977).

The ultimate issue is whether the jurors could follow the court's instructions and appraise the evidence against each defendant separately.  *United States v. Rasheed,* 663 F.2d 843, 854 (9th Cir.1981), *cert. denied,* 454 U.S. 1157 (1982). This may arise either from the complexity or nature of the offenses themselves or

1   the evidence presented by the government to prove those offenses.  In either case, if

2   the jury cannot be reasonably expected to consider and evaluate the evidence

3   separately for each defendant individually on each separate count, the Court should

4   order separate trials. *See United States v. Harris*, 458 F.2d 670, (5th Cir.) cert.

5   denied, 409 U.S. 888 (1972).

6        As set forth above, there is little commonality between Mr. Littrell's charged

7   conduct and that of Mr. Terflinger.  Mr. Littrell is not alleged to have participated

8   in any of the conduct that forms the vast majority of the government's case against

9   Mr. Terflinger.  In a joint trial, Mr. Littrell will likely sit for weeks without any

10  mention of his name, with no evidence presented relating to his charged conduct.

11  The jury will see the two men together while the government presents evidence of

12  six murders without ever suggesting Mr. Littrell's complicity.  The jury will listen

13  to evidence about the command structure and leadership of the AB without ever a

14  suggestion that Mr. Littrell was involved.  The jury will receive weeks of evidence

15  that is completely inadmissible against Mr. Littrell because, at a minimum, it is

16  wholly irrelevant to Mr. Littrell's charged conduct.  The jury cannot be expected to

17  to consider and evaluate the evidence separately for each defendant individually in

18  this type of complex case under these circumstances.

19       In a joint trial as currently constituted, Mr. Littrell will be exposed to the

20  "high risk of being found guilty merely by association" against which the Court in

21  Satterfield warned: a defendant charged with an offense in which other the

22  defendant did not participate and, similarly, where the other defendant is charged

23  with offenses in which the defendant did not participate. *See Satterfield, supra*, at

24  1346.

25

26

9<br>Motion to Sever Points and Authorities

1    In this case, the great disparity in the offense conduct alleged against Mr.

2    Littrell and that alleged against Mr. Terflinger, will greatly prejudice Mr. Littrell by

3    exposing Mr. Littrell to the very real risk of the spill-over effect of the evidence

4    against Mr. Terflinger—a risk that will undermine the fundamental fairness of Mr.

5    Littrell's trial.

6    Accordingly, Mr. Littrell should be tried separately from Mr. Terflinger.

7

8    ### B. MR. LITTRELL SHOULD BE SEVERED FOR TRIAL IN ORDER TO PRESERVE HIS RIGHT TO A SPEEDY TRIAL.

9

10    This case was indicted in 2002—four years ago.  While a complex case that

11    requires substantial preparation time, Mr. Littrell's speedy trial rights will be

12    prejudiced if he has to await trial any longer.  As ordered by the Court on August

13    29, 2006, the parties filed a joint status report regarding their proposed trial dates

14    and trial estimates.  While Mr. Littrell requested a trial date of January 16, 2007,

15    Mr. Terflinger requested a trial date of January 22, 2008.

16    In determining whether a defendant has been deprived of his right to a

17    speedy trial, the Court must consider the circumstances of the case before it.  The

18    Supreme Court has identified four factors that must be considered:  length of delay,

19    the reason for the delay, the defendant's assertion of his right, and prejudice to the

20    defendant. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101

21    (1972).  It is the length of the delay that is the threshold inquiry. *See Doggett v.*

22    *United States*, 505 U.S. 647, 650-54, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).  The

23    essential question is whether in examining the totality of the circumstances the

24    delay is unreasonable. *See United States v. Messer*, 197 F.3d 330, 338 (9th Cir.

25
                                        10
26    Motion to Sever Points and Authorities

1   1999).

2         Most cases analyzing the question of violation of a defendant's speedy trial

3   rights have done so in connection with a motion to dismiss.  That is not the case

4   here.  Mr. Littrell is not seeking dismissal on the grounds that his speedy trial right

5   has been violated.  Rather, he is asserting his right to a speedy trial because after

6   four years, further delay will amount to prejudice that will violate his right.

7         Mr. Littrell asserts this right in connection with this motion to sever because

8   the joinder with Mr. Terflinger will likely result in further delay of Mr. Littrell's

9   trial.  Mr. Terflinger's attorneys have had far less time to prepare for what will

10  likely be a far more complicated case than Mr. Littrell's case.  Mr. Terflinger's

11  attorneys were appointed in late April, 2006.  In the status report filed pursuant to

12  the court's August 29th Order, they indicated that they were still in the process of

13  reviewing discovery.  Their request for a January 2008 trial date was based on their

14  reasonable estimate of the time they would require to review the 110,000 pages of

15  discovery and other materials, investigate the case, and prepare for trial.

16  Consequently, Mr. Terflinger will be seeking another continuance of the trial.[17]

17        Mr. Littrell, on the other hand is not in the same situation.  Although trial

18  counsel was only appointed in June, 2006, Mr. Littrell has had the same capital

19  counsel throughout his case.  Added to the fact that Mr. Littrell's case is not as

20  complex as Mr. Terflinger's, Mr. Littrell requested in the parties' joint status report

21  that his trial be set as soon as possible.

22        Mr. Terflinger's need to allow counsel adequate time to prepare his case

23  should not interfere with Mr. Littrell's speedy trial rights.  Mr. Littrell's speedy trial

24  _____
    [17] See Declaration of David J.P. Kaloyanides In Support of Motion to Sever, October 23, 2006, at
25  Para. 2.

                              11
26            Motion to Sever Points and Authorities

1    rights should not prejudice Mr. Terflinger by limiting the time his counsel needs to

2    prepare.  The only proper and just course of action is to sever Mr. Littrell's trial in

3    order to preserve his right to a speedy trial without unduly prejudicing Mr.

4    Terflinger's need to prepare his case.

5

IV.    CONCLUSION.

6
        There is no logical nexus between the charged conduct alleged against Mr.

7    Littrell and Mr. Terflinger.  In addition, Mr. LIttrell will suffer actual prejudice if

8    tried with Mr. Terflinger—prejudice in the form of undermining Mr. Littrell's right

9    to a fair trial.  And in light of the fact that Mr. Terflinger will be seeking a further

10   continuance of the trial date, the Court should grant Mr. Littrell's motion and sever

11   Mr. Littrell from Mr. Terflinger for trial in this case.

12                                                Respectfully submitted,

13

14

15
     Dated:  October 23, 2006

16                                                David J.P. Kaloyanides
                                                  Attorney for Defendant
17                                                Gary Joe Littrell

18

19

20

21

22

23

24

25                                        12
                            Motion to Sever Points and Authorities
26

## PROOF OF SERVICE

I am an active member of the Bar of this State, and who is duly licensed to practice before this Court. My business address is 624 South Grand Avenue, Suite 2200, Los Angeles, California, 90017. I am over the age of 18 years, and I am not a party to this action. I served the following document(s):

NOTICE OF MOTION AND MOTION TO SEVER TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SEVER; DECLARATION OF DAVID J.P. KALOYANIDES IN SUPPORT OF MOTION TO SEVER

on October 23, 2006

on the person(s) identified below, using the following method of service:

Steven Wolfe, AUSA
United States Attorney's Office
312 N. Spring Street, 15th Floor
Los Angeles, CA 90012
Email: steve.wolfe@usdoj.gov

Stanley Perlo, Esq.
250 West Ocean Blvd., Suite 1714
Long Beach, CA 90802
Email: sperloesq@aol.com

Matthew J. Lombard
316 West 2nd Street, Suite 1202
Los Angeles, CA 90012
Email: mlombard@lombardlaw.net

**[XX] MAIL** by placing the above-entitled document(s) in a sealed envelope addressed as above, with postage paid, and by depositing the above-entitled envelope in a post office, mailbox, subpost office, substation, mail chute or other like facility regularly maintained by the United States Postal Service.

**[XX] ELECTRONIC TRANSMISSION** pursuant to the agreement of the parties by facsmile/email transmission to the number/email address indicated above, with a return report indicating that the transmission was completed without error before 5:00 p.m.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of October, 2006, at Los Angeles, California.

David J.P. Kaloyanides

Proof of Service