```
 1  DEBRA WONG YANG
    United States Attorney
 2  THOMAS P. O'BRIEN
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEPHEN G. WOLFE (Cal. Bar No. 116400)
 4  Assistant United States Attorney
    1500 United States Courthouse
 5  312 North Spring Street
    Los Angeles, California 90012
 6  Telephone: (213) 894-7408
    Facsimile: (213) 894-3713
 7  E-mail: Steve.Wolfe@usdoj.gov

 8  Attorneys for Plaintiff
    United States of America
 9
                    UNITED STATES DISTRICT COURT
10
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
    UNITED STATES OF AMERICA,    )   No. CR 02-938-CJC
12                               )
                Plaintiff,       )   GOVERNMENT'S OPPOSITION TO
13                               )   DEFENDANT'S EX PARTE
                v.               )   APPLICATION FOR CLARIFICATION
14                               )   OF ORDER RE CONTACT VISITS WITH
    GARY JOE LITTRELL,           )   LEGAL TEAM; DECLARATION OF
15                               )   STEPHEN G. WOLFE
                Defendant.       )
16  _____)

17

18       Plaintiff United States of America hereby opposes

19  defendant's Ex Parte Application for Clarification of Order re

20  Contact Visits with Legal Team, and opposes its ex parte nature.

21  DATED: November 9, 2006    Respectfully submitted,

22                                  DEBRA WONG YANG
                                    United States Attorney
23                                  THOMAS P. O'BRIEN
                                    Assistant United States Attorney
24                                  Chief, Criminal Division

25                                  /s/ (for)
                                    STEPHEN G. WOLFE
26                                  Assistant United States Attorney

27                                  Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
28
```

## DECLARATION OF STEPHEN G. WOLFE

I, Stephen G. Wolfe, declare as follows:

1. I am an Assistant United States Attorney for this district, and am assigned to the prosecution of <u>United States v. Gary Joe Littrell</u>, CR 02-938-CJC. I have been assigned to this case since before the indictment was unsealed. I make this declaration in opposition to defendant Littrell's Ex Parte Application for Clarification of April 1, 2004 Order re Contact Visits with Legal Team, and also in opposition to the <u>ex parte</u> nature of the application.

2. Defendant's application directly contradicts prior statements by defendant to the court, and thereby fundamentally undercuts defendant's claims on the merits of the application, and also undercuts defendant's claims about why the court should consider defendant's application <u>ex parte</u> rather than as a noticed motion.

3. Only six weeks ago, in a joint status report on trial scheduling for defendant Littrell and Terflinger, defendant Littrell asked Judge King to set a trial date for defendant Littrell of January 16, 2006. At that time, defendant Littrell represented, at least implicitly, to Judge King that defendant Littrell would be ready for trial in four months.

4. Shortly after Littrell's representation that he would be ready for trial in January, 2006, Judge King transferred the case to this Court, with a trial date in May, 2006, more than twice the time that defendant Littrell had represented he needed to prepare for trial.

1

5. Now, defendant Littrell has filed an <u>ex parte</u> application asking that the court compel the prison where defendant Littrell is being held to allow him contact visits with his investigator and paralegal, even when neither defense counsel is present. Defendant justifies the need to have this application addressed <u>ex parte</u>, without full briefing to inform the court, by his claim that "bring[ing] this issue before the Court as a regularly noticed motion according to the briefing schedule under Local Criminal Rule 57-1 and Local Civil Rule 6-1 . . . would delay resolution of this issue for nearly a month." (Defendant's Application at 2). This claimed urgency flies in the face of the fact that Judge King set this case for trial <u>four</u> months later than defendant Littrell said he needed to be ready for trial, even without contact visits in the absence of his counsel, which the authorities at FCI Terminal Island have never allowed to defendant Littrell or any other of the Aryan Brotherhood defendants.

6. Defendant Littrell's claimed urgency to decide this motion is falsified by his representation that he would be ready for trial in January, 2006 in any event. Moreover, the inconsistency of his claim of urgency also destroys his claim on the merits of the application. Defendant's application is based largely on a claim that the process of reviewing documents during non-contact visits "is very time-consuming and inefficient because of the number of documents and volume of evidence in this case." (Def. App. at 6). But defendant Littrell does not need efficiency. Judge King set a trial date which gave defendant Littrell twice as much time as he said he needed to prepare. In

these circumstances, there is no reason to diminish the safety and security of the institution in the name of efficient access by defendant Littrell to nonlawyers on his defense team.

7. Allowing contact visits by persons who are not officers of the court, not subject to discipline by the court, and who have no professional ethical obligations through the court or the bar association, necessarily increases the risks to the safety and security of the institution. Where there is no reason to incur those increased risks to satisfy the trial schedule, the government submits that the increased risks should not be incurred. Moreover, FCI Terminal Island is a Low security facility while the Aryan Brotherhood defendants are maximum security inmates. FCI Terminal Island lacks the staffing levels generally required for maximum security inmates. The policy of denying contact visits without the presence of an officer of the court helps to maintain the security necessary for maximum security inmates like the Aryan Brotherhood defendants, despite the lesser staff available at FCI Terminal Island.

8. Aryan Brotherhood co-defendants Barry Mills, Tyler Bingham, Christopher Gibson, and Edgar Hevle have spent more than a year at FCI Terminal Island, before and during their trial before Judge Carter. None of those defendants were allowed contact visits without the presence of defense counsel, and no complaint was ever made to Judge Carter.

9. Defendant Littrell also asserts that the non-contact visits are not confidential, because persons must speak so loud in order to be heard. Counsel for defendant Littrell only report defendant Littrell's claim to that effect, without having used

3

1 | the room themselves. (Def. App. at 9). I have been informed by
2 | Eliezer Ben-Shmuel, Supervisory Attorney of the Bureau of
3 | Prisons' Los Angeles Area Legal Center, that he has tested the
4 | non-contact visiting room, and that he could hear and carry on a
5 | conversation in an ordinary speaking voice in the room.
6 | Moreover, as noted above, four Aryan Brotherhood defendants went
7 | to trial before Judge Carter without ever raising the claim that
8 | the non-contact visiting rooms were not confidential.

9 |     10. Neither the government nor the staff at FCI Terminal
10 | Island suggest that an applicable court order may ever be ignored
11 | by the institution. But defendant Littrell <u>never says that he</u>
12 | <u>brought Judge King's order to the attention of FCI Terminal</u>
13 | <u>Island</u>. Moreover, the order was issued more than two years ago,
14 | on the basis of Judge King's understanding then of the security
15 | issues presented by contact visits without the presence of
16 | defense counsel, at a different institution. The government
17 | submits that it is unwise to address this question on an <u>ex parte</u>
18 | basis, with little opportunity to set out present circumstances,
19 | particularly where defendant Littrell has previously denied that
20 | he is pressed for time to prepare for his trial.

21 |     11. For all these reasons, the government respectfully
22 | submits that the court should deny defendant Littrell's
23 | application on the merits, or at least decline to consider it on
24 | an <u>ex parte</u> basis.

25 |     I declare under penalty of perjury that the foregoing is
26 | true and correct to the best of my knowledge and belief.
27 | DATED: November 9, 2006
28 |                                     STEPHEN G. WOLFE

4

CERTIFICATE OF SERVICE

I, **Linda Lewis**, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **GOVERNMENT'S OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR CLARIFICATION OF ORDER RE CONTACT VISITS WITH LEGAL TEAM; DECLARATION OF STEPHEN G. WOLFE**

service was:

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

**SEE ATTACHMENT**

This Certificate is executed on _____, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

_/ s / Linda Lewis_
Linda Lewis

**ATTACHMENT**

<u>UNITED STATES v. RICHARD LLOYD TERFLINGER, et al.</u>
No. CR 02-938-CJC

Christopher Chaney (Gary Littrell capital counsel)
1055 East Colorado Boulevard, Suite 310
Pasadena, CA 91106

David J. P. Kaloyanides (Gary Littrell)
One Wilshire Building
624 South Grand Avenue, Suite 2200
Los Angeles, CA 90017-3323

Matthew J. Lombard (Richard Terflinger)
316 West 2nd Street, Suite 1202
Los Angeles, CA 90012

Stanley Perlo (Terflinger capital counsel)
250 West Ocean Boulevard, Suite 1714
Long Beach, CA 90802