Michael R. Belter, Esq.
600 Playhouse Alley, Suite 402
Pasadena, CA 91101
Telephone: (626) 405-4911
Facsimile: (626) 405-4913
E-Mail: mbelteresq@sbcglobal.net

Attorneys for Defendant
Ronald B. Slocum

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>RONALD BOYD SLOCUM,<br><br>  Defendant. | NO. CR-02-938-DOC<br><br>NOTICE OF MOTION AND MOTION FOR SEVERANCE; ANTAGONISTIC DEFENSES; AND PREJUDICIAL JOINDER OF CAPITAL AND NON CAPITAL DEFENDANTS |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that the defendant, RONALD BOYD SLOCUM, by and through his attorney, Michael R. Belter, hereby files the attached motion to sever his trial from his co-defendants Wayne Bridgewater and Michael Houston. This motion is filed pursuant to the Fifth and Sixth Amendments to the United States Constitution, Fed. R. Crim. P. 8, 12 and 14.

This motion is based upon the instant motion and notice of motion, the attached memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on this motion.

FILED 2006 DEC -1 AM 11:29

DOCKETED ON CM
DEC 5 2006
BY ___ 172

CONFLICTING ANTAGONISTIC DEFENSES AND PREJUDICIAL ASSOCIATION; THE TRIAL COURT HAS FULL DISCRETION TO GRANT A MOTION TO SEVER ON THE GROUNDS THAT THE DEFENDANT'S HAVE BEEN PREJUDICIALLY JOINED

Even where offenses are deemed properly joined under Rule 8, the Court has the authority to grant severance if it appears that prejudice will result from their joinder. *United States v. Johnson*, 820 F.2d 1065 (9th Cir. 1987). Under Fed.R.Crim.P. 14, the district court has wide discretion to sever. *United States v. Vaccaro*, 816 F.2d 443, 449 (9th Cir.), *cert. denied*, 484 U.S. 914, 108 S. Ct. 262, 98 L. Ed. 2d 220 (1987). Rule 14 provides in relevant part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election of separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

In this circuit, the proper test is "whether joinder was so prejudicial to a defendant that it outweighs the dominant concern with judicial economy and requires the exercise of the trial judge's discretion in only one way." *United States v. Burgess*, 791 F.2d, 676, 678 (9th Cir. 1986).

Where, as here, the defendants have antagonistic defenses to present,[1] a severance is the proper method to ensure the defendants a fair trial. Further, severance is warranted if a joint trial would result in a gross unfairness to the defendants, deprive the defendants of a fair trial or due process, result in prejudicial association with codefendants, or present conflicting defenses (*Boyde v. California* (1990) 494 U.S. 370; and *Zafiro v. United States* (1993) 122 L.Ed. 2d 317). To obtain severance on the ground of conflicting defenses, the conflict should be so prejudicial that the defenses are irreconcilable and there is danger that the jury will unjustifiably infer that this conflict alone demonstrates that all are guilty (*United States v. Davis* (1st Cir. 1980) 623 F

---

[1] Counsel is aware of the under seal filing by defendant's Bridgewater and Houston and concurs with the characterization of the expected antagonistic defenses proffered by defendants Slocum, Bridgewater and Houston.

2d 188, 194-195). Moreover, severance is appropriate where "the defenses 'are antagonistic to the point of being mutually exclusive'". *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983) (quoting *United States v. Marable*, 574 F.2d 224, 231 (5th Cir. 1978). In order "[t]o justify a severance on the ground of antagonistic defenses, there must be a showing of 'mutual exclusivity' -- [one defendant's] acquittal had to preclude [the other's]." *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986) (citations omitted).

It is expected that the antagonistic defenses[2] will transform this joint trial into more of a contest between defendants than between the government and the defendants. Under such circumstances, joinder of these defendants is highly prejudicial, particularly when the prosecutor's own case in chief is marginal and the decisive evidence of guilt is left to be provided by a codefendant.[3]

In *United States v. Tootick*, 952 F.2d 1078 (9th Cir. 1991) the Ninth Circuit reversed the defendants' convictions due to the district court's failure to sever the two defendants. In *Tootick*, defendants Tootick and Frank were jointly tried on charges of assault resulting in serious bodily injury. Each defendant contended that the other was solely responsible for the crime, a stabbing. Although only defendant Frank testified, both defendant Frank and defendant Tootick advanced their theories through the arguments of counsel, and their respective examinations.

---

[2]   Defendant Slocum is charged with four murders and or attempted murders while in the custody of the California Department of Corrections and or the Federal Bureau of Prisons and eleven murders and or attempted murders while out of custody. In all but one of the aforementioned offenses, the government alleges that Mr. Slocum acted as a conduit albeit a messenger of the order and or decision to assault or kill the victims.

[3]   As to the August 1997 USP Lewisberg offense conduct, the government's key witness, Al Benton, asserted during his testimony in United States v. Mills, that Mr. Slocum was not aware of any order to assault African American inmates.

1  The Court recognized that the Tootick defendants' mutually exclusive defenses had "the effect" of [bringing] a second prosecutor into the case with respect to their co-defendant." Id. at 1082. By acting as a "second prosecutor" as to each co-defendant, the defendants' attorneys conferred a tremendous advantage upon the prosecution.

> The government's case becomes the only unified and consistent presentation. It presents the jury with a way to resolve the logical contradiction inherent in the defendants' positions. While the defendants' claims contradict each other, each claim individually acts to reinforce the government's case. The government is further benefitted by the additive and profound effects of repetition. Each important point the government makes about a given defendant is echoed and reinforced by the co-defendant's counsel.

Id. Because the defendants' trial under these convictions resulted in "manifest prejudice", the Ninth Circuit reversed each defendant's conviction. Id. at 1083.

Here, it is expected that defendants Bridgewater and Houston will present a defense wholly antagonistic to defendant Slocum regards the alleged correspondence which government witness Benton cites as the trigger for the August, 1997, USP Lewisberg offense conduct.[4] Ultimately, if Mr. Houston and Mr. Bridgewater are tried with Mr. Slocum, their counsel will be required to discredit Mr. Slocum's theory of defense and will serve as second and third prosecutors against Mr. Slocum. Mr. Slocum's counsel will be placed in the same untenable position and will serve as a second prosecutor against Mr. Houston and Mr. Bridgewater.

## JOINDER OF CAPITAL AND NON CAPITAL DEFENDANTS RESULTS IN PREJUDICE TO THE NON-CAPITAL DEFENDANT

An additional source of prejudice in this joint trial arises as a result of the joinder of two capital defendants and one noncapital defendant. That is because the single jury trying both the

---

[4] Counsel incorporates the contents of the under seal filing by defendant's Bridgewater and Houston and concurs with the characterization of the antagonistic defenses proffered by defendants Slocum, Bridgewater and Houston.

capital and the non-capital defendants will necessarily be death-qualified. The United States Supreme Court has held that the rights of a non-capital co-defendant who did not seek a severance were not violated when he was tried by a death-qualified jury. *Buchanan v. Kentucky*, 483 U.S. 402 (1987), but that decision has no direct application where the defendant, as here has requested severance.

Of grave concern is that the anticipated *Hovey/Witherspoon* voir dire will surely focus on the penalty phase concerns of Mr. Bridgewater and Mr. Houston.[5] This death qualification screening of the venire by the capital defendants, will insure that qualifications of jurors selected to hear this trial will be different than juror qualifications in a separate non capital trial. It is wholly expected that acceptable, fair and impartial jurors as to Mr. Slocum will be excused from service for no other reason than their opposition to or inability to impose the death penalty.

Further, this focus on the issue of death penalty qualification creates an atmosphere in which jurors are likely to assume that their primary task is to determine the penalty for presumptively guilty defendants. More significantly, because the prosecution can challenge jurors with qualms about the death penalty or imposition of the death penalty, the process creates a risk that a fair cross-section of the community will not be represented on the jury. *See United States v. Rollack*, 64 F. Supp. 2d 255 (S.D.N.Y. 1999).

---

[5] Considering defendant's Bridgewater and Houston's motion to sever, specifically their stated concern regarding Slocum's alleged involvement in eight murders and attempted murders and how the evidence of these murders will potentially result in a death sentence for their clients, it is expected that their counsel will attempt to distinguish their clients from Slocum during the death qualification voir dire and further make every effort possible to characterize Slocum as an equally culpable participant not subject to capital punishment. 18 USC 3592 (4); Counsel will use the guilt phase of the trial to create the foundation for their mitigation case, to the prejudice of Mr. Slocum.

-5-

A joint trial will therefore more likely result in prejudice to the non-capital defendant. Moreover, given the volume of evidence the government will present on the killings and assaults at USP Lewisberg, and the anticipated defense of Mr. Houston and Mr. Bridgewater, it will become more likely that the government's assertion that defendant Slocum played a similar role as "messenger" in the other prison assaults and killings will be believed.

## CONCLUSION

The risk of prejudice as a result of joined defendants will vary with the facts in each case. When the risk of prejudice is high, a court is more likely to determine that separate trials are necessary. There is always a risk in the enthusiastic and unqualified "preference" for a joint trial of defendants merely because they were jointly charged.

In the present case it would seem that a separate trial of the capital and non-capital defendants would be not only more reliable, but also more efficient and manageable than the joint trial which the prosecution has chosen to prosecute. This court should be mindful of the serious risks of prejudice and overreaching that are characteristic of joint trials, particularly when a conspiracy allegation is included.

There is much more at stake here than administrative convenience and effective use of resources. Rather, the integrity of a criminal justice system intent on protecting the due process rights of the defendants and the fundamental fairness of the trial is at issue. Based upon the foregoing points and authorities defendant Slocum requests that this court sever him from codefendants Houston and Bridgewater.

Dated: November 30, 2006

Respectfully Submitted,

*/s/ Michael R. Belter*

Michael R. Belter, Esq.
Attorney for Defendant
Ronald Boyd Slocum

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | STATE OF CALIFORNIA, COUNTY OF LOS ANGELES |
| 3 | I, Christina Apostol Hicklin, am a resident of/employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is: 600 Playhouse Alley, Suite 402, Pasadena, California 91101. |
| 5 | On December 1, 2006, I served the foregoing **NOTICE OF MOTION AND MOTION FOR SEVERANCE** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows: |
| 7 | SEE ATTACHED SERVICE LIST |
| 9 | ☒ (BY MAIL) I caused such envelope with postage thereon fully paid to be placed in the United States mail at Pasadena, California. |
| 12 | ☒ (FEDERAL) I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. |
| 15 | |
| 16 | Executed on December 1, 2006 |
| | Chrisina Apostol Hicklin |

- 7 -

## SERVICE LIST

Terry K. Flynn, Esq.
Assistant U. S. Attorney
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012

Mark H. Donatelli, Esq.
1215 Paseo De Peralta
P. O. Box 8180
Santa Fe, New Mexico 87504

Mark Fleming, Esq.
433 G Street, Suite 202
San Diego, California 92101

Michael V. White, Esq.
1717 Fourth Street, Third Floor
Santa Monica, California 90401