LODGED DISMISSAL
&
ORDER

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC - 8 2006
3:25

CENTRAL DISTRICT OF CALIFORNIA
BY    CA    DEPUTY

1  GEORGE S. CARDONA
   Acting United States Attorney
2  WAYNE R. GROSS
   Assistant United States Attorney
3  Chief, Southern Division
   TERRI K. FLYNN (204932)
4  BRETT A. SAGEL (243918)
   Assistant United States Attorneys
5  Ronald Reagan Federal Building
   411 West Fourth Street, Suite 8000
6  Santa Ana, California
   Telephone: (714) 338-3592
7  Facsimile: (714) 338-3561
   Email: Terri.K.Flynn@usdoj.gov

8

9                 UNITED STATES DISTRICT COURT

10        FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                     SOUTHERN DIVISION

12  UNITED STATES OF AMERICA,  )    No. ~~SA~~ CR 02-938-DOC
                               )
13            Plaintiff,       )    GOVERNMENT'S MOTION TO DISMISS
                               )    COUNT EIGHT; MEMORANDUM OF
14            v.               )    POINTS AND AUTHORITIES
                               )
15  RONALD SLOCUM,             )
    WAYNE BRIDGEWATER and      )
16  HENRY MICHAEL HOUSTON,     )
                               )
17            Defendants.      )
                               )
18  _____)

19

20       Plaintiff United States of America hereby files its motion

21  to dismiss Count Eight without prejudice against defendants

22  Ronald Slocum, Wayne Bridgewater and Henry Michael Houston.  This

23  motion is based on the attached memorandum of points and

24  ///

25  ///

26

27

28

LODGED ON CM
DEC 11 2006
BY _____ ems 071

4251

authorities, the files and records in this case, and any argument or evidence offered at any hearing on this matter.

DATED: December ___, 2006

                        Respectfully submitted,

                        GEORGE S. CARDONA
                        Acting United States Attorney

                        WAYNE R. GROSS
                        Assistant United States Attorney
                        Chief, Southern Division


                        _____
                        TERRI K. FLYNN
                        Assistant United States Attorney

                        Attorneys for Plaintiff
                        UNITED STATES OF AMERICA

2

I.    INTRODUCTION

The government moves under Fed. R. Crim. P. 48(a) to dismiss Count Eight of the Indictment and First Superseding Indictment against defendants Ronald Slocum, Wayne Bridgewater and Henry Houston without prejudice.  The defendants consent to this dismissal.

II.    DISMISSAL WITHOUT PREJUDICE IS PROPER

The government believes that dismissal without prejudice is the proper action.  The government has found no cases in which the government's motion to dismiss under Rule 48(a) has been granted with prejudice.  Further, this Court ordered in the first trial of the AB RICO prosecution, <u>United States v. Barry Byron Mills, Tyler Davis Bingham, Edgar Wesley Hevle and Christopher Overton Gibson</u>, CR 02-938-DOC, that the dismissal be without prejudice

The Ninth Circuit has described the law concerning dismissals under Rule 48(a) in this way.

> The government often charges multiple counts in its indictment, only to add or subtract counts during the course of the prosecution.  When the government moves to dismiss counts in an indictment, the district court has limited discretion to deny the motion.  The limitation on its discretion is based on separation of powers.  "Under our system of separation of powers, the decision whether to prosecute, and the decision as to the charge to be filed, rests in the discretion of the Attorney General or his delegates, the United States Attorneys."  <u>United States v. Edmonson</u>, 792 F.2d 1492, 1497 (9th Cir. 1986). . . . .  Because "[t]he decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate," <u>Gonzalez</u>, 58 F.3d at 462, a district court is limited in its ability to second-guess the government's decisions on whether and what to prosecute.

<u>United States v. Garcia-Valencia</u>, 232 F.3d 1003, 1007 (9th Cir. 2000).

3

The law is even more rigorous in cases in which the
defendants consent to dismissal.

> Where a defendant consents to the government's
> move to dismiss, it is not clear that the district
> court has any discretion to deny the government's
> motion.  The Supreme Court reserved judgment on this
> question in <u>Rinaldi</u>, and our circuit has also refrained
> from stating a general rule.  The only standard that we
> have recognized as possibly being appropriate to such
> cases is "whether the motion was clearly contrary to
> manifest public interest."  <u>Gonzalez</u>, 58 F.3d at 462
> (internal quotation marks omitted).

<u>Garcia-Valencia</u>, 232 F.3d 1003, 1007 (9th Cir. 2000).

In this case, the defendants have not objected to the
dismissal, and have not suggested any way in which dismissal
would be clearly contrary to a manifest public interest.  The
defendants have also not suggested any way in which the requested
dismissal would prejudice them.  In such circumstances, a
dismissal with prejudice is improper.  "The sanction of dismissal
<u>with prejudice</u>, however, is a harsh remedy for enforcement of
those [district court case management] powers, and, indeed, its
use becomes a significant event.  For in dismissing an indictment
with prejudice, the court allows its interest in the orderly
administration of justice to override the interests of victims
and the public interest in the enforcement of the criminal law.
<u>See</u> . . . [United States v.]Hattrup, 763 F.2d [376, 378 (9th Cir.
1985] (referring to the 'harsh remedy of dismissal with
prejudice')."  <u>United States v. Goodson</u>, 204 F.3d 508, 514 (4th
Cir. 2000) (emphasis in original).  <u>Accord</u>, <u>United States v.
Hattrup</u>, 763 F.2d 376 (9th Cir. 1985) (district court abused its
discretion where, when an essential witness failed to appear for
trial, the court denied a continuance, denied the government's

4

1  motion to dismiss without prejudice, and ordered the indictment

2  dismissed with prejudice).

3       In the two cases most similar to this case on the facts

4  which the government has been able to find, the district courts

5  which imposed dismissals with prejudice when the government moved

6  for dismissal without prejudice, were reversed for abuse of

7  discretion.  In each of those cases, the facts were more

8  favorable to the defendants than the facts here.

9       In United States v. Hattrup, 763 F.2d376 (9th Cir. 1985),

10  the government's sole witness at trial, who had not been

11  subpoenaed, missed pretrial meetings with the prosecution, and

12  did not appear on the morning of trial.  "[T]he government moved

13  for a continuance.  The district judge denied this motion, denied

14  the Government's subsequent motion for dismissal without

15  prejudice, and ordered the indictment dismissed with prejudice."

16  Id. at 377.

17       The Ninth Circuit reversed the dismissal.  "While the

18  continuance would have caused the Hattrups some inconvenience,

19  there is nothing in the record, aside from defense counsel's

20  speculations, which suggests that it would have resulted in

21  prejudice or a threat of prejudice to the Hattrups.  See United

22  States v. Morrison, 449 U.S. 361, 365, 101 S.Ct. 665, 668,

23  66 L.Ed.2d 564 (1981).  On the facts of this case, particularly

24  the absence of prosecutorial misconduct and demonstrable

25  prejudice or substantial threat thereof, the district court's

26  dismissal with prejudice under Rule 48(b) was improper.

27  Accordingly, the district court's order is reversed, and the case

28  is remanded for further proceedings." Id. at 378.

Similarly, in <u>United States v. Goodson</u>, 204 F.3d 508 (4th Cir. 2000), essential government witnesses became unavailable shortly before the trial.  The government's motion for continuance was denied, as was a motion for reconsideration. Defendant then attempted to plead guilty, but failed to admit guilt, and said that he wanted to go to trial.  The government again moved for a continuance of the trial, which was denied. The government then moved to dismiss the indictment, and informed the court and the defendant that it would re-file charges against defendant immediately.  The court then refused to rule on the government's motion, urged the defendant to move to dismiss, and granted that dismissal.  When the government sought to re-file the charges against the defendant, the district court refused to allow it, and stated that its dismissal had been with prejudice. 204 F.3d at 511-12.

The Fourth Circuit reversed.  "While the government understandably has no objection to the district court's dismissal of the indictment, whether under Rule 48(b) or under the court's supervisory power – indeed, the government had filed its own motion to dismiss under Rule 48(a) - it objects to dismissal <u>with prejudice</u>."  <u>Id.</u> at 513 (emphasis in original).  "Under both Rule 48(b) and its supervisory power, a district court has broad discretion to manage its docket and to impose a wide range of sanctions against parties who violate the court's scheduling orders.  The sanction of dismissal <u>with prejudice</u>, however, is a harsh remedy for enforcement of those powers, and, indeed, its use becomes a significant event.  For in dismissing an indictment with prejudice, the court allows its interest in the orderly

6

administration of justice to override the interests of victims and the public interest in the enforcement of the criminal law. . . . Accordingly, to reconcile these competing interests, it is established that a district court may not, in the management of its docket, exercise its discretion to dismiss an indictment <u>with prejudice</u>, either under Rule 48(b) or under its supervisory power, unless the violation caused prejudice to the defendant or posed a substantial threat thereof." <u>Id.</u> at 514 (emphasis in original).

"Because Goodson would have suffered no demonstrable prejudice or threat of prejudice from the requested continuance, and because the district court found none, the district court's dismissal <u>with prejudice</u> constituted an abuse of discretion. As both Goodson and the government requested a dismissal, it is only the 'with prejudice' aspect of the district court's order that is at issue. Accordingly, we reverse the district court's order dismissing the indictment with prejudice." <u>Id.</u> at 516.

Thus, dismissal without prejudice is the norm under Rule 48(a). Defendants have suggested no reason why such a dismissal is contrary to a manifest public policy. Dismissal under some other provision may only be with prejudice if defendants demonstrate prejudice or threat of prejudice from the dismissal, and they have not done so. The government's motion for dismissal without prejudice should therefore be granted.

III. CONCLUSION

For all the foregoing reasons, and for the reasons stated in the government's proposed order for dismissal, the government submits that Count Eight should be dismissed without prejudice against defendants Ronald Slocum, Wayne Bridgewater and Henry Houston.

## CERTIFICATE OF SERVICE BY MAIL

I, **REBECCA SATO**, declare:

That I am a citizen of the United States and resident or employed in Orange County, California; that my business address is Office of United States Attorney, United States Courthouse, Suite 8000, 411 West Fourth Street, Santa Ana, California 92701; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction the service by mail described in this Certificate was made; that on **December 8, 2006,** I deposited in the United States mail, Santa Ana, California in the above-entitled action, in an envelope bearing the requisite postage, a copy of:

**GOVERNMENT'S MOTION TO DISMISS COUNT EIGHT; MEMORANDUM OF POINTS AND AUTHORITIES**

addressed to:    **SEE ATTACHMENT**

at **THE** last known address, at which place there is delivery service by United States mail.

This Certificate is executed on **December 8, 2006,** at Santa Ana, California.

I certify under penalty of perjury that the foregoing is true and correct.

REBECCA SATO

**ATTACHMENT**

**UNITED STATES v. WAYNE BRIDGEWATER, ET AL.**
**No. CR 02-938-DOC**

**MICHAEL R. BELTER**
600 PLAYHOUSE ALLEY
SUITE #402
PASADENA, CA 91101
**(COUNSEL FOR RONALD SLOCUM)**

**MICHAEL WHITE**
1717 4TH STREET
3RD FLOOR
SANTA MONICA, CA 90401
**(COUNSEL FOR WAYNE BRIDGEWATER)**

**WILLIAM HARRIS**
1499 HUNTINGTON DRIVE
SUITE #403
SOUTH PASADENA, CA 91030-5458
**(COUNSEL FOR WAYNE BRIDGEWATER)**

**MARK DONATELLI**
P.O. BOX 8180
SANTA FE, NEW MEXICO 87504-8180
**(COUNSEL FOR HENRY MICHAEL HOUSTON)**

**MARK FLEMING**
433 G STREET
SUITE #202
SAN DIEGO, CA 92101
**(COUNSEL FOR HENRY MICHAEL HOUSTON)**