```
 1 | PAUL E. POTTER SBN 93002
   | POTTER, COHEN & SAMULON
 2 | 3852 East Colorado Boulevard
   | Pasadena, California 91107
 3 | (626) 795-0681
 4 | TERRENCE J. BENNETT SBN 53149
   | Post Office Box 709
 5 | Pasadena, California 91102-0709
   | (626) 792-5868
 6 |
 7 | KENNETH A. REED, SBN: 133567
   | 404 W. Fourth Street, Suite C
 8 | Santa Ana, California 92701
   | (714) 953-7400
 9 |
10 | Attorney for Defendant
   | JOHN WILLIAM STINSON
```

FILED
CLERK, U.S. [DISTRICT] COURT
DEC -7 2006
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: CR 02-938-RGK |
|---|---|
| Plaintiff, | **MOTION** *in limine* **TO PERMIT THE DEFENDANT TO OFFER HEARSAY STATEMENTS UNDER THE SIXTH AMENDMENT CONFRONTATION CLAUSE AND F.R.E. § 804 (6), or in the alternative** |
| v. | |
| JOHN WILLIAM STINSON, | **MOTION** *in limine* **TO AJOURN THE PROCEEDINGS SUFFICIENT TIME TO ALLOW THE DEFENSE TO INTERVIEW AND SUBPOENA THE CONCEALLED WITNESSES WHOSE IDENTITY WAS ONLY REVEALED DURING TRIAL, or in the alternative** |
| Defendant. | |
| | **MOTION** *in limine* **TO DISMISS WITH PREJUDICE** |
| | DATE: DECEMBER 7, 2006<br>TIME: 8:30 A.M.<br>COURTROOM: 850 |

DOCKETED ON CM
DEC 11 2006
BY ____ 017

I.

After the court proceedings held on December 1, 2006, the government finally disclosed the names of the Correctional Officer witnesses to the misconduct of testifying

1

HEARSAY PERMISSION MOTION

4254

witness Anthony Likai. California Department of Corrections documents, timely subpoenaed by the defense contained the names of these witnesses; however these documents were delivered, not to the defense but to the Government. The Government concealed the names of the Correctional Officer and inmate witnesses, whose statements rebut the version of events vouchsafed by Government witness Likai. Only after the direct testimony of Mr. Likai, only after the cross-examination of Mr. Likai had already begun, and only after the Court ordered the Government to either justify the further concealment of the names of the Correctional Officer witnesses or turn over the defense subpoenaed documents to the defense, did the defense receive the names of the rebuttal witnesses.

II.

### HEARSAY WITNESSES

The Government has forfeited its right to object to the defense introduction of hearsay rebuttal statements under the Confrontation Clause of the VI Amendment to the United States Constitution <u>and</u> under Rule 804(6) of the Federal Rules of Evidence, since the Government has, by its absolutely unjustifiable concealment of the names of the Correctional Officer and inmate witnesses to the misbehavior of Government witnesses caused these witnesses to be unavailable at trial.

\\\
\\\
\\\
\\\
\\\

The general Confrontation Clause principle has been codified in FRE Rule 804(b)(6).

> (b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> > (6) Forfeiture By Wrongdoing. A statement offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness.

The Commentary to this Rule reads as follows:

> A statement offered against a party that has engaged acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness is admissible as an exception to the rule against hearsay pursuant to Rule 804(b)(6). **Every party, including** parties in civil cases and **the government in criminal cases** in addition to the criminal defendant, forfeits the right to object on hearsay and confrontation clause grounds when the party's deliberate wrongdoing or acquiescence therein, i.e., actions taken after the event to prevent a witness from testifying procured the unavailability of the declarant of the statement as a witness. The wrongdoing or acquiescence need not consist of a criminal act.

### III.

Even if, the Court does not wish to find that the government deliberately procured the absence of the necessary rebuttal witnesses by concealing their names, and Mr. Stinson respectfully insists that the chronology of disclosure admits no other rational explanation, the correctional officer statements should still be admitted under

Rule 807 of the Federal Rules of Evidence, the "residual hearsay exception." which provides in part that: "A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." This Rule has a Constitutional underpinning.

For example, the issue in Lilly v. Virginia (1999) 527 U.S. 116, 119 S.Ct. 1887, 144 L.Ed.2d 117, was whether hearsay evidence proffered by the prosecution violated the Confrontation Clause, an issue not applicable in the present case. But in its discussion, the Supreme Court addressed the residual trustworthiness test for admission of hearsay evidence that does not fall within a firmly rooted hearsay exception, yet bears sufficient guarantees of trustworthiness to warrant its admission, saying:

> The residual "trustworthiness" test credits the axiom that a rigid application of the [Confrontation] Clause's standard for admissibility might in an exceptional case exclude a statement of an unavailable witness that is incontestably probative, competent, and reliable, yet nonetheless outside of any firmly rooted hearsay exception. [Citations.] When a court can be confident -- as in the context of hearsay falling within a firmly rooted exception -- that "the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility," the Sixth

Amendment's residual "trustworthiness" test allows the admission of the declarant's statements. [Citation.] (Lilly v. Virginia (1999) 527 U.S. 116, 136.)

Note that the Lilly Court does not base its statement of the residual trustworthiness test on any federal or state statutory residual hearsay exception, but rather on Sixth Amendment principles.

Absent a suitable adjournment to interview and subpoena the concealed witnesses the residual hearsay exception is constitutionally required in a case such as [Defendant]'s when the evidence sought to be admitted is trustworthy and necessary for the defense of a criminal defendant. In this formerly capital case, the government is seeking to strip [Defendant] of his liberty *in perpetuity.* The Due Process, Fair Trial, and Compulsory Process rights guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, as well as the Eighth Amendment, and Article I, sections 7, 15, 17 of the California Constitution require that [Defendant] be allowed to present reliable, material, and necessary evidence in his defense. (See Edward J. Imwinkelried, "The Constitutionalization of Hearsay: The Extent to Which the Fifth and Sixth Amendments Permit or Require the Liberalization of the Hearsay Rules," 76 Minn.L.Rev. 521 (1992); Edward J. Imwinkelried, Exculpatory Evidence: The Accused's Constitutional Right to Introduce Favorable Evidence (1990). See also, Chambers v. Mississippi (1973) 410 U.S. 284, 35 L.Ed.2d 297, 93 S.Ct. 1038; Green v. Georgia (1979) 442 U.S. 95, 99 S.Ct. 2150, 60 L.Ed.2d 738; Rock v. Arkansas (1987) 483 U.S. 44, 97 L.Ed.2d 37, 107 S.Ct. 2704; and Washington v. Texas (1967) 388 U.S. 14, 18 L.Ed.2d 1019, 87 S.Ct. 1920.

## IV.

## CONCLUSION

For the above reasons, defendant John Stinson asks this court for an order allowing the hearsay statements, which rebut the statements of the government witnesses whose credibility the Government has sought to protect by concealing the names of witnesses to their true behavior.

In the alternative, he requests a suitable adjournment of the proceedings, after the Government rests to locate, interview and subpoena the concealed witnesses.

In the alternative, he requests the charges be dismissed with prejudice.

DATED: December 6, 2006

Respectfully submitted,

_P. Potter_
Paul E. Potter
Attorney for Defendant
**JOHN WILLIAM STINSON**


DATED: December 6, 2006

Respectfully submitted,

_P. Potter for TJB_
Terrence J. Bennett
Attorney for Defendant
**JOHN WILLIAM STINSON**


DATED: December 6, 2006

Respectfully submitted,

_[signature]_
Kenneth A. Reed
Attorney for Defendant
**JOHN WILLIAM STINSON**

6

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA      )
                         ) ss
COUNTY OF LOS ANGELES    )

I, ISELA MARQUEZ, am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to this action. My business address is 3852 East Colorado Boulevard, Pasadena, California 91107.

On December 6, 2006, I served the following document described as:

**MOTION *in limine* TO PERMIT THE DEFENDANT TO OFFER HEARSAY STATEMENTS UNDER THE SIXTH AMENDMENT CONFRONTATION CLAUSE AND F.R.E. § 804 (6), or in the alternative**

**MOTION *in limine* TO AJOURN THE PROCEEDINGS SUFFICIENT TIME TO ALLOW THE DEFENSE TO INTERVIEW AND SUBPOENA THE CONCEALLED WITNESSES WHOSE IDENTITY WAS ONLY REVEALED DURING TRIAL, or in the alternative**

**MOTION *in limine* TO DISMISS WITH PREJUDICE**

on all interested parties by placing a true and correct copy into the e-mail network pursuant to the stipulation of counsel, addressed as follows:

Mark Childs  Mark.Childs@usdoj.gov ; Mark Aveis – Mark.Aveis@usdoj.gov

Terrence M. Bennett  benedictus@earthlink.net;

Kenneth Reed  kar_crimlaw@sbcglobal.net;

Michael M. Crain  michaelmcrain@aol.com  Attorney for Robert Griffin;

Joseph S. Walsh  attyjoewalsh@aol.com  Attorney for Robert Griffin;

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on December 6, 2006, at Pasadena, California.

_P. Po un_
PAUL POTTER