1  JOSEPH F. WALSH
   Attorney at Law
2  California Bar No. 67930
   316 West Second St., Suite 1200
3  Los Angeles, CA 90012
   Tel: (213) 627-1793
4  Fax: (213) 489-4700
   Email: Attyjoewalsh@aol.com
5
   MICHAEL M. CRAIN
6  Attorney at Law
   California Bar No. 45083
7  Post Office Box 3730
   Santa Monica, CA 90408
8  Tel: (310) 571-3324
   Fax: (310) 571-3354
9  Email: Michaelmcrain@aol.com

10 Attorneys for Defendant
   ROBERT LEE GRIFFIN

11

12

13                 UNITED STATES DISTRICT COURT

14               CENTRAL DISTRICT OF CALIFORNIA

15

16  UNITED STATES OF AMERICA,      )   Case No.   CR-02-938-RGK
                                    )
17         Plaintiff,               )   **DEFENDANT GRIFFIN'S OPPOSITION
                                    )   TO GOVERNMENT IN LIMINE MOTION
18     v.                           )   TO EXCLUDE EXPERT TESTIMONY
                                    )   AND WITHDRAWAL FROM
19  ROBERT LEE GRIFFIN,             )   CONSPIRACY; MEMORANDUM OF
                                    )   POINTS AND AUTHORITIES**
20         Defendant.               )
                                    )   Date:      TO BE ASSIGNED
21  _____)   Time:      TO BE ASSIGNED
                                        Ctrm:      850
22

23

24      The defendant ROBERT LEE GRIFFIN hereby files this opposition

25  to the Government's Motion in limine re Withdrawal from Conspiracy

26  and certain areas of Expert and Lay Testimony.  This opposition is

27  submitted based on the attached points and authorities and any

28  further argument that may be presented at trial.

                              1





1

2 Dated:  Dec. 8, 2006       *Joseph F. Walsh*

                    JOSEPH F. WALSH

3

4                   *Michael M. Crain by JW*

5                   MICHAEL M. CRAIN

6                   Attorneys for Defendant
                   ROBERT LEE GRIFFIN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

The government seeks to exclude expert testimony from
Robert Griffin's expert witnesses concerning Robert Griffin's
withdrawal from the Aryan Brotherhood.   The government also moves
to exclude evidence from defense witnesses concerning the
procedures used by the CDC in determining whether a prison inmate
is a validated member of the Aryan Brotherhood and whether an
Aryan Brotherhood member is active or inactive.   The government
argues the evidence is irrelevant, is an inadmissible legal
conclusion, is based on inadmissible hearsay, and is more
prejudicial than probative.

The government also objects to Mr. Griffin presenting
evidence from the Warden of San Quentin Prison and retired
Institutional Gang Investigator.   Both of these witnesses were
working as the Associate Warden and the Institutional Gang
Investigator at Pelican Bay State Prison during the time of the
Arthur Ruffo and Aaron Marsh murders.   They were both in frequent
contact with Robert Griffin and can testify concerning their
personal knowledge of Mr. Griffin and his actions while housed at
the SHU at Pelican Bay State Prison.   These witnesses are the
central witnesses that Mr. Griffin will be presenting to establish
his defense of withdrawal from the conspiracy charged in the
indictment and his withdrawal from the Aryan Brotherhood.

**ARGUMENT**

**I**

**THE DEFENDANT IS ENTITLE TO CALL EXPERT WITNESSES**

**TO REBUT THE GOVERNMENT'S EXPERT WITNESSES**

The government presented expert testimony that Robert Griffin is a member of the Aryan Brotherhood. Dan Smith, a retired gang investigator for the CDC was the government's expert. The defense should have the same right to call an expert witness to rebut the government's expert and testify that Robert Griffin withdrew from the Aryan Brotherhood. The United States Supreme Court has stated that "Few rights are more fundamental than that of an accused to present witnesses in his own defense." Chambers v Mississippi, 410 U.S. 284, 302 (1973)

In United States v Hankey, 203 F.3d 1160, 1167-1173 (9th Cir. 2000) the Court held that a police gang expert could testify that in his expert opinion that one of the defendants was a gang member and that gangs had a code of silence prohibiting them from giving harmful testimony against another gang member. Such evidence was admissible under Federal Rules of Evidence 702 which provides that an expert may testify "in the form of an opinion or otherwise" if his or her "specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue." Indeed, if a prosecution expert can testify that a defendant was a gang member, a defense expert should be allowed to testify that the defendant withdrew from the gang and is no longer a gang member.

Furthermore, it is not an objection that the expert

4

1   opinion is on an ultimate issue in the case.  Federal Rules of

2   Evidence 704 states that "testimony in the form of an opinion or

3   inference otherwise admissible is not objectionable because it

4   embraces an ultimate issue to be decided by the trier of fact."

5   Lastly, the expert's opinion may be based upon facts and data that

6   are of "the type reasonably relied upon by experts" in the

7   particular field in forming opinions and "the facts or data need

8   not be admissible in evidence in order for the opinion or

9   inference to be admitted." Fed. Rules of Evid. 703.

11                                  II

12          **THE DEFENSE OF WITHDRAWAL REQUIRES THE DEFENDANT**

13          **TO PROVE THAT HE DISAVOWED THE CONSPIRACY AND TOOK**

14          **STEPS TO DISASSOCIATE FROM THE CONSPIRACY WHICH**

15          **NECESSARILY INVOLVES PROVING WHAT MR. GRIFFIN**

16             **TOLD THE AUTHORITIES AT THE PRISON**

18          The government objects to Mr. Griffin offering evidence

19   of his statements to the CDC that he was no longer a member of the

20   Aryan Brotherhood and that he had dropped out of the Aryan

21   Brotherhood.  The government argues this evidence is hearsay and

22   Mr. Griffin's statements to the CDC are self-serving statements.

23   The government is incorrect in their characterization of Mr.

24   Griffin's statement as inadmissible hearsay.  The statements have

25   independent relevance as verbal acts which prove that Mr. Griffin

26   had disavowed the Aryan Brotherhood and constitutes the very

27   evidence proving that Mr. Griffin withdrew from the conspiracy.

28          There are three ways that a person may withdraw from a

                                   5

1  conspiracy.  "A conspirator can withdraw from a conspiracy by: (1)
2  disavowing the unlawful goal of the conspiracy' (2) affirmatively
3  acting to defeat the purpose of the conspiracy' or (3) taking
4  'definite, decisive, and positive' steps to disassociate himself
5  from the conspiracy." United States v Fox, 189 F.3d 1115, 1118
6  (9th Cir. 1999); United States v Lothian, 976 F.2d 1257, 1261 (9th
7  Cir. 1992); United States v Loya, 807 F.2d 1483, 1493 (9th Cir.
8  1987).

9       A person disavows a conspiracy by saying he is no
10 longer a member of the conspiracy.  A person necessarily has to
11 speak in order to disavow the conspiracy.  Disavowing a conspiracy
12 is a verbal act.  It has independent significance as one of the
13 definite, decisive, and positive steps to disassociate himself
14 from the conspiracy.  To some extent, a conspirator's disavowal of
15 the conspiracy affirmatively acts toward defeating the purpose of
16 the conspiracy by removing one of the members of the conspiracy
17 from active participation in the crime.

18      Out of court statements that function as legally
19 operative conduct are not hearsay. Such out of court statements
20 are categorized as "verbal acts." United States v Arteago, 117
21 F.3d 388, 397 (9th Cir. 1997).  For example, the statement of a
22 merchant that he is willing to sell 100 pounds of coffee for $300
23 may be legally operative as an offer.  In an action on the
24 contract, the "truth" of the statement is not at issue.  The out
25 of court statement is admissible in order to prove that the offer
26 had been made. Ibid. at 397 n. 16.

27      In Robert Griffin's case, his out of court statements
28 to the CDC are also admissible as verbal acts establishing that he

6

1  disavowed the Aryan Brotherhood.  The evidence is relevant to

2  prove the defense of withdrawal from the conspiracy.  Under

3  Arteago, the court should not exclude the evidence as hearsay.  It

4  is being offered for a non hearsay purpose, to establish the

5  conduct of Robert Griffin, including his statements, which form

6  the basis of his withdrawal defense.

7

8  Dated:    Dec. 8, 2006                    _Joseph F. Walsh_____
                                            JOSEPH F. WALSH

9

10                                          _Michael M. Crain by JW_____
                                            MICHAEL M. CRAIN

11

12                                          Attorneys for Defendant
                                            ROBERT LEE GRIFFIN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 316 West Second Street, Suite 1200, Los Angeles, California 90012.

On Dec. 8, 2006, I served the foregoing document described as **DEFENDANT GRIFFIN'S OPPOSITION TO GOVERNMENT IN LIMINE MOTION TO EXCLUDE EXPERT TESTIMONY AND WITHDRAWAL FROM CONSPIRACY MEMORANDUM OF POINTS AND AUTHORITIES** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

MARK CHILDS and MARK AVEIS
ASSISTANT U.S. ATTORNEY
1400 UNITED STATES COURTHOUSE
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on Dec. 8, 2006, Los Angeles, California.


_____
CANDACE PARK

8