JOSEPH F. WALSH
Attorney at Law
California Bar No. 67930
316 West Second St., Suite 1200
Los Angeles, CA 90012
Tel: (213) 627-1793
Fax: (213) 489-4700
Email: Attyjoewalsh@aol.com

MICHAEL M. CRAIN
Attorney at Law
California Bar No. 45083
Post Office Box 3730
Santa Monica, CA 90408
Tel: (310) 571-3324
Fax: (310) 571-3354
Email: Michaelmcrain@aol.com

Attorneys for Defendant
ROBERT LEE GRIFFIN

FILED
CLERK, U.S. DISTRICT COURT
DEC 12 2006
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT LEE GRIFFIN,

Defendant.

Case No. CR-02-938-RGK

**DEFENDANT GRIFFIN'S OPPOSITION TO GOVERNMENT IN LIMINE MOTION TO LIMIT TESTIMONY OF IMPEACHMENT WITNESSES AND PRECLUDE USE OF DOCUMENTS NOT PRODUCED; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: TO BE ASSIGNED
Time: TO BE ASSIGNED
Ctrm: 850

The defendant ROBERT LEE GRIFFIN hereby files this opposition to the Government's Motion In Limine to limit testimony of impeachment witnesses and to preclude use of documents not produced. This opposition is submitted based on the attached points and authorities and any further argument that may be



DOCKETED ON CM
DEC 13 2006
BY 172

4263

presented at trial.

Dated: Dec. 12, 2006

JOSEPH F. WALSH

MICHAEL M. CRAIN

Attorneys for Defendant ROBERT LEE GRIFFIN

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF FACTS

The government seeks to exclude the testimony of three defense investigators who will be called to impeach several of the government's informant witnesses with their prior inconsistent statements. Such evidence is admissible under Federal Rules of Evidence 613(b) and Mr. Griffin will only offer evidence that complies with that Rule.

The government also seeks to exclude evidence of any documents that have not been disclosed pursuant to Federal Rules of Criminal Procedure, Rule 16. In a letter to the government prior to trial, Mr. Griffin's counsel disclosed all the Rule 16 documents he intends to use in the defense case in chief. Those documents related to the testimony of the expert witnesses. The government's motion does not raise any issue concerning those disclosed documents. Rather, the government's motion seeks to exclude Rule 16 documents related to the testimony of the defense investigators. As to those witnesses, there are no Rule 16 documents, so there are no fact upon which the government may raise a Rule 16 violation objection.

## ARGUMENT

## I

## THE DEFENDANT IS ENTITLE TO IMPEACH WITNESSES WITH THEIR PRIOR INCONSISTENT STATEMENTS

The government called several inmate witnesses who testified in the government's case in chief. During cross examination, some of the witnesses were asked whether they had told a defense investigator something different from what they had testified on direct examination. To the extent that the witnesses have made inconsistent statements prior to trial to a defense investigator, evidence of the prior inconsistent statements is admissible to impeach the witness. The government's witnesses were given an opportunity to explain or deny the prior statements during cross-examination and the government had an opportunity to examine the witness about the statement on redirect. Furthermore, all of the inmate witnesses were placed on call so that they may be called back to court to testify further if needed. Thus, the government has had more than an adequate opportunity to examine their own witnesses about the prior inconsistent statements.

Rule 613(b) of the Federal Rules of Evidence provides that "Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon, or the interests of justice otherwise require." The Advisory Notes to 613(b) state that "The traditional insistence that the attendance of the witness be directed to the statement on cross-examination

is relaxed in favor of simply providing the witness an opportunity to explain and the opposite party an opportunity to examine on the statement, with no specification of any particular time or sequence."

In United States v Higa, 55 F.3 448, 451-452 (9th Cir. 1995) the Court held that evidence of prior inconsistent statements is properly admitted to impeach a witness if "the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness thereon." In Higa, a prosecution witness told the police and a grand jury that the defendant was part of a planned drug conspiracy, but at trial he recanted and said that his prior statements were untrue. The Court held that the district judge properly allowed a customs agent and a lawyer to describe the witness's prior statements to them. This extrinsic impeachment evidence was properly admitted under Rule 613(b) because the statements were inconsistent, the witness was afforded an opportunity to explain or deny the statements, and the opposite party was allowed to interrogate the witnesses regarding the statements.

In this case, Mr. Griffin should be allowed to present evidence of the prior inconsistent statements of any of the government's witnesses. Mr. Griffin's counsel will only offer those statements that are inconsistent and that comply with Rule 613(b). However, "The trial judge has a 'high degree of flexibility' in deciding how much inconsistency is enough to permit use of a prior statement for impeachment." United States v Higa, supra, 55 F.3d at 453.

II

**THERE ARE NO UNDISCLOSED DOCUMENTS IN THIS CASE**

Mr. Griffin will not be offering any documents in connection with the testimony of any of the defense investigators. Thus, the government's motion to exclude documents for a violation of Rule 16 does not apply to the facts of this case. Mr. Griffin will be offering documents in relation to the expert witnesses. Those documents have been disclosed prior to trial. There has been no Rule 16 violation in connection with those documents and the government's motion to exclude documents does not appear to be directed at those documents.

Dated: Dec. 12, 2006

Joseph F. Walsh
JOSEPH F. WALSH

Michael M. Crain by JW
MICHAEL M. CRAIN

Attorneys for Defendant
ROBERT LEE GRIFFIN

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 316 West Second Street, Suite 1200, Los Angeles, California 90012.

On Dec. 12, 2006, I served the foregoing document described as **DEFENDANT GRIFFIN'S OPPOSITION TO GOVERNMENT IN LIMINE MOTION TO EXCLUDE EXPERT TESTIMONY AND WITHDRAWAL FROM CONSPIRACY MEMORANDUM OF POINTS AND AUTHORITIES** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

MARK CHILDS and MARK AVEIS
ASSISTANT U.S. ATTORNEY
1400 UNITED STATES COURTHOUSE
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on Dec. 12, 2006, Los Angeles, California.

CANDACE PARK