Michael R. Belter, Esq.
600 Playhouse Alley, Suite 402
Pasadena, CA 91101
Telephone: (626) 405-4911
Facsimile: (626) 405-4913
E-Mail: mbelteresq@sbcglobal.net

Attorney for Defendant
Ronald B. Slocum

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) NO. CR-02-938-DOC |
|---|---|
| Plaintiff, | ) DEFENDANT SLOCUM'S REPLY TO |
| v. | ) GOVERNMENT RESPONSE TO |
|  | ) MOTION FOR SEVERANCE |
| RONALD BOYD SLOCUM, | ) |
| Defendant. | ) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that the defendant, RONALD BOYD SLOCUM, by and through his attorney, Michael Belter, hereby files the attached reply to Defendant's motion to sever his trial from co-defendants Wayne Bridgewater and Michael Houston. This motion is filed on behalf of Mr. Slocum. This motion is filed pursuant to the Fifth and Sixth Amendments to the United States Constitution, Fed. R. Crim. P. 8, 12, 14 and 26. Mr. Slocum hereby moves this Court to: Sever the trial of Mr. Slocum from co-defendants Michael Houston and Wayne Bridgewater.




This motion is based upon the instant motion and notice of motion, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

**The Defense of Mr. Slocum is Mutually Antagonistic to That of Mr. Bridgewater and Mr. Houston, Not Merely Inconsistent or Antagonistic**

In his Motion for Severance, Mr. Slocum argues that the expected antagonistic defenses presented by Mr. Houston, Mr. Bridgewater and himself will transform this joint trial into more of a contest between defendants than between the government and the defendants.[1] The government argues that the defendant has failed to demonstrate that the expected defenses are so irreconcilable that a severance is warranted. And in the alternative any concern about their inconsistent nature can be cured with jury instructions. *Zafiro v. United States,* 506 U.S. 534 (1993).

First, the government argues that in order for defendants Bridgewater and Houston to claim self defense, they must characterize the letter Al Benton received as a "warning" of danger from the DC Blacks. This "warning message is not antagonistic at all to Mr. Slocum's defense because if the jury believes defendant's Bridgewater and Houston's defense that Mr. Slocum sent a warning message into USP Lewisburg and acquits them on a self defense theory, Mr. Slocum

---

[1] See previously submitted filing detailing defendant's proffered defenses, the irreconcilable defenses are as follows: Mr. Slocum will argue he did not send in *any message* to Lewisburg to Al Benton regarding war with D.C. Blacks. Mr. Houston and Mr. Bridgewater will argue the exact opposite position. As seen in the United States v. Mills trial, Mr. Bridgewater's counsel argued that Mr. Slocum is the actual author of the message. The core to their defense of the Lewisburg murders is as follows: Mr. Slocum, a high ranking and highly regarded member of the Aryan Brotherhood sent in the message "War with D.C. - T.D." That message was immediately interpreted by Al Benton as a direct and imminent threat to his life, to Mr. Houston's life, and to Mr. Bridgewater's life. Benton decided to take immediate action to defend himself and warned the other defendants to do the same. Further, Mr. Houston and Mr. Bridgewater will embrace the government's position, and argue that Mr. Slocum *did send in the message.* Mr. Houston and Mr. Bridgewater will ask the jury to consider this fact as an essential part of their self-defense claim. If the jury accepts this fact, it will then go on to examine whether the reaction by Houston and Bridgewater was reasonable.

could also be acquitted on the warning message theory."[2]  This argument ignores Mr. Slocum's assertion that he did not send in any such message. Further, it fails to take into account that counsel for Mr. Bridgewater, while representing Mr. Bingham in the United States v. Barry Mills trial, cross examined Mr. Benton and argued to the jury that the author of the "warning" was in fact Mr. Slocum, not Mr. Bingham. This position was maintained throughout the trial, despite the testimony of Mr. Benton that Mr. Slocum had no knowledge of rumored assaults against AB members at USP Marion or any knowledge of the contents of the warning message. In fact, throughout his testimony, Mr. Benton made it clear that Mr. Slocum was unaware of any directive for the assaults at USP Lewisburg.[3]

Second, the government argues if the jury believes that Mr. Slocum did not send a message into USP Lewisburg, the jury could still find defendants Bridgewater and Houston acted in self defense. The government points out that the jury could believe that either Al Benton created the message or that someone else could have sent in the warning message.[4]

Third, the government argues that if the jury accepted that defendants Bridgewater and Houston acted in self defense and a message was in fact a warning message, the jury could still find Slocum not guilty based on a theory that there is insufficient evidence linking him to the murders.[5] This argument again ignores the fact that counsel for Mr. Bridgewater has asserted the position that in fact Mr. Slocum is the author of the "war with DC" message.

As to each argument, the government ignores the fact that counsel for Bridgewater and Houston will make every effort, as seen in the United States v. Mills trial, to argue the author of the message was in fact Mr. Slocum and not Mr. Bingham, and that the telephone calls by Mr.

---

[2] Government Response, page 9 lines 3-11

[3] See transcripts of United States v. Barry Mills, Day 34 Vol. III, pgs. 65-66; 73, 74, Day 35 Vol. II pgs. 11, 14; day 36 Vol. I pgs. 33, 43-44, 56.

[4] This argument is wholly inconsistent with the government's position that Houston and Bridgewater are not entitled to raise a self defense

[5] Government Response, page 13 lines 1 through 5.

-3-

Benton to Mr. Slocum on August 28, 1997 and September 3, 1997 are proof that Mr. Slocum had written the message despite the testimony of Mr. Benton.

As the government has pointed out in their opposition, if the jury accepts Mr. Benton's testimony, they could acquit Mr. Slocum based on either a "warning" message theory or insufficient evidence linking him to the murders.[6] Given this acknowledgment, and that Mr. Bridgewater and Houston will proffer that Mr. Slocum authored the message, joinder of these defendants is highly prejudicial, particularly when the prosecutor's own witness has made it clear that Mr. Slocum did not know the contents or significance of the Bingham message.[7]

The government attempts to distinguish *United States v. Tootick*, 952 F.2d 1078 (9th Cir. 1991). As previously discussed, in *Tootick*, the Ninth Circuit reversed the defendants' convictions for the district court's failure to sever the two defendants. In *Tootick*, the two defendants were jointly tried on charges of assault resulting in serious bodily injury. Each defendant contended that the other was solely responsible for the crime, a stabbing. Although only defendant Frank testified, both defendant Frank and defendant Tootick advanced their theories through the arguments of counsel, and their respective examinations.

The Ninth Circuit recognized that the *Tootick* defendants' mutually exclusive defenses had "the effect" of [bringing] a second prosecutor into the case with respect to their co-defendant." Id. at 1082. By acting as a "second prosecutor" as to each co-defendant, the defendants' attorneys conferred a tremendous advantage upon the prosecution.

> The government's case becomes the only unified and consistent presentation. It presents the jury with a way to resolve the logical contradiction inherent in the defendants' positions. While the defendants' claims contradict each other, each claim individually acts to reinforce the government's case.

---

[6] See Government Response, pages 9, lines 3 through 7; and 13, lines 1 through 5.

[7] As to the August 1997 USP Lewisberg offense conduct, the government's key witness, Al Benton, asserted during his testimony in United States v. Mills, that Mr. Slocum was not aware of any order or directive to assault African American inmates.

Id. Because the defendants' trial under these convictions resulted in "manifest prejudice", the Ninth Circuit reversed each defendant's conviction. Id. at 1083.

Notwithstanding the government's cited arguments, there exists mutually exclusive defenses as to the triggering events of the USP Lewisburg killings. Severance should be granted.

### Severance of Capital and Non Capital Defendants

In his Motion for Severance, Mr. Slocum argues that the death qualification of the jury will prejudice him, because this process produces a jury which is naturally "conviction prone". The government correctly cites *Buchanan v. Kentucky*, 483 U.S. 402 (1987) and *Lockhart v. McCree*, 476 U.S. 162 (1986), where the United States Supreme Court has rejected this claim. However, the death qualification process will nonetheless eliminate a fair cross section of the community otherwise available to Mr. Slocum in a separate trial. It is expected that many otherwise qualified jurors will be excused due to their opposition to capital punishment or their personal inability to return a verdict of death. *United States v. Rollack*, 64 F. Supp. 2d 255 257-258 (S.D.N.Y. 1999).

In *Rollack*, the Court noting possible bias of a capital qualified jury and that "many serious crimes ...are charged only against the capital defendant" concluded that "fundamental fairness requires severance". The government argues that the most serious crimes in this case, counts six and seven are charged against all defendants, thus no prejudice exists as in *Rollack*, where a less culpable defendant was being tried with more culpable capital defendants. [8]

This argument ignores the evidence. Here, the government's theory of participation and best evidence, [9] establish that Mr. Houston and Mr. Bridgewater are actual participants in the murders of both victims whereas Mr. Slocum passed on an invisible note, the contents and meaning of which he was unaware. Moreover, the government's own evidence establishes that

---

[8] Count Six of the indictment alleges the murder of A. Salaam and Count Seven the murder of F. Joyner at USP Leisburg on August 28, 1997.

[9] Mr. Al Benton is the key government witness as to all three defendants.

Mr. Slocum was unaware of the specific rumored facts and circumstances at USP Marion which concerned Mr. Benton and contributed to the actions he initiated.[10] Therefore, based on the government's evidence, in support of Counts Six and Seven, Mr. Slocum should be acquitted based on insufficient evidence relating to the murders and assaults.[11] Mr. Houston and Mr. Bridgewater stand in a different and much more serious position akin to the capital defendant in *Rollack*. Such opposite roles and involvement, in light of the antagonistic defenses cited supra, gives rise to "compelling prejudice" and requires a severance.

Dated: December 14, 2006

Respectfully Submitted,

*M. R. Belter*

Michael R. Belter, Esq.
Attorney for Defendant
Ronald Boyd Slocum

---

[10]  See transcripts of United States v. Barry Mills, Day 34 Vol. III pages 49, 65, 66-67, 73, 74-75, Day 35 Vol II pages, 6-7, 11-12, 14-15, Day 35 Vol. IV pages 23-24, 27, 33-34, 43-44, 47.

[11]  The Government concedes this very possibility in it's Response, page 9 and 13.

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | STATE OF CALIFORNIA, COUNTY OF LOS ANGELES |

I, Christina Apostel Hicklin, am a resident of/employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is: 600 Playhouse Alley, Suite 402, Pasadena, California 91101.

On December 15, 2006, I served the foregoing **DEFENDANT'S REPLY TO GOVERNMENT OPPOSITION TO MOTION TO SEVER** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

SEE ATTACHED SERVICE LIST

☒ (BY MAIL) I caused such envelope with postage thereon fully paid to be placed in the United States mail at Pasadena, California.

☒ (FEDERAL) I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on <u>December 15, 2006</u>

C.A.H.

Chrisina Apostel Hicklin

## SERVICE LIST

Terry K. Flynn, Esq.
Assistant U. S. Attorney
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Terri.K.Flynn@usdoj.gov

Mark H. Donatelli, Esq.
1215 Paseo De Peralta
P. O. Box 8180
Santa Fe, New Mexico 87504

Mark Fleming, Esq.
433 G Street, Suite 202
San Diego, California 92101

Michael V. White, Esq.
1717 Fourth Street, Third Floor
Santa Monica, California 90401