1  GEORGE S. CARDONA
   Acting United States Attorney
2  THOMAS P. O'BRIEN
   Assistant United States Attorney
3  Chief, Criminal Division
   J. MARK CHILDS (Cal. Bar No. 162684)
4  MARK AVEIS (Cal. Bar No. 107881)
   Assistant United States Attorneys
5  Organized Crime and Terrorism Section
   1500 United States Courthouse
6  312 North Spring Street
   Los Angeles, California 90012
7  Telephone: (213) 894-4477
   Facsimile: (213) 894-3713
8  Email: Mark.Aveis@usdoj.gov
   Attorneys for Plaintiff
9  United States of America



10              UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,  )    No. CR 02-938(E)-RGK
                               )
13            Plaintiff,       )    GOVERNMENT'S NOTICE OF MOTION
                               )    AND MOTION IN LIMINE RE
14            v.               )    WITHDRAWAL FROM CONSPIRACY AND
                               )    CERTAIN AREAS OF EXPERT AND LAY
15  JOHN STINSON and ROBERT    )    TESTIMONY; MEMORANDUM OF POINTS
    LEE GRIFFIN,               )    AND AUTHORITIES
16                             )
              Defendants.      )    [No hearing set]
17  _____)

18

19      TO: ALL PARTIES OF RECORD

20      PLEASE TAKE NOTICE that on a date, time and place to be set

21  by the Court, the government will move the Court for an order

22  precluding witnesses, especially defendant Griffin's designated

23  expert witnesses, from rendering any opinion or concluding, or

24  otherwise testifying, that a defendant withdrew from the charged

25  conspiracy.  The government will further move the Court for an

26  order precluding defendant Griffin's witnesses, lay or expert,

27

28

United States v. Griffin, et al., CR 02-938(E)-RGK
Gov't Motion in Limine re Expert Opinion

DOCKETED ON CM
DEC 21 2006
DEC 2 1 2006
BY         002

4300

1  from testifying about "procedures utilized by the CDC to house
2  current and former members of the Aryan Brotherhood and the
3  nature of such housing, the procedures used by the CDC to
4  determine whether a validated member of the Aryan Brotherhood is
5  active or inactive, . . . , and the active or inactive Aryan
6  Brotherhood membership status of individuals relevant to this
7  case."  The motion is made on the grounds that such testimony or
8  evidence is irrelevant, constitutes an inadmissible legal
9  conclusion, is based on inadmissible hearsay, and, in any event,
10 is more prejudicial than probative and would result in confusion
11 and a waste of time.
12      The motion will be based on this notice of motion, the
13 attached memorandum of points and authorities, the Court file,
14 and such other evidence or argument as the Court may consider.
15 Dated: 12/6/06        Respectfully submitted,
16                       GEORGE S. CARDONA
                         Acting United States Attorney
17
                         THOMAS P. O'BRIEN
18                       Assistant United States Attorney
                         Chief, Criminal Division
19

20                       _____
21                       J. MARK CHILDS
                         MARK AVEIS
22                       Assistant United States Attorney
                         Attorneys for Plaintiff
23                       UNITED STATES OF AMERICA
24
25
26
27
28                                2    United States v. Griffin, et al., CR 02-938(E)-RGK
                                       Gov't Motion in Limine re Expert Opinion

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.    BACKGROUND

    Defendant Griffin has given notice of his intent to introduce evidence that he withdrew from the charged RICO conspiracy prior to the commencement of the statute of limitations period and that, therefore, this action is barred as a matter of law.  The government has introduced evidence showing that defendants, including defendant Griffin, conducted Aryan Brotherhood business well into the period within five years before the indictment was filed,[1] such as, for example, defendant Griffin's "check-in" postcard to AB member Ronnie Slocum in February 2002 (exhibit 26A) and co-conspirator/defendant Stinson's letter to AB associate Kenny Landers in regarding the "taxing" of drug dealers for the benefit of the AB (exhibit 28A).

    Notwithstanding such evidence, defendant Griffin has contended that he withdrew from the AB conspiracy prior to the five year period preceding the July 25, 2002 indictment.[2] Especially, defendant Griffin has contended that he withdrew from the AB conspiracy in 1985.  <u>See</u> defendant Griffin's motion to

---

[1] The relevant charge carries a five-year statute of limitations.  18 U.S.C. § 3282.

[2] Defendant Stinson has at times during trial also indicated that he withdrew from the AB conspiracy.  However, defendant Stinson did not designate or disclose any expert witnesses, nor did he give notice of his intent to rely on and, therefore, to co-designate defendant Griffin's experts.  Accordingly, defendant Stinson should be precluded from introducing any expert testimony at all on the subjects covered by this motion.

1   dismiss based on statute of limitations, filed on or about June
2   30, 2006.

3       In furtherance of his contention, defendant Griffin gave
4   notice that he intends to call as expert witnesses San Quentin
5   Prison Warden Robert Ayers and CDC Correction Officer Barry J.
6   O'Neill, and possibly other witnesses, to testify regarding
7   "procedures utilized by the CDC to house current and former
8   members of the Aryan Brotherhood and the nature of such housing,
9   the procedures used by the CDC to determine whether a validated
10  member of the Aryan Brotherhood is active or inactive, . . . ,
11  and the active or inactive Aryan Brotherhood membership status of
12  individuals relevant to this case."  See Exhibit A, Defendant
13  Griffin's purported expert witness disclosure.  Presumably, by
14  the foregoing, defendant Griffin intends to prove that the
15  testimony of experts regarding defendant's gang "inactivity" for
16  the purposes of determining defendant's conditions of confinement
17  is relevant to show he withdrew from the AB conspiracy.

18      The government respectfully submits that such testimony
19  would be irrelevant, would constitute an inadmissible legal
20  conclusion, and would be unexceptionable hearsay.  Accordingly,
21  the government moves the Court to exclude such testimony.
22  ///
23  ///
24  ///

28                          4      United States v. Griffin, et al., CR 02-938(E)-RGK
                                   Gov't Motion in Limine re Expert Opinion

II.  NO WITNESS SHOULD BE PERMITTED TO RENDER ANY OPINION, OR
     OFFER A CONCLUSION, THAT DEFENDANT WITHDREW FROM THE ARYAN
     BROTHERHOOD RACKETEERING CONSPIRACY

A.   <u>A Witness' Opinion, that CDC Concluded that Defendant(s)
     Were No Longer Active in the AB, is Irrelevant</u>

        Whether or not a witness believes, or CDC concluded, that a
defendant was no longer "active" in the AB is irrelevant.
Indeed, the labels, "active" or "inactive," are misleading and
inconsistent with the factual findings and legal conclusion of
whether or not a defendant withdrew from the charged conspiracy.
In order to avail himself of the withdrawal defense, "a defendant
must demonstrate some type of affirmative action which disavows
or defeats the purpose of the conspiracy, either by 'making of a
clean breast to the authorities, or communication of the
abandonment in a manner reasonably calculated to reach co-
conspirators." <u>United States v. Dorn</u>, 561 F.2d 1252, 1256 (7th
Cir. 1977), citing <u>United States v. Borelli</u>, 336 F.2d 376, 388
(2d Cir. 1964), <u>cert. denied</u>, 379 U.S. 960.  Moreover, merely
"dropping out" of the gang, i.e., becoming "inactive," is
insufficient evidence of withdrawal from a conspiracy as a matter
of law.  <u>See</u> <u>United States v. Read</u>, 658 F.2d 1225, 1233, n. 4
(7th Cir. 1981) ("Dropping out during the limitations period does
not absolve a defendant.")

        Thus, a witness' or CDC's conclusions or labels about the
character ("active" or "inactive") of a gang member's involvement
with a gang are not relevant to the trier of fact's job to

1   determine whether or not a defendant withdrew from the charged

2   conspiracy as a matter of law.  Quite the contrary, CDC's

3   determination of an inmate's gang status is relevant only to

4   CDC's own internal determination regarding an inmate's conditions

5   of confinement.  The Court has heard substantial evidence that

6   CDC "locked down" members of the AB in the Special Housing Unit

7   ("SHU") at Pelican Bay State Prison because CDC had concluded

8   that AB members, including defendants, were involved in AB

9   activities and high-security, limited contact confinement was the

10  only to curb gang activity.  CDC's decision to "lock down"

11  defendants had nothing to do with whether or not, and would be

12  irrelevant to, defendants' engaging in the charged conspiracy.

13  Similarly, it should be irrelevant that an inmate was released

14  from the SHU because CDC concluded an inmate might not presently

15  be "active" in the gang.  Furthermore, CDC's decision regarding

16  defendant's conditions of confinement, which involved classifying

17  defendant as active or inactive in a gang, was not an

18  "affirmative action" which was demonstrated by the defendant as

19  to his intent to withdraw from gang activity.  CDC's decision in

20  and of itself is irrelevant to defendant's state of mind

21  regarding defendant's continued involvement in the AB conspiracy.

22  B.    A Witness' Opinion, Lay or Expert, to the Same Effect is an

23        Inadmissible Legal Conclusion

24        By the same token, a witness' opinion, that a defendant

25  withdrew from, or "dropped out" of a gang, is an inadmissible

26  legal conclusion.  See, e.g., United States v. Urbanik, 801 F.2d

27

28                                6    United States v. Griffin, et al., CR 02-938(E)-RGK
                                       Gov't Motion in Limine re Expert Opinion

692, 697 (4th Cir. 1986) (withdrawal from conspiracy "clearly one for the jury."); opinion testimony in the form of a legal conclusion is inadmissible. <u>See, e.g.</u>, <u>Hygh v. Jacobs</u>, 961 F.2d 359, 363 (2d Cir. 1992).

Allowing defendant's proffered experts, or any other witness, to render an opinion that defendant was "active" or "inactive" in the AB would be the functional equivalent of rendering the inadmissible opinion that defendant had withdrawn from the AB conspiracy.  Thus, the government requests that the Court preclude any witness from offering an opinion that, because CDC (or the witness) had concluded a defendant was no longer "active" in the AB, defendant had "withdrawn" from or was otherwise no longer in the gang.  Only the jury may render the legal conclusion, based on proper evidence, that a defendant withdrew from the charged conspiracy.

C.   <u>Evidence that CDC Concluded that a Defendant Withdrew from</u>
     <u>or Dropped Out of the AB Conspiracy, or was "Active" or</u>
     <u>"Inactive" is More Prejudicial than Probative, Would Cause</u>
     <u>Confusion, and Would Be Unduly Time Consuming</u>

It would be more prejudicial than probative for the jury to hear evidence from CDC officials that CDC had concluded that a defendant withdrew from or dropped out of the AB, or even that a defendant was "active" or "inactive" in the AB.  It is not expected that the evidence would, however, be that bold. Instead, and of great concern to the government, would be the introduction of evidence that CDC had concluded that a defendant

7

was no longer "active" in the gang or was no longer "actively participating" in the gang. Again, CDC's conclusions about such matters are relevant only to CDC's security and administrative determinations about an inmate's conditions of confinement. CDC is not concerned as to whether an inmate has criminal exposure for conspiracy, as is, of course, the heart of the present case.

Furthermore, an expert's opinion, especially an expert on penal matters (like the warden of San Quentin) would likely carry great weight with the jury. The jury will not understand the distinction between the witness' opinion as to the inmate's gang involvement and the legal question of whether or not a defendant has withdrawn from the conspiracy. Thus, the jury will be confused by such testimony and such testimony should be precluded.

Finally, testimony from witnesses and experts regarding "active" or "inactive" gang status will result in an undue waste of trial time. The jury does not need to hear evidence of how the CDC decides where and how to house inmates based on an internal or administrative evaluation of an inmate's involvement in a gang. The jury has heard a reasonably sufficient amount of evidence that CDC (and the federal prison system) classifies an inmate for confinement based on the inmate's criminal history and history of prison violence. That information provided a relevant context for proof that the AB recruited and consisted of the most violent inmates. Further evidence of the process by which inmates are classified for conditions of confinement would be

1  well beyond the scope of relevant evidence in this case, and

2  would evolve into an unnecessary lecture on how prisons are run.

3  III. DEFENDANTS' PURPORTEDLY EXCULPATORY STATEMENTS TO CDC SHOULD

4      BE PRECLUDED

5      It is expected that one or more experts will testify that

6  defendants withdrew, dropped out of, or became inactive with the

7  AB based on the expert's interpretation of statements by a

8  defendant.  For example, defendant Griffin submitted numerous

9  statements to the CDC between the period of 1997 and 2002 in an

10  effort to be released from SHU confinement.  Such statements

11  include defendant Griffin's contention that he was no longer

12  involved in the AB.

13      Defendant Griffin's statements about his purported lack of

14  AB involvement are plainly inadmissible hearsay.  They are the

15  opposite of statements against interest; they are self-serving

16  statements of a party.

17  IV.  CONCLUSION

18      Based on the foregoing, the government requests that the

19  Court preclude reference to opinions, conclusions, or testimony

20  that a defendant "withdrew" from the AB as more fully detailed

21  above.

22

23

24

25

26

27

28

United States v. Griffin, et al., CR 02-938(E)-RGK
Gov't Motion in Limine re Expert Opinion

September 15, 2006

**VIA FACSIMILE TO: (213) 894-0142**
Mark Childs, Assistant United States Attorney
Mark Aveis, Assistant United States Attorney
Organized Crime and Terrorism Section
United States Attorney, Central District of California
312 N. Spring Street
Los Angeles, California 90012

    Re    <u>U.S. V. John Stinson, et al.</u>, CR 02-938(E)-RGK

Dear Mr. Childs and Mr. Aveis:

    Pursuant to Fed.R.Crim.Proc. Rule 16(b)(1)(C), counsel for defendant Robert Lee Griffin hereby designate Robert L. Ayers, Jr. and Barry J. O'Neill as expert witnesses in this case. The expert witnesses' qualifications concerning the subject matter of their expected testimony are detailed in the resumes attached to this letter and serve as the bases and reasons for the knowledge and opinions comprising their expected testimony.

    Each of the expert witnesses is expected to testify as to California Department of Corrections (currently known as California Department of Corrections and Rehabilitation, hence CDC) customs and practices regarding the Aryan Brotherhood. They are expected to testify as to how inmates are designated (i.e. "validated") by the CDC as members of the Aryan Brotherhood, the procedures utilized by the CDC to house current and former members of the Aryan Brotherhood and the nature of such housing, the procedures used by the CDC to determine whether a validated member of the Aryan Brotherhood is active or inactive, the nature of the CDC debriefing process, and the active or inactive Aryan Brotherhood membership status of individuals relevant to this case.

    Counsel for Mr. Griffin reserve the right to designate additional individuals as expert witnesses if they become available. At this time, Mr. Ayers and Mr. O'Neill are the only known experts which counsel for Mr. Griffin intends to call as witnesses. In the event additional expert



witnesses become known to counsel for Mr. Griffin, they will designate them in accordance with Fed.R.Crim.Proc. Rule 16(b)(1)(C) without delay.

Yours truly

MICHAEL M. CRAIN

CERTIFICATE OF SERVICE

I, Tonia L. Johnson, declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**GOVERNMENT'S NOTICE OF MOTION AND MOTION IN LIMINE RE WITHDRAWAL FROM CONSPIRACY AND CERTAIN AREAS OF EXPERT AND LAY TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES**
service was:

[] Placed in a closed
envelope, for collection
and interoffice delivery
addressed as follows:

[] Placed in a sealed
envelope for collection and
mailing via United States Mail,
addressed as follows:

[] By hand delivery
addressed as follows:

[x] By electronic mail as follows: **See Attached List**

[ ] By messenger as follows:

[ ] By federal express as follows:

This Certificate is executed on **December 06, 2006**, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

TONIA L. JOHNSON

U.S. v. ROBERT LEE GRIFFIN, ET AL.,
CR NO. 02-938-RGK

Joseph F. Walsh, Esq. (ROBERT GRIFFIN)
316 West Second Street, Suite 1200
Los Angeles, CA 90012
Email: Attyjoewalsh@aol.com
t-213-627-1793
f-213-789-4700

Michael M. Crain, Esq. (ROBERT GRIFFIN)
P.O. Box 3730
Santa Monica, CA 90408
Email: Michaelmcrain@aol.com
t-310-571-3324
f-310-626-9983

Knut Johnson, Esq. (DAVID CHANCE)
1010 Second Avenue, Suite 1850
San Diego, CA 92101
Email: knut@knutjohnson.com
t-619-232-7080
c-619-602-0277
f-619-232-7324

John Cotsirilos, Esq. (DAVID CHANCE)
2442 Fourth Avenue
San Diego, CA 92101
Email: Mccabeatty@aol.com
t-619-232-6022
c-619-316-9188
f-619-232-6052

Paul Potter, Esq. (JOHN STINSON)
Potter, Cohen & Samulon
3852 East Colorado Blvd.
Pasadena, CA 91107
Email: pepsquire@earthlink.net
t-626-795-0681

Terrence Bennett, Esq. (JOHN STINSON)
P.O. Box 709                    **Regular Mail**
Pasadena, CA 91102-0709
Email: benedictus@earthlink.net
t-626-798-6675

Kenneth Alan Reed (JOHN STINSON)
404 West Fourth St.,  Suite C
Santa Ana,  CA 92701
KAR_crimlaw@bcglobal.net
t-825-953-7400
f-714-953-7414
c-714-423-9947