JOSEPH F. WALSH
Attorney at Law
California Bar No. 67930
316 West Second St.
Los Angeles, CA 90012
Tel: (213) 627-8793
Fax: (213) 489-4700
Email: Attyjoewalsh@aol.com

MICHAEL M. CRAIN
Attorney at Law
California Bar No. 45083
Post Office Box 3730
Santa Monica, CA 90408
Tel: (310) 571-3324
Fax: (310) 571-3354
Email: Michaelmcrain@aol.com

Attorneys for Defendant
ROBERT LEE GRIFFIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT LEE GRIFFIN, <br><br> Defendant. | Case No. CR-02-938-RGK <br><br> DEFENDANT GRIFFIN'S OBJECTION TO ADMITTING DEBRIEFINGS UNDER FRE 703 AND 705; MOTION TO STRIKE VOUCHING TESTIMONY OF AGENT HALUALANI; AND REQUEST FOR CAUTIONARY INSTRUCTION ON THE GOVERNMENT'S CROSS EXAMINATION OF ROBERT AYERS; MEMORANDUM OF POINTS AND AUTHORITIES <br><br> Date: TO BE ASSIGNED <br> Time: TO BE ASSIGNED <br> Ctrm: 850 |

The defendant ROBERT LEE GRIFFIN hereby files this objection to the admission of debriefing documents offered by the government and he moves the Court to strike the vouching

1

testimony of Agent Halualani and he requests the court to give a cautionary jury instruction concerning the government's improper cross examination of defense witness Robert Ayers.

Dated:      Dec. 15, 2006

_/s/ Joseph F. Walsh_
JOSEPH F. WALSH

_/s/ Michael M. Crain by JW_
MICHAEL M. CRAIN

Attorneys for Defendant
ROBERT LEE GRIFFIN

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

The government seeks to introduce numerous debriefing documents under Federal Rules of Evidence, Rules 703 and 705. Mr. Griffin objects on the grounds that the documents are hearsay; they are testimonial hearsay that would violate Mr. Griffin's Confrontation Clause rights; and that the probative value of the documents are outweighed by their prejudicial effects, since the source of the information is the unreliable debriefings of inmates and convicted felons.

Mr. Griffin also moves to strike Agent Halualani's vouching testimony in which he testified that the government investigated the credibility of several of the inmate government witnesses and determined that they were credible. Mr. Griffin finally moves the Court for a cautionary jury instruction to advise the jury that the government's cross examination of Robert Ayers had improperly suggested that defense counsel had not given Mr. Ayers all of the debriefings in Mr. Griffin's confidential file, when in fact, the government had refused to disclose the contents of Mr. Griffin's confidential file to defense counsel. Two weeks before the cross examination of Mr. Ayers, the Court upheld the government's right to withhold the confidential file from defense counsel.

## ARGUMENT

### I

### THE DEBRIEFINGS THE GOVERNMENT WISHES TO OFFER INTO EVIDENCE ARE NOT THE "FACTS AND DATA" UPON WHICH THE EXPERT BASED HIS OPINION AND ARE THUS NOT ADMISSIBLE UNDER FRE 703 AND 705

The government did not establish on cross examination that Robert Ayers relied upon the debriefing documents that were the subject of the prosecutor's hypothetical questions. Before the debriefing documents may be admitted into evidence under the Federal Rules of Evidence there must be evidence that the expert witness based his expert opinion on the debriefing documents. In this case, Robert Ayers <u>never</u> testified that in reaching his opinion he relied upon the debriefings that were summarized in the government's hypothetical questions.

In fact, in each case where a debriefing was presented in a hypothetical question to Mr. Ayers, the witness testified that he had not seen the debriefing document before. Thus, he had not based his expert testimony on those unseen debriefing reports. The government was able to have the witness say that further consideration of these debriefing reports <u>might</u> cause him to reconsider his opinion if he gave the matter further study. However, on redirect, Mr. Ayers testified that his opinion had not changed after merely being asked the hypothetical questions by the government.

The rules concerning the admissibility of the underlying facts and data relied upon by an expert are set forth

4

in the Federal Rules of Evidence. Rule 703 states that an expert can base his opinion on "facts and data" made known to him before the hearing. The facts and data must be of a type reasonably relied upon by experts in the particular field and it is not necessary that the facts or data be admissible in evidence in order for the opinion to be admitted.

If the party who calls the expert wishes to introduce the facts and data into evidence to support the expert's opinion, he can do so only if "the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." Fed. R. Evid. 703. The Advisory Note states that the court must weigh the probative value of the evidence in assisting the jury in weighing the expert's opinion with the risk of prejudice resulting from the jury's potential misuse of the evidence for substantive purposes rather than to evaluate the basis for the expert's opinion.

The adverse party however is not subject to the same balancing requirement of Rule 703. Rule 705 states that an expert may testify to his expert opinion "without first testifying to the underlying facts and data." Rule 705 concludes by stating that "The expert may in any event be required to disclose the underlying facts and data on cross-examination." Thus, the adverse party has a right on cross-examination to reveal to the jury the nature of the underlying "facts and data." However, Rule 705 must be read in light of Rule 703. The only "facts and data" that the adverse party may disclose on cross-examination are the <u>facts and data "upon which</u>

1  an expert bases an opinion." Fed. R. Evid. 703.

2  The debriefings that the government wishes to introduce
3  into evidence are not the facts and data upon which Robert Ayers
4  formed his expert opinion in this case. Most of the debriefings
5  were not read by Mr. Ayers in forming his expert opinion. Mr.
6  Ayers testified that if he were to consider these new debriefings
7  they might cause him to reconsider his opinion, but he never said
8  that any of the new debriefings did change his opinion.

9  Furthermore, the government on cross-examination did
10 not show the debriefing to Mr. Ayers. To make these new
11 debriefing admissible, the government needed to establish on
12 cross-examination that these debriefings were in fact part of the
13 underlying "facts and data" upon which he based his opinion.
14 Ayers was never asked that question on cross-examination and he
15 never testified that the debriefings referenced in the
16 government's hypothetical questions were used in forming his
17 expert opinion. Without such testimony, the debriefings are not
18 admissible under Rule 703 and 705 of the Federal Rules of
19 Evidence.

20 The debriefings at issue in this case are essentially
21 police reports and as such they are testimonial hearsay. This
22 evidence may not be admitted against Robert Griffin without
23 violating his rights under the Confrontation Clause. Crawford
24 v. Washington, 541 U.S. 36 (2004); Davis v Washington, 126 S. Ct.
25 2266 (2006).

26 The Sixth Amendment to the United States Constitution
27 provides: "In all criminal prosecutions, the accused shall enjoy
28 the right . . . to be confronted with the witnesses against him."

1  In Crawford, the Court held that only testimonial statements
2  implicate the Confrontation Clause. "Where testimonial evidence
3  is at issue . . . the Sixth Amendment demands what the common law
4  required: unavailability and a prior opportunity for cross-
5  examination." Crawford v. Washington, supra at 68. Because
6  Crawford had no opportunity to cross-examine the declarant, the
7  Court held that the Confrontation Clause precluded introduction
8  of his wife's recorded statement that had been given to police
9  authorities in anticipation of prosecution. Id. at 68.

10          In Crawford, the prosecution introduced a statement
11 made by the defendant's wife to a police officer during an
12 interrogation in an effort to gather evidence against Crawford.
13 The Court held that police interrogations "fall squarely within"
14 the class of statements the Framers intended the clause to
15 exclude. Crawford v. Washington, supra at 53. These statements
16 are "testimonial under even a narrow standard." Id. at 52. The
17 Court in Crawford concluded that the term "testimonial statement"
18 applies "at a minimum to prior testimony at a preliminary
19 hearing, before a grand jury, or at a former trial; and to police
20 interrogations." Id. at 68.

21          In Davis v. Washington, 126 S. Ct. 2266 (2006) the
22 Court recently held that a 911 telephone call made to seek
23 protection from immediate danger did not constitute testimonial
24 hearsay. However, the Court in Hammon v. Indiana, a companion
25 case with Davis, held that a victim's statement to a police
26 officer after the officer arrived at the home in response to a
27 report of a domestic disturbance did constitute testimonial
28 hearsay which was admitted in violation of the Confrontation

7

Clause. The Court stated that statements "are testimonial when the circumstances indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." Davis v. Washington, 126 S. Ct. at 2273-2274.

The debriefings in this case are identical with the police interviews in Crawford and Davis and are testimonial hearsay. The government seeks to offer the debriefing without giving Mr. Griffin an opportunity to cross-examine the prisoners who were being debriefed. If this evidence is admitted it would violate Mr. Griffin's rights under the Confrontation Clause. Finally, Mr. Griffin urges the court to exclude the debriefings on the grounds that the probative value of the evidence is outweighed by the prejudicial effect of the evidence. Fed. R. Evid. 403. The evidence consists of the unreliable statements of convicted felons and former gang members.

II

**THE COURT SHOULD STRIKE THE VOUCHING TESTIMONY OF AGENT HALUALANI**

The court should strike the vouching testimony of Agent Halualani. This witness was called as a defense witness for the co-defendant John Stinson. The attorney for Robert Griffin asked no questions of this witness. During direct examination Mr. Stinson's attorney asked Agent Halualani about the fact that

1  Clifford Smith committed perjury during the Mills trial in Santa
2  Ana. Stinson's attorney asked Agent Halualani what the
3  government did in relation to the continued use of Smith as a
4  government witness after learning of the perjury. The court then
5  asked the witness why the government decided to continue to use
6  Smith after learning of the perjury in Santa Ana. The agent
7  briefly responded that the government decided to continue to use
8  Smith even after learning of the perjury.
9          Before cross-examination, Mr. Griffin objected to the
10 government allowing the witness to vouch for the credibility of
11 the government informant witnesses on redirect examination. The
12 court overruled the objection and on redirect the government
13 asked Agent Halualani to explain in detail how the government
14 tested the credibility of various informants including Brian
15 Healy, Clifford Smith and John Harper. Halualani testified that
16 the government had developed evidence and records that
17 corroborated the testimony of these witnesses and the government
18 was satisfied that they were all telling the truth and had not
19 lied. This was improper vouching testimony that was highly
20 prejudicial. Mr. Griffin had no hand in questioning Agent
21 Halualani and should not suffer the consequences of any mistake
22 made by Stinson's attorneys in their questioning of this witness.
23
24         It is improper vouching for one government witness to
25 testify that another government witness would not lie. United
26 States v Geston, 299 F.3d 1130, 1136 (9th Cir. 2002). In Geston,
27 the Ninth Circuit stated that "it is reversible error for a
28 witness to testify over objection whether a previous witness was

telling the truth." Ibid. Citing <u>United States v Sanchez-Lima</u>, 161 F.3d 545, 548 (9th Cir. 1998). In both <u>Gaston</u> and <u>Sanchez-Lima</u>, the court reversed the convictions for improper vouching.

More recently, the Ninth Circuit reversed yet a third criminal conviction for government vouching for the credibility of their key witness. <u>United States v Combs</u>, 379 F.3d 564, 572-576 (9th Cir. 2004). In <u>Combs</u>, the court stated that "It is improper vouching for the prosecutor to offer personal assurances of the veracity of government witnesses or to suggest their testimony is supported by information not introduced as evidence." Id. at 574. Vouching is especially prejudicial in cases "where the credibility of the witnesses is crucial." Id. at 576, citing <u>United States v Necoechea</u>, 986 F.3d 1273, 1276 (9th Cir. 1993).

Based on these cases, the defendant urges the court to strike the vouching testimony of Agent Halualani and instruct the jury to disregard the testimony. The prosecutor should also be directed not to vouch for witnesses in final argument and not refer to the stricken testimony of Agent Halualani.

### III

### <u>THE COURT SHOULD GIVE AN INSTRUCTION ADVISING THE JURY THAT PART OF THE GOVERNMENT'S CROSS-EXAMINATION OF ROBERT AYERS WAS MISLEADING AND IMPROPER</u>

During the cross-examination of Robert Ayers, the government suggested that defense counsel did not provide Mr.

1  Ayers with all of the documents in the confidential file of Mr.
2  Griffin's CDC file. This was improper. The government
3  deliberately withheld the confidential file from the discovery.
4  Mr. Griffin's counsel made a motion for its discovery and the
5  court denied the motion approximately two weeks before Mr. Ayers
6  began his testimony. Under these circumstances, the court
7  should instruct the jury in order to correct any false impression
8  given by the government. See, <u>Berger v United States</u>, 295 U.S.
9  78, 88 (1935) [While the prosecutor "may strike hard blows, he is
10 not at liberty to strike foul ones."].

Dated:    Dec. 15, 2006

_____
JOSEPH F. WALSH

_____
MICHAEL M. CRAIN

Attorneys for Defendant
ROBERT LEE GRIFFIN

## DEFENSE PROPOSED JURY INSTRUCTION

During cross-examination of defense expert witness Warden Robert Ayers, government's counsel Mark Aveis implied that defense counsel had not provided Mr. Ayers with the entire confidential file that was contained in Robert Griffin's CDC Central file and this might cause Mr. Ayers's opinion to be less persuasive. In fact, defense counsel requested a copy of the entire confidential file of Robert Griffin from the government but the request was denied. As a result of that denial, only some, but not all of the documents in Mr. Griffin's confidential file were given to defense counsel and defense counsel provided Robert Ayers with all of the confidential documents and debriefings that defense counsel had received from the government. Therefore, you should not consider the fact that Warden Robert Ayers did not read all of the documents and debriefings in Robert Griffin's confidential file as a factor that in any way lessens the persuasiveness of his expert testimony, because the lack of his access to Robert Griffin's entire confidential file was caused by the government's refusal to provide defense counsel with a copy of the entire confidential file.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 316 West Second Street, Suite 1200, Los Angeles, California 90012.

On Dec. 8, 2006, I served the foregoing document described as **DEFENDANT GRIFFIN'S OPPOSITION TO GOVERNMENT IN LIMINE MOTION TO EXCLUDE EXPERT TESTIMONY AND WITHDRAWAL FROM CONSPIRACY MEMORANDUM OF POINTS AND AUTHORITIES** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

MARK CHILDS and MARK AVEIS
ASSISTANT U.S. ATTORNEY
1400 UNITED STATES COURTHOUSE
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on Dec. 8, 2006, Los Angeles, California.

_____
CANDACE PARK