1  Michael V. White, State Bar No. 58620
   LAW OFFICES OF MICHAEL V. WHITE
2  1717 Fourth Street, Third Floor
   Santa Monica, California 90401
3  (310) 576-6242

4  William S. Harris, State Bar No. 90341
   LAW OFFICES OF WILLIAM S. HARRIS
5  1499 Huntington Drive
   Suite 403
6  South Pasadena, CA 91030
   (626) 441-9300
7
   Attorneys for Defendant
8  WAYNE BRIDGEWATER



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 15 2006

CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. CR 02-938(E)-DOC |
|---|---|
| Plaintiff, | REPLY BRIEF IN SUPPORT OF JOINT MOTION TO SEVER TRIALS |
| vs. | DATE: December 19, 2006 |
| WAYNE BRIDGEWATER, | TIME: 7:30 a.m. |
| Defendant. | DEPT.: Courtroom 9C |

Defendant Wayne Bridgewater, on behalf of himself and his co-defendants, hereby submits his reply brief in support of the joint motion to sever trials. Defendant Bridgewater

///
///
///
///
///
///
///
///



DOCKETED ON CM

DEC 22 2006

BY _____ 038

(4305)

also adopts and incorporates the reply briefs concurrently filed by his co-defendants Houston and Slocum.

DATED: December 15, 2006

Respectfully submitted,

**LAW OFFICES OF WILLIAM S. HARRIS**

By _____
William S. Harris
Attorneys for Defendant
WAYNE BRIDGEWATER

# REPLY BRIEF

## 1. PREJUDICIAL SPILLOVER

The government argues that Bridgewater and Houston can suffer no prejudice from the joinder because the additional murders, attempted murders and narcotics crimes charged against Slocum "constitute direct evidence of the RICO enterprise and conspiracy charges against them [Bridgewater and Houston] and therefore are not prejudicial." Government's Response, Page 21.

This argument is incorrect. The fact that this additional evidence is admissible against Mr. Bridgewater and Mr. Houston in Count 1 and Count 2 does not "therefore" negate the prejudice. Admissibility does not, standing alone, negate prejudice.

Under the government's theory, all of this additional evidence would also be admissible and therefore non-prejudicial as "direct evidence" against Guthrie, Darcy, Martin, Principe and so forth. Those peripheral defendants are also named in Count 2. Despite the admissibility, it would be highly prejudicial and quite unfair to introduce all of Slocum's charged murders, attempted murders and narcotics activity against them in a joint trial with Slocum. Asking the jury to compartmentalize the evidence between those peripheral defendants with limited involvement, and Slocum with near-universal involvement, would be more than the market could bear.

Bridgewater and Houston are in much the same position as those other peripheral defendants. As **Exhibit A** demonstrates, the direct AB involvement of Bridgewater and Houston is limited to Lewisburg. By contrast, Slocum is alleged to have direct and nationwide AB involvement all the way back to 1983. With disparity this great, it is asking too much mental gymnastics for the jury to compartmentalize in a joint trial with Slocum.

The government also asserts that the additional crimes charged against Slocum will help it prove up the enterprise element, specifically the "decision-making structure" and "hierarchy" of the AB. Government's Response, Page 23. That doesn't explain why Slocum needs to be joined as a defendant. The government adequately proved up AB structure and hierarchy in the *Mills/Bingham* trial without Slocum sitting as a defendant in the courtroom.

In sum, Slocum brings an avalanche of additional murders, attempted murders and

narcotics crimes which the government would not introduce against Bridgewater and Houston, but for the joinder of Slocum. Adding Slocum will needlessly complicate the trial, and needlessly tax the capacity of any jury to compartmentalize. The court should sever Slocum from this trial to eliminate spillover prejudice.

## 2. JUDICIAL ECONOMY

The government also asserts that defendants have not explained how a severance will serve the interest of judicial economy, and that only a joint trial can promote that interest. Government's Response, Page 24.

In fact, the interest of judicial economy will be served by Slocum's severance and hindered by a joint trial with Bridgewater and Houston. Nobody can dispute that severing out Slocum will shorten and simplify the trial against Bridgewater and Houston. **Exhibit A** proves the point as to this trial.

At the same time, Slocum can be joined to one of the upcoming trials before Judge Phillips, Judge Carney or Judge King without added costs or delay. Severance does not create an extra trial. Severance of Slocum from this trial is a win-win proposition on judicial economy.

## 3. CONCLUSION

For the reasons stated above, this court should sever the trials of Wayne Bridgewater and Henry Michael Houston from the trial of their co-defendant Ronald Slocum.

DATED: December 15, 2006

Respectfully submitted,

LAW OFFICES OF WILLIAM S. HARRIS

By _____
William S. Harris
**Attorneys for Defendant**
**WAYNE BRIDGEWATER**

Wsh\5561\reply.brief

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Teresa Mac Millan, am a resident of/employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is: 1499 Huntington Drive, Suite 403, South Pasadena, California 91030.

On December 15, 2006, I served the foregoing **REPLY BRIEF IN SUPPORT OF JOINT MOTION TO SEVER TRIALS** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

SEE ATTACHED SERVICE LIST

☒ (BY MAIL) I caused such envelope with postage thereon fully paid to be placed in the United States mail at South Pasadena, California.

☒ (FEDERAL) I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 15, 2006

Teresa Mac Millan

**SERVICE LIST**

Terri K. Flynn, Esq.
411 West Fourth Street, Suite 8000
Santa Ana, California 92701

Mark H. Donatelli, Esq.
Rothstein, Donatelli, Hughes, Dahlstrom,
 Schoenburg & Bienvenu, LLP
1215 Paseo De Peralta
P. O. Box 8180
Santa Fe, New Mexico 87504-8180

Mark Fleming, Esq.
433 G Street, Suite 202
San Diego, California 92101

Michael V. White, Esq.
1717 Fourth Street, Third Floor
Santa Monica, California 90401

Michael R. Belter, Esq.
600 Playhouse Alley, Suite 402
Pasadena, California 91101