FILED BY FAX

2006 DEC 15 PM 3: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

Mark H. Donatelli
Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenu, LLP
1215 Paseo de Peralta
P.O. Box 8180
Santa Fe, New Mexico 87504-8180
Phone: (505) 988-8004 Fax: (505) 982-0307

Mark F. Fleming SBN 165770
433 G Street, Ste. 202
San Diego, California 92101
Phone: (619) 652-9970 Fax: (619) 652-9964

Attorneys for Defendant
HENRY MICHAEL HOUSTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HENRY MICHAEL HOUSTON, et. al. <br><br> Defendants. | CASE NO. CR-02-938-DOC <br><br> **DEFENDANT HOUSTON'S and DEFENDANT BRIDGEWATER'S REPLY TO GOVERNMENT'S RESPONSE TO:** <br><br> **SEVER THE TRIAL OF HENRY MICHAEL HOUSTON AND WAYNE BRIDGEWATER FROM CO-DEFENDANT RONALD SLOCUM.** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that the defendant, HENRY MICHAEL HOUSTON, by and through his attorneys, Mark Donatelli and Mark F. Fleming, hereby files the attached reply to Defendant's motion to sever his and co-defendant Wayne Bridgewater's trial from co-defendant Ronald Slocum. This motion is filed on behalf of Mr. Houston, Mr. Bridgewater, and where joined, by Ronald Slocum. This motion is filed pursuant to the Fifth and Sixth Amendments to the United States Constitution, Fed. R. Crim. P. 8, 12, 14 and 26. Mr. Houston hereby moves this Court

DOCKETED ON CM

DEC 22 2006

1) Sever the trial of Mr. Houston and co-defendant Wayne Bridgewater from co-defendant Ronald Slocum.

This motion is based upon the instant motion and notice of motion, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

December 14, 2006

Mark Donatelli
Mark F. Fleming
Counsel for Defendant Houston

## I.

## INTRODUCTION

The government objects to the defense's joint request to sever the trial of Mr. Houston and Mr. Bridgewater from that of Mr. Slocum. The government argues that "despite their many arguments, defendants...have not overcome the presumption in favor of a joint trial with co-defendants charged in the same case, particularly in the same conspiracy" and that we have "failed to show any cognizable prejudice sufficient to overcome the public interest in a joint trial..." Gov. Response page 1. The government urges this Court to deny the severance since the request is based on a self-defense claim that "is speculative and untenable." Gov. Response page 10. The defendants, the government concludes, "cannot be allowed to rely on a claim they will not even be able to prove at trial to establish that a severance is necessary." Gov Response page 11.

Having conveniently dismissed Mr. Bridgewater's and Mr. Houston's right to raise a self-defense claim, the government argues that *without* the self-defense claims in the way, a severance is not warranted. True, the lack of a self-defense claim would certainly strengthen the government's argument. However, the government mistakenly urges this Court to assume, for purposes of deciding the severance motion, that the self-defense instruction will *not* be given, when, in fact, the Court should assume exactly the *opposite*. Assuming the defense meets the minimal threshold required to receive the self-defense instruction,[1] the defense of Mr. Houston and Mr. Bridgewater are mutually antagonistic and

---

[1] Mr. Bridgewater and Mr. Houston expect to satisfy the minimal threshold required to receive the self-defense instruction. The suggestion that the defense is "spinning" facts simply to get a severance is both untrue and insulting. Gov. Response page 13. Counsel for Mr. Houston and Mr. Bridgewater have appeared before this Court many times and assume the Court does not believe counsel would intentionally misrepresent facts in order to secure a favorable ruling. The facts as set forth in the defense motion will be presented to the jury. Whether or not the actions of Mr. Houston and Mr. Bridgewater were reasonable in light of these facts is for the jury, not the government, to decide. If the jury decides their actions were unreasonable, it will convict the defendants of either manslaughter (i.e. imperfect self-defense), second degree, or first degree murder. <u>See</u> 18 Pa.C.S.A. § 2503(b), unreasonable self-defense belief may result in voluntary manslaughter conviction.

1

exclusive to that of Mr. Slocum, thus requiring severance.[2]

## II.
### The Defense of Mr. Houston and Mr. Bridgewater is Mutually Antagonistic to That of Mr. Slocum, Not Merely Inconsistent or Antagonistic.

The government cites the correct standard for severance: "[t]o be entitled to a severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." Gov. Response page 8, citing Throckmorton, 87 F.3d at 1072 (9th Cir. 1996). As set forth by Mr. Slocum in his (previously) under seal filing in support of severance, the irreconcilable defenses are as follows: Mr. Slocum will argue he did not send in *any message* to Lewisburg to Al Benton regarding war with D.C. Blacks. That is the core to his defense of the Lewisburg murders. Mr. Slocum will no doubt rely on the fact that no such message was intercepted by the authorities at USP Lewisburg, and will attempt to discredit Al Benton as a prison informant who is avoiding the death penalty in exchange for providing false testimony about Slocum's involvement in the Lewisburg murders. It is reasonable for Mr. Slocum to present this defense, considering that he is not able to raise a self-defense claim, since he was safely in California and certainly not in any danger from the D.C. Blacks at Lewisburg. If the jury concludes that Slocum *did* send in that message, as will be argued by the government, he will be found guilty of the murders of Salaam and Joyner.

Mr. Houston and Mr. Bridgewater will argue the exact opposite position. The core to their defense of the Lewisburg murders is as follows: Mr. Slocum, a high ranking and highly regarded member of the Aryan Brotherhood sent in the message "War with D.C. - T.D."[3] That message was immediately

---

[2] Mr. Slocum is filing a reply to the government's objection to defendants request to sever based on prejudicial spillover. Mr. Houston joins in that reply.

[3] The government argues that this position is not antagonistic since Houston and Bridgewater will probably argue the message was a warning, not a war call, as did Mills and Bingham, and thus even though Slocum argues he sent in no message at all, the jury might, on its own, reconcile this contradiction and acquit all three. With all due respect, this is nonsense. First, Bridgewater and Houston are not required to rely on a (losing) argument presented by Mills and Bingham during their trial. Any trial attorney will agree it is better to, whenever possible, embrace the government's theory. Second, the government will itself argue the message was not a mere warning but a war call, pitting itself and Bridgewater and Houston on the one side against Slocum on the other. One might

2

interpreted by Al Benton as a direct and imminent threat to his life, to Mr. Houston's life, and to Mr. Bridgewater's life. Benton decided to take immediate action to defend himself and warned the other defendants to do the same. Mr. Houston and Mr. Bridgewater will embrace the government's position on this point, and argue that Mr. Slocum *did send in the message*. Mr. Houston and Mr. Bridgewater will ask the jury to consider this fact as an essential part of their self-defense claim. If the jury accepts this fact, it will then go on to examine whether the reaction by Houston and Bridgewater was reasonable. If the jury concludes the reaction was reasonable, Houston and Bridgewater will be found not guilty.⁴ Under the relevant Pennsylvania self-defense statute, the jury may decide that although the actions of Houston and Bridgewater were unreasonable, the appropriate finding is voluntary manslaughter or second degree murder. Either outcome would result in the rejection by the jury of the death penalty for Houston and Bridgewater.

The government relies heavily on the Wagner decision in support of its position that Houston and Bridgewater are not entitled to a self-defense instruction, and thus do not present antagonistic defenses. Gov. Response pages 9 - 11. In Wagner, the defendant first threw a hot bowl of water on his victim, a suspected prison informant named Austin, then chased Austin down in full view of prison guards, and stabbed him to death. Wagner claimed that he believed Austin, a slightly built prison orderly, who, at the direction of guards, placed the bowl of hot water in front of Wagner's cell, was going to throw the water at him.. Wagner claims he threw hot water at Austin, then chased down the unarmed man and stabbed him to death, to prevent Austin from dousing him with the water. United States v. Wagner, 834 F.2d at 1474 (9th Cir. 1987).

Wagner is not helpful to the government. Houston and Bridgewater are not claiming they were fearful that the D.C. Blacks were about to soak them in hot water. They believed the D.C. Blacks, a

---

imagine any number of fanciful ways the jury could reconcile these facts - the relevant point is that the positions presented by the parties are, at the core, irreconcilable.

4 The government confidently proclaims that Bridgewater and Houston will not be able to make out a claim of self-defense because it will prove that they "laid in wait, planned and surprised their victims." Gov. Response page 9. It is worth remembering the related trial of Knorr, MacIntosh, and Sahakian in Benton, Illinois. The government was equally confident that the self-defense claim in the killing of Terry Walker (see Count 8) would be rejected by that jury, particularly since Walker was unarmed and killed in full view of guards. No doubt to the government's surprise, a majority of jurors voted not guilty. None of the defendants were convicted of murder.

3

1  vicious prison gang who just eight months earlier butchered a white inmate named Perry York at the same
2  institution because he was believed to be a member of the Aryan Brotherhood, were going to kill them. The
3  Wagner court held that the merest scintilla of evidence will not guarantee a self-defense instruction. We
4  agree. The Wagner court also stated that a self-defense instruction 'must be given if there is evidence upon
5  which the jury could rationally sustain the defense." Wagner at 1486. As in Sahakian, et al, Houston and
6  Bridgewater are confident they will be able to produce a sufficient amount of evidence upon which the jury
7  could rationally sustain a claim of self-defense.

8      Wagner is dissimilar for another, more basic reason. Mr. Wagner did not face the death
9  penalty. This distinction is of no small consequence. The Supreme Court has consistently held that the fact
10 finding process in a death penalty case carries a greater need for reliability than a non-death case. See Beck
11 v. Alabama, 447 U.S. 625 (1980) (greater need for reliability in death penalty case required that the jury be
12 allowed to consider lesser included offenses than 1st degree murder - case reversed). This Court recently
13 recognized the same concern when it held that "[D]eath is fundamental different from all other forms of
14 punishment. Because the death penalty is uniquely different in its finality and severity, increased scrutiny
15 is required at every step of the capital process to ensure that death is the appropriate penalty." United States
16 v. Mills, 446 F.Supp.2d. 1115 (C.D. Cal. 2006).

17     The government argues that even if "Bridgewater and Houston are able to argue some sort
18 of self-defense claim based on a warning message and Slocum maintains that he did not send in a message
19 into Lewisburg, those defenses are not antagonistic." Gov. Response page 11. The government then goes
20 on to theorize that even if the jury accepts Slocum's defense that no message was sent in by him to
21 Lewisburg, it might still find that Bridgewater and Houston acted in self-defense since someone other than
22 Slocum could have sent in the message, or it might conclude that maybe Benton created the message
23 himself. Gov. Response page 12. Of course, no evidence that anyone other than Slocum sent in the message
24 - or that Benton created the message and claimed it was sent by Slocum, will be presented to the jury. Even
25 if defense counsel for Houston, Slocum, or Bridgewater were foolish enough to argue facts not raised during
26 trial during closing argument, such statements are barred by the Rules of Evidence as unsupported by facts
27 presented during the trial. Again, the government is simply engaging in a fanciful game of "what if" rather
28 than confront the obvious, unmistakable reality that the core of the Lewisburg defenses are mutually

1 | exclusive and antagonistic.

5 | **CONCLUSION**

6 | For the reasons set forth, Mr. Houston and Mr. Bridgewater ask this Court to sever their case from that of their co-defendant, Ronald Slocum.

Respectfully submitted,

Dated: December 15, 2006

**MARK DONATELLI**
**MARK F. FLEMING**
Counsel for Henry Michael Houston

## CONCLUSION

For the reasons set forth, Mr. Houston and Mr. Bridgewater ask this Court to sever their case from that of their co-defendant, Ronald Slocum.

Dated: December 15, 2006

Respectfully submitted,

MARK DONATELLI
MARK F. FLEMING
Counsel for Henry Michael Houston

5

1 | PROOF OF SERVICE

3 | I, Mark Fleming, declare:

5 | I am employed in the County of San Diego, State of California.
6 | My business address is 433 G Street #202, San Diego, CA 92101. I am
7 | over the age of 18 and not a party to the
8 | instant action. I am a member of the bar of this court. On
9 | December 15, 2006 I served the attached:
10 | **MOTION TO SEVER THE TRIAL OF DEFENDANTS HOUSTON AND BRIDGEWATER**
11 |     X  by placing it in a sealed, postage paid envelope and mailing
12 |     ___ by Fax
13 |     ___ by Express Mail or Fed Ex
14 |     addressed as follows:
15 | PLEASE SEE ATTACHED

18 |
19 | This declaration was executed on December 1, 2006 at Santa Ana,
20 | California.
21 | I declare under penalty of perjury that the foregoing is true
22 | and correct.
23 | Mark Fleming
24 | Attorney at Law

ATTACHMENT

UNITED STATES V. HENRY MICHAEL HOUSTON, ET AL.
No. CR 02-938-DOC

MICHAEL BELTER
600 PLAYHOUSE ALLEY
SUITE 402
PASADENA, CA 91101
(COUNSEL FOR RONALD SLOCUM)

MIICHAEL WHITE
1717 4TH STREET
3RD FLOOR
SANTA MONICA, CA 90401
(COUNSEL FOR WAYNE BRIDGEWATER)

WILLIAM HARRIS
1499 HUNTINGTON DRIVE
SUITE 403
SOUTH PASADENA, CA 91030-5458
(COUNSEL FOR WAYNE BRIDGEWATER)

TERRI FLYNN
ASSISTANT U.S. ATTORNEY
411 WEST FOURTH STREET
8TH FLOOR
SANTA ANA CALIFORNIA 92701