Michael V. White, State Bar No. 58620
LAW OFFICES OF MICHAEL V. WHITE
1717 Fourth Street, Third Floor
Santa Monica, California 90401
(310) 576-6242

William S. Harris, State Bar No. 90341
LAW OFFICES OF WILLIAM S. HARRIS
1499 Huntington Drive
Suite 403
South Pasadena, CA 91030
(626) 441-9300

Attorneys for Defendant
WAYNE BRIDGEWATER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WAYNE BRIDGEWATER,<br><br>Defendant. | Case No. CR 02-938(E)-DOC<br><br>NOTICE OF MOTION AND MOTION IN LIMINE OF WAYNE BRIDGEWATER TO EXCLUDE REFERENCES TO OA 364 AND 366; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE: February 5, 2007<br>TIME: 2:00 p.m.<br>DEPT.: Courtroom 9D |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE BE ADVISED that on February 5, 2007, at 2:00 p.m. or as soon thereafter as counsel may be heard, in the courtroom of the Hon. David O. Carter, U. S. District Judge, 411 West Fourth Street, Courtroom 9D, Santa Ana, California 92701, Defendant Wayne Bridgewater will, and hereby does, move the court for an order in limine deleting from the redacted indictment to be read to the jury, and prohibiting counsel for the government from offering into evidence or mentioning in voir dire, opening statement, argument or otherwise, in the presence of jurors or prospective jurors, OA 364 and 366 in the redacted indictment submitted by the government on January 8, 2007.

The motion is made on the ground that the risk of unfair prejudice to Defendant Bridgewater from mention or evidence concerning OA 364 and 366 substantially outweighs the probative value of such evidence. Federal Rule of Evidence 403.

The motion is based on the attached Memorandum of Points and Authorities, the complete files and records in this case, and such additional evidence and argument as may be presented at the hearing on this motion.

**DATED:  January \_\_\_\_, 2007**            **Respectfully submitted,**

                                                        **LAW OFFICES OF WILLIAM S. HARRIS**

                                                        **By**_____
                                                                **William S. Harris**
                                                        **Attorneys for Defendant**
                                                       **WAYNE BRIDGEWATER**

Wsh\5602\notofmotioninlimine2exclude

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.     INTRODUCTION**

On January 5, 2007 this court issued its order denying the defendants' motion for severance. **Docket No. 4332, filed January 5, 2007.** In denying a severance, the court nevertheless ordered that evidence regarding the murder of Richard Barnes must be excluded from a joint trial to avoid unfair prejudice. The court stated:

> "This alleged murder [of Barnes] is different from all other murders alleged in the indictment in that it occurred outside of prison and involved a family member as the victim. The potential for prejudice against Houston and Bridgewater by the introduction of evidence relating to the Barnes murder substantially outweighs its probative value. Federal Rule of Evidence 403. The government has represented that it will forgo prosecution of the Barnes murder and not seek any subsequent prosecution against Slocum based on this alleged conduct. The court expects the government to file a written motion of voluntary dismissal with prejudice. At trial, the government shall not present any evidence relating to the murder of Richard Barnes."

The court added a footnote which stated:

> "The exclusion of this evidence should not harm the government's case, as the indictment alleges several other racketeering acts against Mr. Slocum which, if proven, will likely be sufficient to establish a pattern of racketeering activity."

Following that January 5 order, the government submitted a redacted indictment to be read to the jury based on discussions at the status conference on January 3, 2007. At the status conference, the government stated it was leaning towards deleting OA 364 and 366 from the indictment, but had not yet made a final decision to do so. The redacted indictment submitted on January 5, however, retained OA 364 and 366.

Following receipt of the redacted indictment on January 5, undersigned counsel for Mr. Bridgewater asked Assistant U. S. Attorney Terri K. Flynn whether the government had now decided to present evidence of OA 364 and 366 in this case. On January 8, 2007 Ms. Flynn responded that she may end up not seeking to introduce evidence of OA364 and 366, ". . . but at this point I want those paragraphs read to the jury."

Later on January 8, counsel for Mr. Bridgewater wrote back to Ms. Flynn stating in part:

> "We believe that OA 364 and 366 have to go for the same reason that Barnes had to go, namely, the subject matter of killing a civilian is too inflammatory as to

-3-

Bridgewater and Houston.  We believe DOC will agree.  Reading those OAs to the jury will be as problematic as reading the Barnes allegations to the jury."

The government's present position, therefore, is that OA 364 and 366, at a minimum, should be read to the jury as part of the redacted indictment.

**2.    ARGUMENT**

Evidence of OA 364 and 366 should not be admitted in the case and those paragraphs should be stricken from the redacted indictment to be read to the jury.  OA 364 and 366 pertain to co-defendant Slocum's alleged involvement in a plot to murder a correctional officer at Pelican Bay State Prison in Crescent City, California.  As with the Richard Barnes murder, the subject matter is the killing of a civilian.  Mr. Bridgewater had no involvement in that alleged California murder plot.  Moreover, the government has plenty of other racketeering acts alleged against Mr. Slocum which, if proven, will likely be sufficient to establish a pattern of racketeering activity.

**3.    CONCLUSION**

Consequently, for the same reasons that the court excluded evidence or mention of the Richard Barnes murder by its order of January 5, 2007, the court should also exclude evidence or mention of the alleged plot by Mr. Slocum to murder a correctional officer at Pelican Bay State Prison.  OA 364 and 366 should be stricken from the redacted indictment to be read to the jury under Federal Rule of Evidence 403.

**DATED:  January ____, 2007**              Respectfully submitted,

                                            **LAW OFFICES OF WILLIAM S. HARRIS**


                                            **By**_____
                                                **William S. Harris**
                                            **Attorneys for Defendant**
                                            **WAYNE BRIDGEWATER**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Teresa Mac Millan, am a resident of/employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is: 1499 Huntington Drive, Suite 403, South Pasadena, California 91030.

On <u>January 12, 2007</u>, I served the foregoing **NOTICE OF MOTION AND MOTION IN LIMINE OF WAYNE BRIDGEWATER TO EXCLUDE REFERENCES TO OA 364 AND 366; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

SEE ATTACHED SERVICE LIST

☒ (BY MAIL) I caused such envelope with postage thereon fully paid to be placed in the United States mail at South Pasadena, California.

☒ (FEDERAL) I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on <u>January 12, 2007</u>

Teresa Mac Millan

## SERVICE LIST

Terri K. Flynn, Esq.
Assistant U. S. Attorney
411 West Fourth Street, Suite 8000
Santa Ana, California  92701

Mark H. Donatelli, Esq.
ROTHSTEIN, DONATELLI, HUGHES, DAHLSTROM,
    SCHOENBURG & BIENVENU, LLP
1215 Paseo De Peralta
P. O. Box 8180
Santa Fe, New Mexico  87504

Mark F. Fleming, Esq.
433 G Street, Suite 202
San Diego, California  92101

Michael V. White, Esq.
1717 Fourth Street, Third Floor
Santa Monica, California  90401

Michael R. Belter, Esq.
600 Playhouse Alley, Suite 402
Pasadena, California  91101