Mark F. Fleming, Esq.
Cal SBN 165770
433 G Street #202
San Diego, CA 92101
(619) 652-9961

Mark H. Donatelli, Esq.
1215 Paseo de Peralta
P.O. Box 8180
Santa Fe, New Mexico 87504-8180
(505) 988-8004
NM 691

Attorneys for Defendant
HENRY MICHAEL HOUSTON

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA,  )<br>                              )<br>            Plaintiff,           )<br>                              )<br>       v.                     )<br>                              )<br>HENRY MICHAEL HOUSTON,        )<br>                              )<br>            Defendant.        )<br>_____) | Case No. CR 02-938(E)-DOC<br><br>**NOTICE OF MOTION AND MOTION OF HENRY MICHAEL HOUSTON TO DISCLOSE ALL MATERIALS PREVIOUSLY ORDERED TO BE PRESERVED BY UNITED STATES DISTRICT JUDGE GEORGE H. KING ON JANUARY 13, 2005**<br><br>**DATE:** February 5, 2007<br>**TIME:** 2:00 p.m.<br>**DEPT.:** Courtroom 9D |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE BE ADVISED that on February 5, 2007, at 2:00 p.m. or as soon thereafter as counsel may be heard, in the courtroom of the Hon. David O. Carter, U.S. District Judge, 411 West Fourth Street, Courtroom 9D, Santa Ana, California 92701, Defendant Henry Michael Houston will, and hereby does, move the court for an order requiring disclosure of all materials ordered preserved on January 13, 2005 (Docket No. 1767).

The motion seeks disclosure of all materials ordered preserved by the Court on January 13, 2005. The motion is based on <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Jencks</u> and F. R. Evid 806, as well as the defendant's right to confrontation, to present a defense, to a fair trial, and due process of law.

**DATED: January 13, 2007**            **Respectfully submitted,**

                **By:**  _____
                                **Mark F. Fleming**
                                **Mark Donatelli**

                                **Attorneys for Defendant Henry Michael Houston**

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION.**

On January 13, 2005, Judge King entered Order Docket No. 1767. It provided in part:

Mr. McElhiney's Motion to preserve evidence is granted. The government shall cause the Bureau of Prisons to retain any recordings of telephone calls, copies of letters, or other correspondence, or records thereof, (hereinafter "the materials") of the following inmates, but only to the extent that the materials are normally collected by the BOP.:

1. Michael Bartlett
2. Al Benton
3. Gene Bentley
4. Richard Bernard
5. John Andrew Greschner
6. Alan Hawley
7. Brian Healy
8. Merek Kowaalski
9. Dewey William Lee
10. Scott Martin
11. Irwin McConaghy
12. Michael John McGinley
13. Danny McPheeters
14. Walter Curtis Moles
15. Steven Eugene Moore
16. Phil Meyers
17. Ray Oeschele
18. Steven Ritter
19. Kevin Roach
20. Paul Schneider
21. Jesse and Tony O. Van Meter
22. Michael Thomas Wagner
23. Danny Michael Weeks
24. Richard Lee Williams
25. Michael Witcher

Mr. Houston now seeks the disclosure of all such materials which:

1. May constitute <u>Jencks</u> or impeachment material.

2. Which may be used to impeach any co-conspirator statement admitted at trial under Fed. R. Evid. 801 (d)(2)(E) and pursuant to Fed. R. Evid. 806.

3. Which constitute mitigating information that would be useful to Mr. Houston at a possible penalty phase in this case.

**A.**     **The Government Has a Brady Obligation to Turn Over Impeachment Information.**

In Brady v. Maryland, supra, the Supreme Court held that suppression by the prosecution of evidence favorable to an accused upon request violates due process (where the evidence is material either to guilt or to punishment).  Evidence that compromises the credibility of a government witness is included under Brady as such evidence certainly "undermine confidence in the outcome of the trial."  Kyles v. Whitley, 514 U.S. 419 (1995), at 434.  Therefore, Mr. Houston seeks any of the materials in the possession of the government through BOP that constitute impeachment materials for any witness who testifies at trial.

**B.**     **The Information May Constitute Jencks Material.**

The Jencks Act includes the government as a whole and materials in the possession of BOP which constitute prior statements as defined in the Jencks Act, must be disclosed.  If any witness at trial made statements during a telephone call or heated any written materials that constitute Jencks materials, they must be disclosed to the defense.

**C.**     **The Materials May Be Used For the Purpose of Attacking the Credibility of Any Co-Conspirator Declarant's Statement Introduced by the Government Under Fed. R. Evid. 801 (d)(2)(E).**

Under the Federal Rules of Evidence, a statement made by a co-conspirator, in furtherance of a conspiracy, may be admissible against the defendant under circumstances regardless of the availability of the co-conspirator at trial.  Fed. R. Evid. 801(d)(2)(E).  Under Fed. R. Evid. 806, however, Mr. Houston will be able to attack the credibility of any declarant statement introduced under 801(d)(2)(E).  To the extent that the government will use any declarations of any inmate listed on Judge King's Order as a 801(d)(2)(E) declarant statement, Mr. Houston is entitled to any impeaching information contained in the materials.  For example, if Kevin Roach or Al Benton refer to any conversations they had with Gene Bentley which are admitted pursuant to 801(d)(2)(E), Mr. Houston is entitled to any of Bentley's materials that may, in any way, impeach the declaration offered through Benton or Roach.

**D.     The Materials May Contain Information that Supports Mr. Houston's Mitigation Theories.**

Counsel believe that some of the materials contain information relevant to mitigation theories to be pursued in the event of a possible penalty phase.

A capital defense lawyer's duty to discover mitigating evidence includes an investigation of every aspect of the circumstances of the crime committed. See Wiggins v. Smith, 539 U.S. 510, 524 (2003). In Wiggins, the Supreme Court instructed that "investigations into mitigating evidence should comprise efforts to discover all reasonably mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor" (quoting ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases, 11.4.1(C), P. 93 (1989).

For example, if the materials contain any information relating to any statutory mitigators, prison conditions that may mitigate the offense committed, threats of violence from DC Blacks suffered by or described by any of the inmates listed, or information suggesting BOP mismanagement contributed to levels of violence related to the offense, those materials must be disclosed as Brady information.

**II.     CONCLUSION.**

Two years ago, Judge King ordered the government to preserve information relating to potential witnesses in this case. Mr. Houston seeks all exculpatory information, as described above, in the possession of the government through the Bureau of Prisons. Mr. Houston is entitled to disclosure of these materials in time to adequately prepare his defense. Failure to provide the materials requested will violate his right to confrontation, to present a defense, to fair trial and due process of law as guaranteed by the United States Constitution.

**DATED: January 13, 2007**          Respectfully submitted,

                                By:  _____
                                     **Mark F. Fleming**
                                     **Mark Donatelli**
                                     **Attorneys for Defendant Henry Michael Houston**

5