**Mark H. Donatelli**
**Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenu, LLP**
**1215 Paseo de Peralta**
**P.O. Box 8180**
**Santa Fe, New Mexico 87504-8180**
**Phone:  (505) 988-8004   Fax: (505) 982-0307**

**Mark F. Fleming SBN 165770**
**433 G Street, Ste. 202**
**San Diego, California 92101**
**Phone: (619) 652-9970 fax: (619) 652-9964**

**Attorneys for Defendant**
**HENRY MICHAEL HOUSTON**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HENRY MICHAEL HOUSTON, )<br>)<br>Defendant. )<br>_____) | Case No. CR 02-938-DOC<br><br>**NOTICE OF MOTION AND MOTION TO EXCLUDE OR LIMIT CRIME SCENE PHOTOS, VIDEO TAPES, AUTOPSY PHOTOS AND BLOODY PHYSICAL EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:  February 5, 2007<br>TIME:  2:00 p.m.<br>DEPT.: Courtroom 9D |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE BE ADVISED that on February 5, 2007, at 2:00 p.m. or as soon thereafter as counsel may be heard, in the courtroom of the Hon. David O. Carter, U.S. District Judge, 411 West Fourth Street, Courtroom 9D, Santa Ana, California 92701, Defendant Henry Michael Houston will, and hereby does, move the court for an order excluding or limiting as evidence in his trial crime scene photographs, video tapes, autopsy photos and bloody physical evidence.

The motion seeks the exclusion of highly inflammatory evidence.  The motion is based on the

federal Death Penalty Act, 18 U.S.C. 3592(c), Mr. Houston's right to a fair trial and to due process of law, the attached memorandum of points and authorities, the complete files and records in this case and such additional evidence and argument as may be presented at the hearing on this motion.

**Dated: January15, 2007**            **Respectfully submitted,**

                                              **By:**    _____
                                                        **Mark F. Fleming**
                                                        **Mark Donatelli**

                                                        **Attorneys for Defendant Henry Michael Houston**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

The government has filed a Notice of Intent to seek the death penalty against Mr. Houston. As a result, this is no ordinary murder case where gruesome photographs and physical evidence are routinely admitted. Rather, the Court must carefully scrutinize each and every proffer of evidence of evidence to ensure that Mr. Houston does not suffer unfair prejudice by its admission. This is particularly important with respect to the items of evidence which have the greatest potential for inflaming the jury.

### A. The Federal Death Penalty Act (FDPA) Provides Procedural and Evidentiary Protections for Defendants in Capital Cases That Go Far Beyond Those Afforded Non-Capital Defendants.

18 U.S.C. §3593(c) provides, in pertinent part, that:

> Information is admissible (in the penalty phase of an FDPA prosecution) regardless of its admissibility under the Rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury.

The standard is similar to that set forth in Fed.R.Evid.403 which provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The FDPA standard is more restrictive. It permits exclusion if probative value is outweighed by the danger of prejudice, while the Rule 403 standard allows exclusion only if the probative value is substantially outweighed by the danger of prejudice. Because 3593(c) allows the jury to consider "the trial transcript and exhibits" during penalty phase, the 3593(c) standard must be applied throughout the entire guilt/innocence proceedings. In the instant case, there is a large body of evidence that the Court should screen and exclude before opening statements take place.

Although the government has not notified Mr. Houston and his counsel which specific items of evidence it wishes to show the jury, counsel has observed numerous potential items in the discovery that

3

would serve only to inflame the jury and cause irreparable prejudice to Mr. Houston. These items consist of:

1. Crime scene photos;

2. Crime scene videos;

3. Autopsy photos; and

4. Bloody items of physical evidence taken from the crime scene including a "game board", personal belongings of the victims and bloody clothing.

Most of these items have very little probative value, but have extraordinary, potentially prejudicial impact. Consequently, counsel requests the Court consider each and every item in light of 3593(c), Mr. Houston's right to a fair trial and due process of law before allowing the government to expose them to the jury.

**B.    Courts Have Severely Limited the Admissibility of This Type of Evidence In Capital Cases.**

Arbitrary and capricious death decisions have frequently been imposed out of the passions and prejudices of jurors. Every since Furman state legislatures, congress and federal and state judiciaries have attempted to reduce the possibility of freakish death sentences by limiting or excluding evidence that has the potential of unfairly prejudicing the jury's penalty decision.

18 U.S.C. §3593 is but one of these attempts. For an excellent discussion of the effects of this statute on District Court considerations of admissibility of photographs, autopsy photos and other inflammatory evidence, see United States v. Sampson, 335 F. Supp.2nd 166 (D.C. Mass. 2004), at 177.

Here, the items sought to be excluded are unfairly prejudicial due to their gruesome nature and they would necessarily inflame the jury. Any probative value they may have pales in comparison to their inherently prejudicial nature. Additionally, many of the photos, due to the passage of time, do not accurately depict circumstances immediately after the incident.

4

As the <u>Sampson</u> Court explained, in the context of a capital case, there are unique considerations that may require exclusion of such evidence. Even where some gruesome items may be relevant to material issues, it is likely that the jury will not consider such items solely on those issues. For example, pictures of the crime scene, rather than being considered circumstantially as too intent, will likely be regarded as evidence of brutality of the murders, an improper and highly prejudicial consideration. See <u>United States v. Rezaq</u>, 134 F.3d 1121, 1138 (D.C. Cir. 1998) ("Blood will have blood" excessive depictions of "gore may inappropriately dispose a jury to exact retribution") quoting William Shakespeare, the *Tragedy of Macbeth*, Act 3, Scene 4).

## II.     CONCLUSION.

Unless such items are highly probative, there is no secret as to their real purpose or effect on the jury. If Mr. Houston is to receive a fair trial, the Court should severely limit use of any such items.

**Dated: January 15, 2007**          **Respectfully submitted,**

                                     **By:** _____
                                     **Mark F. Fleming**
                                     **Mark Donatelli**

                                     **Attorneys for Defendant Henry Michael Houston**

5