Michael V. White, State Bar No. 58620
LAW OFFICES OF MICHAEL V. WHITE
1717 Fourth Street, Third Floor
Santa Monica, California 90401
(310) 576-6242

William S. Harris, State Bar No. 90341
LAW OFFICES OF WILLIAM S. HARRIS
1499 Huntington Drive
Suite 403
South Pasadena, CA 91030
(626) 441-9300

Attorneys for Defendant
WAYNE BRIDGEWATER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 02-938(E)-DOC |
| Plaintiff, | NOTICE OF MOTION AND MOTION OF WAYNE BRIDGEWATER TO STRIKE MULTIPLE KILLINGS AGGRAVATING FACTOR; MEMORANDUM OF POINTS AND AUTHORITIES |
| vs. | |
| WAYNE BRIDGEWATER, | |
| Defendant. | DATE: February 5, 2007<br>TIME: 2:00 p.m.<br>DEPT.: Courtroom 9D |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE BE ADVISED that on February 5, 2007, at 2:00 p.m. or as soon thereafter as counsel may be heard, in the courtroom of the Hon. David O. Carter, U. S. District Judge, 411 West Fourth Street, Courtroom 9D, Santa Ana, California 92701, Defendant Wayne Bridgewater will, and hereby does, move the court for an order striking the multiple killings or attempted killings aggravating factor from the notice of intent to seek the death penalty served on November 14, 2006.

The motion based on the fact that the multiple killings aggravating factor impermissibly duplicates the crimes charged in Counts 6 and 7.

1   The motion is based on the attached Memorandum of Points and Authorities, the
2 complete files and records in this case, and such additional evidence and argument as may be
3 presented at the hearing on this motion.

4

5 **DATED:  January ____, 2007**            **Respectfully submitted,**

6                                            **LAW OFFICES OF WILLIAM S. HARRIS**

7

8                                            **By**_____
                                                      William S. Harris
9                                            **Attorneys for Defendant**
                                             **WAYNE BRIDGEWATER**
10

11  Wsh\5602\notofmotion2strikemultiple

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Wayne Bridgewater is charged in Counts 6 and 7 with the VICAR murders of Frank Joyner and Abdul Salaam, respectively. Both occurred within minutes of each other in A-Block at USP Lewisburg. Both are alleged to have been committed as part of a single criminal episode within an alleged race war with black inmates. *See* Count 2, OA 285 and 286.

The government served a notice of intent on Mr. Bridgewater on November 14, 2006. The notice of intent asserts the 3592(c)(16) statutory aggravating factor of multiple killings or attempted killings: "The defendant intentionally killed or attempted to kill more than one person in a single criminal episode."

The multiple killings aggravating factor duplicates the crimes charged in Counts 6 and 7. If convicted on Counts 6 and 7, Mr. Bridgewater will by definition have killed or attempted to kill more than one person in a single criminal episode. The government, in effect, will receive an automatic "aggravating" factor, even though the factor does not aggravate anything since it is subsumed within the conviction itself.

As explained below, such duplication is impermissible and would render any resulting death sentence arbitrary and thus unconstitutional. It would put an improper thumb on the death side of the scale. For this reason, the multiple killings aggravating factor should be stricken from the notice of intent.

## 2. THE MULTIPLE KILLINGS AGGRAVATING FACTOR IMPERMISSIBLY DUPLICATES COUNTS 6 AND 7.

In *United States v. McCullah*, 76 F.3d 1087, 1111-12 (10th Cir. 1996), the Tenth Circuit vacated a death sentence and remanded for resentencing because two statutory aggravating factors under the Anti-Drug Abuse Act duplicated one another. One factor was that the defendant intentionally engaged in conduct he knew to create a grave risk of death and such death occurred; the other factor was the defendant engaged in intentional conduct intending that the victim be killed. The court said the latter "subsumes" the former because, "Any intentional conduct aimed at producing death is by definition conduct done with knowledge of grave risk of

death. 76 F.3d at 1111. Duplicative aggravating factors skew the weighing process and make the resulting death penalty arbitrary and therefore unconstitutional. 76 F.3d at 1112.

*McCullah* addressed duplicative aggravating factors. Judge Matsch applied this same reasoning to strike from the notices of intent "aggravating factors that duplicate the crimes charged in the indictment." *United States v. McVeigh*, 944 F.Supp. 1478, 1489 (D.Colo. 1996), *aff'd*, 153 F.3d 1166 (10th Cir. 1988), *cert. denied*, 526 U.S. 1007 (1999). The government asserted the 3592(c)(1) factor that the bombing deaths had occurred during the commission of five other enumerated crimes. Two of the five crimes entirely repeated charges contained in the indictment. The court ruled that the government could not introduce the two duplicative crimes as aggravating factors. "To allow the jury to weigh as an aggravating factor a crime already proved in a guilty verdict would unfairly skew the weighing process in favor of death." 944 F.Supp. at 1489-90. *Accord*, *United States v. Kacyzinski*, 1997 WL 716487 at *21-23 (E.D.Cal. 1997).

Applying the reasoning of *McCullah* and *McVeigh*, the multiple killings aggravating factor should be stricken because it entirely duplicates the crimes charged in Counts 6 and 7. To allow the jury to weigh as an aggravating factor crimes already proved in a guilty verdict would unfairly skew the weighing process in favor of death.

Striking the multiple killings aggravating factor as duplicative is not inconsistent with *Lowenfield v. Phelps*, 484 U.S. 231 (1988). *Lowenfield* simply held that the Eighth Amendment narrowing function can occur at the guilt stage or the penalty stage, so the fact that an aggravator does not itself narrow the field is not per se unconstitutional. Mr. Bridgewater does not dispute that VICAR narrows the field by limiting it to homicides committed to gain entrance, maintain or further the position in a racketeering enterprise. Mr. Bridgewater's claim here is not that the multiple killings aggravator is non-narrowing, as in *Lowenfield*, but rather that it is duplicative and thus skews the balance. Judge Matsch likewise found *Lowenfield* distinguishable on this ground. *McVeigh*, 944 F.Supp. at 1489.

Several district courts have reached a contrary conclusion from *McVeigh* and held that there is no constitutional problem with an aggravator duplicating crimes charged and proved in

1. the indictment.  *United States v. Cooper*, 91 F.Supp.2d 90, 108-9 (D.D.C. 2000); and *United States v. Llera Plaza*, 179 F.Supp.2d 444, 484 (E.D.Pa. 2001).  The reasoning is that *McVeigh* on this point contradicts the holding of *Lowenfield*.  179 F.Supp. 2d at 484.  As pointed out above, however, *Lowenfield* addresses the question of a non-narrowing aggravating factor, while the question on this motion is the different problem of a duplicative aggravating factor.  Judge Matsch in *McVeigh* correctly found *Lowenfield* to be distinguishable.

**3.     CONCLUSION**

For the reasons stated, this court should strike the multiple killings or attempted killings aggravating factor in the notice of intent dated November 14, 2006.

**DATED:  January ____, 2007**            **Respectfully submitted,**

**LAW OFFICES OF WILLIAM S. HARRIS**


**By**_____
               **William S. Harris**
**Attorneys for Defendant**
**WAYNE BRIDGEWATER**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I, Teresa Mac Millan, am a resident of/employed in the aforesaid county, State of California; I am over the age of 18 and not a party to the within action; my business address is: 1499 Huntington Drive, Suite 403, South Pasadena, California 91030.

    On January 15, 2007, I served the foregoing **NOTICE OF MOTION AND MOTION OF WAYNE BRIDGEWATER TO STRIKE MULTIPLE KILLINGS AGGRAVATING FACTOR; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

SEE ATTACHED SERVICE LIST

☒ (BY MAIL) I caused such envelope with postage thereon fully paid to be placed in the United States mail at South Pasadena, California.

☒ (FEDERAL) I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2007            _____
                                                     Teresa Mac Millan

1 **SERVICE LIST**

2 Terri K. Flynn, Esq.
3 Assistant U. S. Attorney
411 West Fourth Street, Suite 8000
4 Santa Ana, California  92701

5
Mark H. Donatelli, Esq.
6 ROTHSTEIN, DONATELLI, HUGHES, DAHLSTROM,
    SCHOENBURG & BIENVENU, LLP
7 1215 Paseo De Peralta
P. O. Box 8180
8 Santa Fe, New Mexico  87504

9
Mark F. Fleming, Esq.
10 433 G Street, Suite 202
San Diego, California  92101
11

12 Michael V. White, Esq.
1717 Fourth Street, Third Floor
13 Santa Monica, California  90401

14
Michael R. Belter, Esq.
15 600 Playhouse Alley, Suite 402
Pasadena, California  91101
16

17

18

19

20

21

22

23

24

25

26

27

28