Michael R. Belter, Esq.
600 Playhouse Alley, Suite 402
Pasadena, CA 91101
Telephone: (626) 405-4911
Facsimile: (626) 405-4913
E-Mail: mbelteresq@sbcglobal.net

Attorney for Defendant
Ronald B. Slocum

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-02-938-DOC |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY; AND REQUEST FOR PRE-TRIAL HEARING |
| v. | |
| RONALD BOYD SLOCUM, | |
| Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE YOU WILL PLEASE TAKE NOTICE that on February 5, 2007 , or at a date and time to be determined by the Court, in the courtroom of the Honorable David O. Carter, United States District Judge, defendant Ron B. Slocum, by and through his counsel, Michael R. Belter, will and hereby does bring the following motion:

This motion is based upon the instant motion and notice of motion, the memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on this motion.

Dated: January 14, 2007

_____
Michael R. Belter, Esq.
Attorney for Defendant
Ronald B. Slocum

**MOTION**

Counsel for the government and defense have met and conferred and will continue to make attempts to informally resolve all remaining discovery issues. The remaining outstanding issues and materials are subject of this formal motion. It is anticipated that these issues should be resolved by February 5, 2007, however in the event, the parties are unable to reach an accord, Defendant, Ronald B. Slocum moves this Honorable Court for an order: (1) directing the government to produce the following materials.

1. Any and all reports, memoranda and any other documentation concerning law enforcement surveillance of Ron Slocum during the period 1989 through 2002 by any and all law enforcement agencies including but not limited to FBI, DEA, ATF, SIS , Los Angeles County Sheriff and San Bernardino County Sheriff. Said reports should include any and all confidential sources as described in any affidavits which

 have been filed in support of requests for electronic surveillance and or pen registers.

2. Any and all transcripts and or audio taped recordings of intercepted phone conversations between Ron Slocum and the following individuals: [Each of the aforementioned is either a named co-defendant, indicted and or unindicted co-conspirator or an expected government witness or informant. Upon information and belief each of the named individuals is currently and or has been confined by the California Department of Corrections and or the Federal Bureau of Prisons][1]

---

[1] Barry Mills, Tyler Bingham, Robert Griffin, Richard Terflinger, John Stinson, Michael McElhiney, David Chance, Glenn Filkins, Steve Scott, Wayne Bridgewater, Steven Hicklin, Christopher Gibson, Edward Burnett, Edgar Hevele, Mark Nyquist, John Harper, Glen West, Gary Litrell, Elliot Grizzle, John Campbell, Richard McIntosh, Carl Edgar Knorr, Jason Schwyhart, Henry Michael Houston, Oreste Abbamonte, Allen Benton, Kevin Roach, Danny Weeks, Clifford Smith, Michael Thompson, Richard Rose, Sid Griffin, Larry Jones, Wendell Norris, John Greschner, Gene Bentley, Brian Healey, Jessie Van Meter, Ray Oschele, Sam McCart, Bobby Crain, Llyle Hood, Bobby Moore, Junior Snyder, Frank Winship, Glenn West, Clay Barnett, Eugene Bentley, Mary Bentley, Michael Birman, Jesse Brun, Edmund Burkett, Joel Burkett, Michael Clark, Ronnie Criswell, George Evans Harp, Jimmy Lee Inman, Donald Kennedy, Lawrence Klaker, Scot Martin, Jonathan McGinley, Philip Meyers, Christopher Risk, and Michael Wagner.

3. Memos, reports and all intelligence documentation relating in any way to incoming and outgoing mail and/or phone conversations of Al Benton, while incarcerated at USP Lewisburg and any other federal institution, including but not limited to USP Marion, USP Leavenworth, USP Lompoc, USP ADX at Florence.

4. Copies of the complete Housing Records, which should reflect any and all penal institutions, including county jails, state penal institutions and federal penal institutions, at which every named co-defendant, government witness and or informant[2] has been housed and specific dates for such housing.

5. Any evidence of psychiatric hospitalization, psychiatric treatment or mental disease or defect or physical disorder of any witness[3] whom the government intends or contemplates calling at trial. If any medical or hospital records exist, it is requested that the source and locations of such records be provided and/or disclosed. If no such records exist, but such disease, defect or disorder has been observed by others, it is requested that the names and addresses of such persons be disclosed.

---

[2] Specifically, Barry Mills, Tyler Bingham, Robert Griffin, Richard Terflinger, John Stinson, Michael McElhiney, David Chance, Glenn Filkins, Steve Scott, Wayne Bridgewater, Steven Hicklin, Christopher Gibson, Edward Burnett, Edgar Hevele, Mark Nyquist, John Harper, Glen West, Gary Litrell, Elliot Grizzle, John Campbell, Richard McIntosh, Carl Edgar Knorr, Jason Schwyhart, Henry Michael Houston, Oreste Abbamonte, Allen Benton, Kevin Roach, Danny Weeks, Clifford Smith, Michael Thompson, Richard Rose, Sid Griffin, Larry Jones, Wendell Norris, John Greschner, Gene Bentley, Brian Healey, Jessie Van Meter, Ray Oschele, Sam McCart, Bobby Crain, Llyle Hood, Bobby Moore, Junior Snyder, Frank Winship, Glenn West, Clay Barnett, Eugene Bentley, Mary Bentley, Michael Birman, Jesse Brun, Edmund Burkett, Joel Burkett, Michael Clark, Ronnie Criswell, George Evans Harp, Jimmy Lee Inman, Donald Kennedy, Lawrence Klaker, Scot Martin, Jonathan McGinley, Philip Meyers, Christopher Risk, and Michael Wagner.

[3] Specifically, Allen Benton, Kevin Roach, Danny Weeks, Clifford Smith, Michael Thompson, Richard Rose, Sid Griffin, Larry Jones, John Greschner, Gene Bentley, Brian Healey, Jessie Van Meter, Ray Oschele, Sam McCart, Bobby Crain, Llyle Hood, Bobby Moore, Junior Snyder, Frank Winship, Glenn West, Clay Barnett, Eugene Bentley, Mary Bentley, Michael Birman, Jesse Brun, Edmund Burkett, Joel Burkett, Michael Clark, Ronnie Criswell, George Evans Harp, Jimmy Lee Inman, Donald Kennedy, Lawrence Klaker, Scot Martin, Jonathan McGinley, Philip Meyers, Christopher Risk, and Michael Wagner.

6. Any evidence of polygraph or "lie-detector" tests administered to any witness whom the government intends or contemplates calling at trial, and the results of any such tests, including any evidence regarding the refusal of such persons to take any requested polygraph or "lie-detector" tests.

7. Documentation of all agreements with *any* government agency at whatever level, not just those appended to this case, including, but not limited to, any and all informant payroll records, from all agencies in any way appended to an individual's history.

8. SIS reports and or evaluations of each government witness/informant, said reports to include all evaluations of said witness prior to the debriefing as well as all post debriefing evaluations of the information provided.

9. All subsequent investigative efforts including memoranda, notes, DHO reports and debriefings which corroborated and or disproved the allegations made by each informant.

10. Whether any informant, witness, confidential source or cooperating individual was suspected, apprehended or convicted of any crime(s) at any time during which he/she agreed to gather information on behalf of the United States or any other government agency. If so, what crime or offense.

11. Whether any potential or actual criminal charges against any informant, witness, confidential source or cooperating individual were abandoned, altered, or otherwise disposed of upon his/her agreement to gather information on behalf of the United States or any other governmental agency.

12. Any and all reports, memoranda and other documentation regarding any intercepted correspondence and or intercepted communications to or from Ron Slocum and any named defendant, alleged co-conspirator and/or government witness prepared by Special Investigative Services, [SIS]; Sacramento Intelligence Unit, [SIU]; Bureau of Prisons, [BOP]; California Department of Corrections, [CDC]; Federal Bureau of

4

Investigations, [FBI]; Alcohol, Tobacco and Firearms, [ATF]; as well as any and all DHO hearings on all charged and or noticed incidents.

13. Copies of *all* intercepted incoming and outgoing *written correspondence* of Ron Slocum and the following current and past federal and or state inmates: Barry Mills, Tyler Bingham, Robert Griffin, Richard Terflinger, John Stinson, Michael McElhiney, David Chance, Glenn Filkins, Steve Scott, Wayne Bridgewater, Steven Hicklin, Christopher Gibson, Edward Burnett, Edgar Hevele, Mark Nyquist, John Harper, Glen West, Gary Litrell, Elliot Grizzle, Thomas Hampton, John Campbell, Richard McIntosh, Carl Edgar Knorr, Jason Schwyhart, Henry Michael Houston, Al Benton, Kevin Roach, Danny Weeks, Clifford Smith, Michael Thompson, Richard Rose, Sid Griffin, Larry Jones, John Greschner, Gene Bentley, Healey, Van Meter, Ray Oschele, Sam McCart, Bobby Crain, Llyle Hood, Bobby Moore, Junior Snyder, Frank Winship, Glenn West, Clay Barnett, Mike Bartlett, Eugene Bentley, Mary Bentley, Michael Birman, Jesse Brun, Edmund Burkett, Joel Burkett, Michael Clark, Ronnie Criswell, Scott Cupples, Lou Kenny Costa, George Evans Harp, Jimmy Lee Inman, Donald Kennedy, Lawrence Klaker, Scot Martin, Jonathan McGinley, Danny McPheeters, Philip Meyers, Christopher Risk, Paul John Snyder, and Michael Wagner.

14. Copies of any and all recorded phone conversations of Al Benton during the period of March 1, 1997, to September 30, 1997, while incarcerated at USP Lewisburg.

**MEMORANDUM IN SUPPORT OF DISCOVERY REQUESTS**

In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that due process forbids a prosecutor from suppressing "evidence favorable to an accused upon request where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id*. at 87. *See Giglio v. United States*, 405 U.S. 150, (1972); *United States v. McCrane*, 527 F.2d 906 (3d Cir. 1975), *aff'd after remand*, 547 F.2d 205 (1976). The Supreme Court has also emphasized that impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule. *United States v.*

*Baqley*, 87 L.Ed.2d 481, 490 (1985). Such evidence, if disclosed and used effectively, may make the difference between conviction and acquittal. *See Napue v. Illinois*, 360 U.S. 264 (1959) ("The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.").

In acknowledging that the prosecution has a duty to disclose any favorable evidence that could be used at trial, it is frequently overlooked that the prosecution also has a duty to disclose any favorable evidence that could be used "in obtaining further evidence." *Giles v. Marvland*, 386 U.S. 66, 74 (1967). Additionally, favorable evidence need not be competent evidence or evidence admissible at trial. *United States v. Gleason*, 265 F. Supp. 850, 886 (S.D.N.Y. 1967); *Sellers v. Estelle*, 651 F.2d 1074, 1077 n.6 (5th Cir. 1981)(evidence suppressed was material to the preparation of petitioner's defense, regardless whether it was intended to be admitted into evidence).

The Supreme Court has never precisely pinpointed the time at which the disclosure under *Brady* must be made. It is abundantly clear, however, that disclosure by the government,

> must be made at such a time as to allow the defense to use favorable material effectively in the *preparation* and presentation of its case, even if satisfaction of this criteria requires pre-trial disclosure.

*United States v. Pollock*, 534 F.2d 964, 973 (D.C. 1976). *Accord United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988). Manifestly a more lenient disclosure burden on the government would drain *Brady* of all vitality. *United States v. Elmore*, 423 F.2d 775, 779 (5th Cir. 1970).

Furthermore, much of the documentary information requested in this motion is discoverable pursuant to Rule 16(a)(1)(C), as being material to the preparation of the defendant's defense. The defense is informed and believes that at numerous government informants, will be the key prosecution witnesses in this case. It is imperative for the defense to be prepared for trial to have information concerning the circumstances and nature of these informant's and any other informant's relationship with state or federal agencies and officials as well as their respective housing locations during the time frame of the offense conduct. In addition, it is imperative that

1 the defense have all written and telephonic communication between defendant Slocum and all
2 named co-defendants as well as government witnesses. If the government is not aware of the
3 existence of the requested information, or no such evidence exists, the defense should be so
4 advised in order to frame it's trial examinations.

5 The disclosures requested herein should be made at least prior to trial so that appropriate
6 defense preparation can be made.  Failure of the government to provide such information will
7 deny defendant the opportunity to adequately prepare for this case, which constitutes a denial of
8 due process and effective assistance of counsel.

10 Respectfully submitted this 14, day of January, 2007

\_\_\_/s/_____
Michael R. Belter, Esq.
Attorney for Defendant
Ronald B. Slocum

**SERVICE LIST**

Terry K. Flynn, Esq.
Assistant U. S. Attorney
1500 United States Courthouse
312 North Spring Street
Los Angeles, California  90012
Terri.K.Flynn@usdoj.gov

Mark H. Donatelli, Esq.
1215 Paseo De Peralta
P. O. Box 8180
Santa Fe, New Mexico  87504

Mark Fleming, Esq.
433 G Street, Suite 202
San Diego, California  92101

Michael V. White, Esq.
1717 Fourth Street, Third Floor
Santa Monica, California  90401