```
                UNITED STATES DISTRICT COURT

               CENTRAL DISTRICT OF CALIFORNIA

                           - - -

         HONORABLE DAVID O. CARTER, JUDGE PRESIDING

                           - - -


UNITED STATES OF AMERICA,   )
                            )
              Plaintiff,    )
                            )
   vs.                      ) No. CR 02-938(A)-DOC
                            )
RONALD BOYD SLOCUM, WAYNE   )   VOLUME III
BRIDGEWATER, and HENRY      )
MICHAEL HOUSTON,            )
                            )
              Defendants.   )
_____)



              REPORTER'S TRANSCRIPT OF PROCEEDINGS

                     Santa Ana, California

                  Wednesday, January 3, 2007
```

**ORIGINAL**

JANE C.S. RULE, CSR No. 9316
Federal Court Reporter
UNITED STATES DISTRICT COURT
411 West Fourth Street, Room 1053
Santa Ana, California 92701-4516
(714) 558-7755

Reporter's Reference: 07-01-03 ABSTATUS

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
JAN - 4 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

DOCKETED ON CM
JAN 1 0 2007
BY

4368

```
 1  APPEARANCES:

 2

 3  On behalf of the Plaintiff UNITED STATES OF AMERICA:

 4          OFFICE OF THE UNITED STATES ATTORNEY
            BY:  TERRI K. FLYNN
 5               BRETT SAGEL
                 Assistant United States Attorneys
 6          411 West 4th Street
            8th Floor
 7          Santa Ana, California 92701
            (714) 338-3500
 8

 9  On behalf of the Defendant RONALD BOYD SLOCUM:

10          LAW OFFICES OF MICHAEL R. BELTER
            BY:  MICHAEL R. BELTER
11               Attorney at Law
            65 North Raymond Avenue
12          Suite 320
            Pasadena, California 91103
13          (626) 796-2599

14
    On behalf of the Defendant WAYNE BRIDGEWATER:
15
            LAW OFFICES OF MICHAEL V. WHITE
16          BY:  MICHAEL V. WHITE
                 Attorney at Law
17          1717 Fourth Street
            Third Floor
18          Santa Monica, California 90401
            (310) 576-6242
19
                    - AND -
20
            STEWART & HARRIS
21          ATTORNEYS AT LAW
            BY:  WILLIAM S. HARRIS
22               Attorney at Law
            1499 Huntington Drive
23          Suite 403
            South Pasadena, California 91030
24          (626)441-9300

25
```

```
 1  APPEARANCES (Continued):

 2

 3  On behalf of the defendant HENRY MICHAEL HOUSTON:

 4          LAW OFFICES OF MARK F. FLEMING
            BY:  MARK F. FLEMING
 5               Attorney at Law
            433 "G" Street
 6          Suite 202
            San Diego, CA 92101
 7          (619) 652-9970

 8                  - AND -

 9          ROTHSTEIN, DONATELLI, HUGHES,
            DAHLSTROM, SHOENBURG & FRYE, LLP
10          BY:  MARK H. DONATELLI
                 Attorney at Law
11          P.O. Box 8180
            Santa Fe, New Mexico 87504
12          (505) 988-8004

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
                           I N D E X


1.  MOTION BY DEFENDANTS HOUSTON AND BRIDGEWATER TO SEVER THE
    TRIAL OF HOUSTON AND BRIDGEWATER FROM CO-DEFENDANT RONALD
    SLOCUM (fld. 12/1/06)

2.  MOTION BY DEFENDANT SLOCUM FOR SEVERANCE

3.  STATUS CONFERENCE
```

```
13:18   1         SANTA ANA, CALIFORNIA, WEDNESDAY, JANUARY 3, 2007
13:18   2                            VOLUME III
13:18   3                           (1:51 p.m.)
13:18   4         THE COURT:  We are on the record.  Counsel are
13:51   5   present.  The parties are present.
13:51   6         Concerning the narcotic allegations --
13:51   7         I'm asking you, Ms. Flynn.
13:51   8         -- one of the issues will be if you -- the government
13:51   9   is entitled to have these narcotic allegations.  The question
13:51  10   is the form and the redundancy.
13:51  11         What's your position going to be if the government
13:51  12   brings these together, Mr. Donatelli, and then you move for a
13:52  13   bill of particulars?
13:52  14         MR. DONATELLI:  On the narcotic charges?
13:52  15         THE COURT:  Uh-huh.
13:52  16         MR. DONATELLI:  Frankly, I have no objection on those
13:52  17   charges being in.  It doesn't prejudice us nearly as much as
13:52  18   the other stuff.
13:52  19         THE COURT:  All right.
13:52  20         Mr. White?
13:52  21         I thought you were raising the narcotic issue.
13:52  22         MR. DONATELLI:  No, no.
13:52  23         THE COURT:  In other words, here I ask the government
13:52  24   to condense that down to the charging document.  It's probably
13:52  25   going take the same amount of time.  I expect that Mary --
```

```
13:52  1  what's her name, Mary --
13:52  2          MS. FLYNN:  Bentley.
13:52  3          THE COURT:  She is going to be on the stand for a
13:52  4  short period of time, but you are probably going to want to
13:52  5  know at least the dates and times of the allegation because,
13:52  6  frankly, even if she's telling the truth, she is going to be
13:52  7  tripped up many times on October 24th compared to, you know,
13:52  8  October 15th, and the records are not going to match and phone
13:52  9  records are not going to match because nobody has that kind of
13:53 10  a memory, even if they are telling the truth.  It's just too
13:53 11  much.
13:53 12          MR. DONATELLI:  Honestly, Judge, I don't think we will
13:53 13  cross-examine Mary Bentley.  If she knows about any narcotics
13:53 14  at Lewisburg, then we've got to take her on, but we may not
13:53 15  even cross-examine her.
13:53 16          THE COURT:  Let me turn to Mr. White or Mr. Harris.
13:53 17          MR. WHITE:  I think the difficulty for us is we don't
13:53 18  know what she's going to say.  We don't know if she's even
13:53 19  going to implicate Mr. Bridgewater, and I don't know if
13:53 20  Ms. Flynn knows that.
13:53 21          THE COURT:  What about this.  Let's find out, because
13:53 22  Ms. Flynn will make a representation to us before the time of
13:53 23  trial.  There's always time to collapse that if you think it's
13:53 24  prejudicial, but right now it would seem, to me, that we leave
13:53 25  it as it is because, otherwise, I think you'll come back and
```

| | | |
|---|---|---|
| 13:53 | 1 | say, "Judge, if you cause this to collapse into a time period, |
| 13:53 | 2 | you know, narcotics activities at Leavenworth from 1988 to |
| 13:53 | 3 | 1990," my first question would one be "When?" |
| 13:54 | 4 |     Let me turn to Mr. Belter. |
| 13:54 | 5 |     MR. BELTER: Your Honor, obviously Mr. Slocum is |
| 13:54 | 6 | charged with this.  I don't agree with the representation that |
| 13:54 | 7 | Ms. Bentley is going to be on the stand very briefly. |
| 13:54 | 8 |     THE COURT: From the government's prospective, she is. |
| 13:54 | 9 |     MR. BELTER: Yes, but I mean, as the Court knows from |
| 13:54 | 10 | reading the Indictment, there's -- |
| 13:54 | 11 |     THE COURT: Well, I'll leave it as it is for the time |
| 13:54 | 12 | being.  We will come back and revisit that any time you'd like |
| 13:54 | 13 | to.  If you have a better suggestion as to how that can be |
| 13:54 | 14 | collapsed so the defense isn't prejudiced, then we'll listen to |
| 13:54 | 15 | it, okay? |
| 13:54 | 16 |     Now, Ms. Flynn, there is one thing I've neglected to |
| 13:54 | 17 | tell you.  There was a discussion outside of your presence. |
| 13:54 | 18 | The defense offered a number of scenarios.  For instance, |
| 13:54 | 19 | "Judge, will you let us go back to 1996?" for instance, and my |
| 13:54 | 20 | thought was I didn't want to start chopping up which side |
| 13:54 | 21 | wanted to present what, because each side would jockey for the |
| 13:54 | 22 | most favorable cutoff period.  For instance, you might feel |
| 13:55 | 23 | that 1978 was your best cutoff period.  They might -- if I gave |
| 13:55 | 24 | you that, they might want to go all the way back to 1965. |
| 13:55 | 25 |     And so the Court is in the same position it was with |

```
13:55   1   Mills and Bingham; the Court doesn't know when to stop in terms
13:55   2   of what's fair.  So if I let them go, for instance, from 1997,
13:55   3   well, you might say, "Well, I want the confrontations that took
13:55   4   place at Marion in 1996."  They may then want to go back to
13:55   5   1993, when Mr. Bridgewater joined, and you may then want to go
13:55   6   back to 1982 or 1983.  They then may want to go back to
13:55   7   1970-something, and I mean, it gets to be pretty ridiculous.
13:55   8              I want to hear your position because, literally, I
13:55   9   think the defense has offered, outside of your presence, "Well,
13:55  10   Judge, we could live with, you know -- focus on Lewisburg if we
13:55  11   got the black-white confrontation of January 2nd and maybe Joe
13:56  12   Tokash in 1996"; is that acceptable to you?
13:56  13              MS. FLYNN:  No, your Honor.  Again, as I stated at our
13:56  14   last hearing, in order to prove Lewisburg, I have to prove the
13:56  15   VICAR, a Violent Crime in Aid of Racketeering, and that it was
13:56  16   done to further the Enterprise and their position in the
13:56  17   Enterprise.  I can't do that unless I go back -- if I don't go
13:56  18   back and establish the Aryan Brotherhood, what it's about, what
13:56  19   it does, why the Aryan Brotherhood would declare war.
13:56  20              One thing I'm going to need to go back is to 1993 at
13:56  21   Marion, at the very least, when Mills, Bingham and Benton are
13:56  22   all there, and they come up with what I call the "mission
13:56  23   statement" document, and at that time they discuss what are war
13:56  24   meetings.  And Benton testified that when he got the message in
13:56  25   1997, they had talked that two commissioners can order one and
```

| | | |
|---|---|---|
| 13:56 | 1 | the third commissioner had to go along with it, even if he |
| 13:56 | 2 | didn't want to.  So I know I'd have reason to go back to there |
| 13:56 | 3 | to put the message received in 1997 in context. |
| 13:56 | 4 | I think I need to even go back further to show |
| 13:57 | 5 | Slocum's relationship with the other high-ranking members of |
| 13:57 | 6 | the Aryan Brotherhood to show why, when he passes a message, |
| 13:57 | 7 | Benton, one of the highest-ranking members of the Aryan |
| 13:57 | 8 | Brotherhood, takes it as serious as he does. |
| 13:57 | 9 | You'll remember Benton's testimony.  He testified that |
| 13:57 | 10 | he didn't want to do it.  He thought it was stupid that "All |
| 13:57 | 11 | these knuckleheads wanted to go to war," and all this stuff, |
| 13:57 | 12 | yet he went along with it.  In order for the jury to understand |
| 13:57 | 13 | why he would go along with something like this, I would have to |
| 13:57 | 14 | put it in the context of the Enterprise, and that requires me |
| 13:57 | 15 | going back 20-some-odd years of how long the Enterprise has |
| 13:57 | 16 | been in existence and generally what it's about, what it's |
| 13:57 | 17 | principles are and how it carries those out. |
| 13:57 | 18 | THE COURT:  Counsel, without going into the preamble |
| 13:57 | 19 | for just a moment -- |
| 13:58 | 20 | Counsel, do you have a copy of the Indictment? |
| 13:58 | 21 | MR. FLEMING:  Yes, your Honor. |
| 13:58 | 22 | MR. WHITE:  Yes, your Honor. |
| 13:58 | 23 | THE COURT:  Okay.  Page 12, line 15, Racketeering Act |
| 13:58 | 24 | 3, through page 13, line 5. |
| 13:59 | 25 | Racketeering Act 5, page 13, line 25 through page 14, |

```
13:59   1   line 16.
13:59   2           Racketeering Act 6, page 14, line 18 through page 15,
14:00   3   line 10.
14:00   4           Page 15, line 12, Racketeering Act -- line 12,
14:00   5   Racketeering Act 7, page 15 through page 16, line 3.
14:00   6           Racketeering Act 8 on page 16, line 5 through line 26.
14:01   7           Racketeering Act 10, page 17, line 21 through page 18,
14:01   8   line 13.
14:02   9           Page 18, line 15, Racketeering Act 11, through page
14:02  10   19, line 20.
14:02  11           Page 19, line 22, Racketeering Act 12, through page
14:02  12   20, line 17.
14:02  13           Racketeering Act 13, line 19 on page 20 through page
14:02  14   21, line 15.
14:03  15           Racketeering Act 14, page 21, line 16 through page 22,
14:03  16   line -- well, 21 or 22.  There is always a blank line between
14:03  17   the racketeering acts, so the record will look like we're
14:03  18   missing a line, but it's just a blank line.
14:03  19           Page 22, line 23, which is Racketeering Act 15,
14:04  20   through page 23, line 15 or 16.
14:04  21           Page 23, Racketeering Act 16, line 17 through the
14:04  22   bottom of the page, line 28, through page 24, line 1 through
14:04  23   line 13, let's say.
14:04  24           Page 24, line 14, Racketeering Act 17, bottom of the
14:04  25   page, line 27, and continuing to page 25, ending at line 21.
```

```
14:05   1           Page 25, Racketeering Act 18, line 22 through the
14:05   2   bottom of the page, line 28, continuing to page 26, lines 1
14:05   3   through 17.
14:05   4           Page 26, line 19, Racketeering Act 19, through the
14:05   5   bottom of the page, line 28, continuing and concluding on
14:05   6   page 27, line 12 -- strike that.  Line 21, I'm sorry, or 22,
14:05   7   and that would be Racketeering Act -- just a moment.
14:06   8           I'm sorry.  Racketeering Act 19 is line 19, page 26,
14:06   9   concluding on line 28 of the same page.
14:06  10           Racketeering Act 20 is page 27, lines 1 through 22.
14:06  11           Page 27, line 23, Racketeering Act 21, through page
14:06  12   28, line 21.
14:06  13           Page 28, line 22, Racketeering Act 22, through the
14:06  14   bottom of that page, line 28, and continuing over to page 29,
14:06  15   lines 1 through 4.
14:07  16           Page 29, Racketeering Act 23, line 5 through page 29,
14:07  17   line 25.
14:07  18           Page 30, Racketeering Act 25, lines 1 through 10.
14:07  19           Racketeering Act 26, line 12 to the bottom of the
14:07  20   page, line 28, and continuing over to page 31, lines 1 through
14:07  21   8.
14:07  22           Page 31, Racketeering Act 27, line 9 through line 19.
14:07  23           Page 31, Racketeering Act 28, line 20 through the
14:08  24   bottom of the page, line 28, continuing over to line 1, or
14:08  25   let's say line 2, although it's a blank on page 32.
```

| | | |
|---|---|---|
| 14:08 | 1 | Racketeering Act 30, line 23 on page 32 to the bottom |
| 14:08 | 2 | of the page and continuing over to page 33, line 1 through line |
| 14:08 | 3 | 5. |
| 14:08 | 4 | Racketeering Act 31, page 33, line 7 through line 17. |
| 14:08 | 5 | Racketeering Act 35, page 35, line 11 through line 20; |
| 14:08 | 6 | page 36, line 12 through the bottom of the page, line 26. |
| 14:09 | 7 | Racketeering Act 38, 39 and 40 and lines 1 through 28 |
| 14:09 | 8 | on page 37. |
| 14:09 | 9 | Page 38, Racketeering Act 41 and 42, from line 1 |
| 14:09 | 10 | through the bottom of the page, line 28. |
| 14:09 | 11 | Page 39, continuing with Racketeering Act 42, and |
| 14:09 | 12 | concluding with Racketeering Act 43, which should end at line |
| 14:09 | 13 | 20. |
| 14:09 | 14 | Now, Mr. Harris, let me turn to you. I want to double |
| 14:09 | 15 | check my accuracy. Does that exclude the unlimited reading |
| 14:10 | 16 | that you believe existed? |
| 14:10 | 17 | MR. HARRIS: One second. |
| 14:10 | 18 | THE COURT: That's to Count I. |
| 14:10 | 19 | MR. HARRIS: If I heard you correctly, you are going |
| 14:10 | 20 | to read Racketeering Act 3, and I think you meant to exclude |
| 14:10 | 21 | RA-3. |
| 14:10 | 22 | THE COURT: Oh, my apologies. Thank you. Of course I |
| 14:10 | 23 | did. Of course I did. Thank you. That should be Barnes. |
| 14:10 | 24 | MR. HARRIS: Right. |
| 14:10 | 25 | THE COURT: You are absolutely right. |

```
14:10  1              MR. HARRIS:  Other than that, it sounded accurate,
14:10  2   your Honor.
14:10  3              THE COURT:  Why don't you double check it for me.
14:10  4   Thank you very much.
14:10  5              Okay.  Now, up to that point, Mr. White?
14:10  6              MR. WHITE:  Yes, I think --
14:10  7              THE COURT:  Okay.
14:10  8              Mr. Donatelli?
14:11  9              MR. DONATELLI:  Yes, your Honor.
14:11 10              THE COURT:  Mr. Fleming?
14:11 11              MR. FLEMING:  Yes, your Honor.
14:11 12              THE COURT:  We are just checking each other's work.
14:11 13              Mr. Belter?
14:11 14              MR. BELTER:  Yes, your Honor.
14:11 15              THE COURT:  Now, let's turn to the more difficult
14:11 16   section, that's the conspiracy sections.
14:11 17              The last time, Mr. Harris, we went through those line
14:11 18   by line.  It's just as fast to do that, I think.
14:11 19              I'm sorry, Ms. Flynn?
14:11 20              MS. FLYNN:  Yes, that's fine, your Honor.
14:11 21              THE COURT:  Okay.  And that will be given to the jury
14:11 22   also.  So once we do that, I'll excise all of the other
14:11 23   portions of this so we'll have one copy, okay?
14:11 24              Now, remember, we can come back and do this again.
14:11 25   This is just a walk through, and you can go home and think
```

```
14:11  1   about what we've done.  We are a long way from concluding this.
14:11  2              Count II, I think there is usually a struggle over
14:11  3   what the preamble looks like, so I expect some discussion about
14:11  4   the introductory allegations on page 1, 2, 3, 4, 5, 6, 7, 8 and
14:12  5   9, and a discussion about page 10, 11.  The last time we went
14:12  6   through that, and I hate to refer back to Mills and Bingham all
14:12  7   the time, but there, there are a number of names that we begin
14:12  8   with.
14:12  9              When we go back to page 1, if you just begin "United
14:12 10   States of America v. Barry Byron Mills, Tyler Davis Bingham,"
14:12 11   et cetera, "John William Stinson."
14:12 12              Mr. Harris, are you going to be objecting to that or
14:12 13   exceeding to that?  And I'll take another recess for you to
14:12 14   discuss that privately with your clients.  There are pluses and
14:12 15   minuses to that.  The first thing is that it's overwhelming.
14:12 16   The second thing is for the jury to hear both names.  I mean,
14:12 17   Mills' name and Bingham's name is going to come out right to
14:13 18   begin with, and the question is if you want me to read that, or
14:13 19   if you want me to object to it.
14:13 20              Do you want to take a recess or discuss that quietly
14:13 21   amongst your clients?
14:13 22              MR. HARRIS:  Can we confer?
14:13 23              THE COURT:  Sure.
14:13 24              (Attorney discussion held off the record.)
14:13 25              THE COURT:  Now, let me tell you my inclination for a
```

```
14:13   1  moment, Mr. Harris, Mr. White.  My inclination is to read that
14:13   2  for a couple of reasons.
14:13   3           First, I don't think it's prejudicial to either side.
14:13   4  Second, I think these names are going to come out right away.
14:13   5  In other words, from the defense standpoint, you want people to
14:13   6  know right to begin with that Mills and Bingham are at the top
14:13   7  of the hierarchy, which is what the defense should be bringing
14:13   8  forward, I mean, right to begin with.  And then later on if we
14:13   9  get to the second phase, we want them to know that these are
14:13  10  the shotcallers, the guys who send the message.  So instead of,
14:13  11  you know, let's guess and just read four names, it seems to me
14:14  12  that you want the 42 defendants initially charged in the
14:14  13  Indictment, plus whatever people have turned into cooperators,
14:14  14  you've got their names right there to begin with.
14:14  15           From the government's standpoint, it would seem to me
14:14  16  to be equally beneficial.  It's less confusing.  You've got all
14:14  17  of the names.
14:14  18           Number two, there were certain objections lodged last
14:14  19  time.  I believe I ruled against the defense and would be
14:14  20  inclined to do so concerning the first pages that incorporate
14:14  21  the general background, the membership, the purposes of the
14:14  22  Enterprise, the means and methods of the Enterprise, et cetera.
14:14  23  And I tentatively think I would be making the same ruling that,
14:14  24  you know, those are things that you have to prove in terms of
14:14  25  the Enterprise.
```

| | | |
|---|---|---|
| 14:14 | 1 | Initially I wasn't going to do that in the Mills and |
| 14:14 | 2 | Bingham trial, and I listened to Mr. Wolfe, and I think he was |
| 14:14 | 3 | absolutely correct about that, and that means to do it in the |
| 14:14 | 4 | beginning. But I want you to consult. If you have an |
| 14:14 | 5 | objection, you can lodge that, you know, to perfect your |
| 14:14 | 6 | record, okay? |
| 14:14 | 7 | So Ms. Flynn, why don't you take a recess for a moment |
| 14:14 | 8 | so they can discuss this in the presence of their clients. 15 |
| 14:15 | 9 | minutes? 10 minutes? |
| 14:15 | 10 | MR. DONATELLI: 10. |
| 14:15 | 11 | MR. FLEMING: 10. |
| 14:15 | 12 | THE COURT: Okay. We'll see you in 10 minutes. |
| 14:15 | 13 | And then, Mr. Harris, we'll start on Count II and go |
| 14:15 | 14 | through each paragraph. |
| 14:40 | 15 | (Recess.) |
| 14:40 | 16 | THE COURT: Okay. Then we are back on the record. |
| 14:40 | 17 | Counsel are present for both sides, and the defendants are |
| 14:40 | 18 | present. |
| 14:40 | 19 | What are your thoughts, Mr. White and Mr. Harris? |
| 14:40 | 20 | MR. WHITE: Your Honor, it would be our request to |
| 14:40 | 21 | read all of the names, and we have no objection to the various |
| 14:40 | 22 | introductory comments. |
| 14:40 | 23 | THE COURT: Okay. Let me turn to the government. |
| 14:40 | 24 | MR. DONATELLI: Your Honor, I have one thing. |
| 14:40 | 25 | THE COURT: Oh, my apologies, Mr. Donatelli. |

```
14:40   1              MR. DONATELLI:  Mr. Houston's name -- I should have
14:40   2    filed this a long time ago, but his a.k.a. is misspelled.  It
14:41   3    is listed in the Indictment as T-w-e-a-k, but it should be
14:41   4    T-w-e-e-k.  It's important because there is another prisoner
14:41   5    that goes by that other moniker with the A.
14:41   6              THE COURT:  Would there be any objection if that was
14:41   7    changed?
14:41   8              MS. FLYNN:  That's fine, your Honor.
14:41   9              THE COURT:  Why don't we read that, but before we do,
14:41  10    make sure that's been changed.  Make sure that doesn't slip by,
14:41  11    okay?
14:41  12              All right.  Mr. Belter?
14:41  13              MR. BELTER:  Your Honor, I'm going to join with
14:41  14    Mr. Harris.
14:41  15              THE COURT:  Okay.
14:41  16              MR. BELTER:  We have no objection.
14:41  17              THE COURT:  Okay.  Then let's turn to Count II for a
14:41  18    moment, which is at page 41.
14:41  19              My thought is this.  My thought is that I leave the
14:41  20    bench for a moment and let you work informally amongst
14:41  21    yourselves and with Ms. Flynn, just like we did before.
14:41  22    Otherwise, we are just going page after page of 200-and-some
14:41  23    paragraphs, and much of it is not objectionable.  The few that
14:42  24    you do get down to a dispute over, as we did last time, Mr.
14:42  25    Harris --
```

```
              CR 02-938(A)-DOC           January 3, 2007                      18

14:42   1            MR. HARRIS:  Yes, your Honor.
14:42   2            THE COURT:  -- I think it will just go faster.  So why
14:42   3   don't I leave the bench, and why don't you call me anywhere
14:42   4   from a half-hour to five hours, okay?
14:42   5            And Ms. Flynn, they are going to come down and join
14:42   6   you, so if you want to get an extra chair.
14:42   7            MS. FLYNN:  Excellent.  I'll cough on you all.
14:42   8            (Laughter.)
14:42   9            THE COURT:  Mr. Harris?
14:42  10            MS. FLYNN:  They actually don't want to come near me
14:42  11   because I'm coughing.
14:42  12            THE COURT:  Oh, they will enjoy that.
14:46  13            (Laughter.)
14:46  14            (Recess.)
14:46  15   /
       16   /
       17   /
       18
       19
       20
       21
       22
       23
       24
       25
```

1                    **CERTIFICATE**

2

3  I hereby certify that pursuant to Section 753, Title 28 of the

4  United States Code, the foregoing is a true and correct

5  transcript of the stenographically reported proceedings held in

6  the above-entitled matter and that the transcript page format

7  is in conformance with the regulations of the Judicial

8  Conference of the United States.

9

10

11  _____        _____1/4/07_____
    JANE C.S. Rule, CSR NO. 9316            Date
12  Federal Official Court Reporter