MICHAEL PATRICK MCELHINEY
Reg. No. 04198-097
MDCLA 8-A-04
P. O. Box 1500
Los Angeles, CA 90053
*pro se* defendant

FILED

# ORIGINAL

2007 JAN 16  PM 12: 33

COURT
CALIF.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(Western Division)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PATRICK McELHINEY,<br><br>Defendant. | Case No.  CR-02-938-GHK<br><br>**MOTION TO DISMISS COUNTS ONE, TWO, THREE, SIX, SEVEN AND EIGHT OF THE INDICTMENT ON GROUNDS OF IMPROPER VENUE**<br><br>Motion Date: January 16, 2007<br>Honorable George H. King |

PLEASE TAKE NOTICE that Michael Patrick McElhiney, moves the Court to dismiss Counts One, Two, Three, Six, Seven and Eight on the grounds of improper venue in the Central District of California.  This motion is based upon the indictment, the attached points and authorities, and  any further evidence or argument the Court may permit at the time of the hearing on this motion.

January 16 , 2007                          Respectfully Submitted,


Michael Patrick McElhiney
*pro se* defendant

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## IN SUPPORT OF MOTION FOR CHANGE OF VENUE

## STATEMENT OF FACTS

Defendant is charged in the indictment in Counts 1, 2, 3, 6, 7 and 8. Count 1 alleges violation of the Racketeer Influenced Influenced and Corrupt Organizations Act (RICO). 18 U.S.C. §1962( c). Count 2 alleges the crime of conspiracy to violate RICO. 18 U.S.C. §1962(d). Counts 3, 6, 7 and 8 allege violations of the Violent Crimes in Aid of Racketeering Act (VICAR). 18 U.S.C. §1959(a)(1).

Counts 1 and 2 allege various acts in federal prison by members of the "Ayran Brotherhood, an alleged prison gang. Count 3 alleges the August 25, 1995 murder of Charles Leger, an inmate at Leavenworth prison, in Topeka, Kansas. Count 6 and 7 refer to the August 28, 1997 homicides of Frank Joyner and Abdul Salaam in Lewisberg penitentiary in Pennsylvania. Count 8 alleges the May 18, 1999 murder of Terry Walker in the Marion prison in Illinois. Counts 3, 6, 7 and 8 allege that "each such offense was committed for the purpose of gaining entrance to or maintaining and increasing the position of the specified defendants in the Aryan Brotherhood, an enterprising engaged in racketeering activity."

The indictment was returned in the Central District of California and trial is currently set in Los Angeles, California. Defendant contends that the Central District of California is not the proper venue for *any* of the counts charged against him. Defendant moves to dismiss *each* count for improper venue.

///

///

///

///

///

2

**ARGUMENT**

**I.**

**A DEFENDANT HAS A CONSTITUTIONAL RIGHT TO BE TRIED**

**IN THE DISTRICT WHERE THE OFFENSE WAS COMMITTED**

The United States Constitution twice safeguards the defendant's venue rights. Article III, §2 cl. 3, states that "Trial of Crimes ... shall be held in the State where the said crimes shall have been committed." The Sixth Amendment calls for trial "by an impartial jury of the State and district wherein the crime shall have been committed." Rule 18 of the Federal Rules of Criminal Procedure also provides that "prosecution shall be had in a district in which the offense was committed." See, United States v. Clenney, 434 F.3d 780 (5th Cir. 2005) (Defendant's conviction in the Northern District of Texas reversed where the proper venue for the case was the Southern District of Texas.).

When a defendant has been indicted on multiple counts, *venue must be proper for each count.* see, United States v. Pace, 314 F.3d 344, 349 (9th Cir. 2002). The government bears the burden of establishing venue by a preponderance of the evidence. United States v. Angotti, 105 F.3d 539, 541 (9th Cir. 1997). In the absence of a defendant's request for a change of venue, the appropriate remedy is to dismiss the indictment without prejudice. United States v. Reulas-Arreguin, 219 F.3d 1056, 1063 n. 1 (9th Cir. 2000). Accord, United States v. Cabrales, 524 U.S. 1 (1998) (Motion to dismiss Missouri money laundering counts for improper venue affirmed, where bank transactions occurred in Florida.); *cf.* United States v. Casch, No. 05-30270 (9th Cir. May 24, 2006) (Venue is a jury question in cases where the evidence establishing venue is in dispute.).

In order to determine whether venue is proper in the Central District of California in this case, the Court "must initially identify the conduct constituting the offense (the

nature of the crime) and then discern the location of the commission of the criminal acts." United States v. Rodriguez-Moreno, 526 U.S. 275, 279 (1999); United States v. Pace, supra, 314 F.3d 344, 349; United States v. Ruelas-Arreguin, supra, 219 F.3d 1056, 1061.  To determine the "nature of the crime" the Court must look to the "essential conduct elements" of the offense.  United States v. Rodriguez-Moreno, supra, 526 U.S. at 280 n. 2.

In the United States v. Cabrales, 524 U.S. 1 (1998) the defendant was charged in Missouri with conspiracy to commit money laundering and two additional substantive money laundering counts arising out of bank deposits occurring in Florida.  The money deposited in the Florida bank accounts was traceable to illegal cocaine sales in Missouri.  The District Court dismissed the money laundering counts because the money laundering activity occurred entirely in Florida and venue was not proper in Missouri.  The United States Supreme Court affirmed the dismissal finding that Missouri was not the proper venue for the money laundering offenses that were committed in the State of Florida.

The Supreme Court stated that "The locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Cabrales, supra, 524 U.S. at 6-7.  The government argued that venue was proper in Missouri because the money laundering statute requires that the defendant know the money was derived from unlawful activity and in this case the money was derived from drug trafficking in Missouri.  The Court rejected the argument finding that the money laundering charges in the indictment were based upon transactions which began, continued, and were completed in the State of Florida.  "Under these circumstances, venue in Missouri is improper." United States v. Cabrales, supra at 8. Since the defendant's criminal act of money laundering, by depositing and withdrawing funds from a bank, occurred in Florida, the proper venue was in Florida.

Defendant respectfully contends that the *locus delicti* of Counts 1 and 2 did not occur in the Central District of California. Although one of the defendants alleged to have participated in the conspiracy, Ronald Slocum, did live in Southern California during some of the events alleged, the crimes alleged in the racketeering acts in Count 1 and the overt acts in Count 2 all occurred in federal prisons outside of the Central District. Even more compellingly, Counts 7 and 8 concern a murder which occurred in Pennsylvania; Count 6 concerns a murder in federal prison in Illinois; Count 3 concerns a murder in federal prison in Kansas. None of these homicides, especially the Leavenworth homicide, has any substantial connection with the Central District. The "gist and crux" of each of the homicides occurred within the boundaries of the federal prison where the homicidal acts took place. The fact that the indictment alleges that the purpose of a murder was to gain entrance to or maintain or increase position in the Aryan Brotherhood, a RICO enterprise engaged in racketeering activity, does not create venue in the Central District of California.

In United States v. Pace, supra, the defendant was charged was two counts of wire fraud involving wire transactions between Mexico and Ohio. The defendant was tried in District Court in Arizona because of evidence that he had an office in Arizona and had engaged in communications with some of the victims from that office. The defendant argued on appeal that venue for the wire fraud counts was not proper in Arizona because the essential conduct of wire fraud was not committed there. The Ninth Circuit agreed and reversed the wire fraud convictions.

In *Pace*, the government argued that there was venue in Arizona because the wire fraud statute required proof of a scheme to defraud and part of that scheme occurred in Arizona where the defendant had an office. The Court rejected the government's argument. The Court stated that the "gist and crux" of the wire fraud offense is the "misuse of the wires." United States v. Pace, *supra*, at 349. A mere

scheme to defraud, without the requisite illegal use of wires, does not violate the wire fraud statute. United States v. Pace, *supra*, at 350.  The Court held that despite the fact that the defendant had a business address in Arizona, venue was not proper in Arizona because the evidence did not establish that the defendant used wires in Arizona or that he otherwise caused such use from Arizona.

The California "contacts," if they exist in any of the counts, are far less than the the tenuous Arizona "nexus" in *Pace* rejected by the Ninth Circuit.   This Court should Dismiss Count 1, 2, 3, 6, 7 and 8 for improper venue.

January 16 , 2007                              Respectfully Submitted,

Michael Patrick McElhiney
*pro se* defendant

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 880 West First Street, Suite 304, Los Angeles, California 90012.

On January 16, 2007, I served the foregoing document described as **MOTION TO DISMISS COUNTS ONE, TWO, THREE, SIX, SEVEN AND EIGHT  OF THE INDICTMENT ON GROUNDS OF IMPROPER VENUE** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

AUSA STEPHEN G. WOLFE
1500 UNITED STATES COURTHOUSE
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid If the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 16, 2007, Los Angeles, California.

SARA RAMOS

7