MICHAEL PATRICK MCELHINEY
Reg. No. 04198-097
MDCLA 8-A-03/04
P.O. Box 1500
Los Angeles, CA 90053
*pro se* defendant

**ORIGINAL**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(Western Division)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PATRICK McELHINEY,<br><br>Defendant. | Case No. CR-02-938-GHK<br><br>**MOTION TO PRECLUDE SHACKLING A PRO SE DEFENDANT IN TRIAL**<br><br>Motion Date: January 16, 2007<br>Honorable George H. King |

Defendant Michael Patrick McElhiney hereby respectfully moves for an order that the United States Marshall permit him to remain unshackled during the pendency of his jury trial.

This motion is made on the grounds that defendant is *pro se*, and as such, needs the ability to stand and address the jury to exercise his constitutional right represent himself. Further, defendant contends that he represents no danger in the courtroom, and that no basis exists to infringe upon his right to represent himself in this jury trial.

This motion is based on the accompanying defendant's Declaration, the

1

Declaration of former United States Marshall Ken Duncan and the accompanying memorandum of points and authorities.

January 16 , 2007                    Respectfully Submitted,

_____

Michael Patrick McElhiney
*pro se* defendant

2

## DECLARATION OF MICHAEL PATRICK MCELHINEY

I, Michael McElhiney hereby state and declare:

1. I am the defendant in this action. I am *pro se.*

2. I have personally read all of the discovery in this case and am preparing my own defense.

3. Although advisory counsel may assist me from time to time in the courtroom, I intend to conduct the direct and cross-examination of the witnesses 95% of the time. I intend to personally address the jurors during Opening Statement and Closing Argument, and, at this Court's discretion, on *voir dire.*

4. I therefore wish to remain unshackled during the trial. I have this desire not only because I can think, work and speak better when I do not have constraints on my body, but also because I do not wish the jury to infer (even though hidden from view) that by not standing up to address the court, as the government attorneys do, that I am shackled to the floor and therefore violent, unpredictable, and dangerous and thus deserving of conviction, or worse yet, the death penalty.

5. In fact, I do not represent any such danger. I have represented myself in three previous jury trials in United States District Court in Topeka, Kansas. There, I conducted all *voir dire* and questioning of the witnesses, and did so while standing. The Court did not shackle me and I provided no security risk. See Exhibit A, Declaration of Former U.S. Marshal Ken Duncan.

6. I want the jury to listen to my questions and arguments, and not view me as an inhuman presence whom they should fear. By shackling me, the Court will interfere with my ability to speak and concentrate, as well as personally to relate to the jury. By allowing me to remain unshackled during the trial, the Court will allow me fully to exercise my constitutional right to truly represent myself.

3

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge and belief.

Executed at MDC in Los Angeles, California, January 16, 2007.

Michael Patrick McElhiney
*pro se* defendant

4

## ARGUMENT

## MEMORANDUM OF POINTS AND AUTHORITIES TO ALLOW

## PRO SE DEFENDANT TO REMAIN UNSHACKLED IN TRIAL

### I.

## SHACKLING DEFENDANT DURING TRIAL WILL VIOLATE

## THE CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW

Since in the criminal courtrooms of the United States, a defendant is presumed innocent, generally he has a right to appear before his jury unshackled.   Spain v. Rushen, 883 F.2d 712, 716, 721 (9th Cir. 1989); Wilson v. McCarthy, 770 F.2d 1482, 1484 (9th Cir. 1985);  Hollbrook v. Flynn, 475 U.S. 560, 569 (1986).   The use of shackles hinders the ability of a defendant communicate with his lawyer and undermine the formal dignity and impartiality of a courtroom.   Illinois v. Allen, 397 U.S. 337, 343-344  (1970).  A district court may employ shackles only as a "last resort" in light of demonstrable threats of escape, danger, or disruption.  Castillo v. Stainer, 983 F.2d 149, 147 (9th Cir. 1992); Wilson v. McCarthy, 770 F.2d 1482, 1484 (9th Cir. 1985); King v. Rowland, 977 F.2d 1354, 1357 (9th Cir. 1992); Hamilton v. Vasquez, 882 F.2d 1469, 1471 (9th Cir. 1989).

### II.

## SHACKLING AT TRIAL WILL VIOLATE THE DEFENDANT'S

## CONSTITUTIONAL  RIGHT TO RELIABLE JURIDICAL FACT-FINDING

In a capital case, the enhanced guarantees of reliability mandated by the Eighth Amendment forbid the use of visible shackles unless justified by a specific, essential and compelling state interest. Deck v. Missouri, 544 U.S. 622 (2005).  The Supreme Court in Deck reversed a Missouri jury's finding of death on the ground that physical shackles imply that the defendant represents a danger to the community and that

therefore that the unjustified "use of shackles can be a thumb on death's side of the scales." Id. at 633.

III.

## THE SHACKLING OF A PRO SE CAPITAL DEFENDANT
## ABSENT JUST CAUSE DURING TRIAL VIOLATES THE
## CONSTITUTIONAL RIGHT TO SELF-REPRESENTATION

A defendant has a Sixth Amendment right to represent himself. Farretta v. California, 422 US. 806 (1975).   "A defendant's right to self-representation plainly encompasses certain specific rights to have his voice heard. The pro se defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." McCaskle v. Wiggins, 465 U.S. 168, 174 (1984).  All of these tasks require physical freedom inconsistent with shackling.  Indeed, before permitting a defendant to proceed pro se, a district court may have a duty to warn a defendant he may be shackled during his trial.  Abdullah v. Groose, 44 F.3d 692 (8th Cir. 1995), vacated on procedural grounds.  Abdullah v. Groose, 75 F.3d 408 (8th Cir. 1996).

In the 17th and 18th century, English common law prohibited defendants from employing attorneys to represent them, and required the defendant to speak against his accusers at trial. Deck v. Missouri, supra, 544 US. 622, 633 (J. Thomas, dissenting, and citing 4 W. Blackstone, Commentaries on the Law of England, 317 (1769)).  Thus, early English common law prohibited shackling the defendant since it put him at a disadvantage in his trial.  The rule against shackles "ensured that a defendant was not so distracted by physical pain during his trial that he could not defend himself." Ibid.

The reasoning of English common law applies here, where defendant has chosen to represent himself.  How can one efficiently articulate or gesticulate, take

6

notes or listen carefully to the witnesses, the court and the government's attorneys, if one is physically distracted by being chained and shackled to the floor or a chair?

Defendant respectfully insists that he should have the same right as any "attorney," to present his case to the best of his abilities, using whatever creativity and knowledge he may possess, without the indignity of bindings, chains, leg-irons or other restraints which the government may try to fashion for him.

## IV.

## NO COMPELLING REASONS JUSTIFIES COURTROOM

## RESTRAINTS UPON THIS PARTICULAR DEFENDANT

Defendant does not represent a danger in the courtroom.  He has represented himself without restraints three times in the past 9 years.  Defendant has never spoken disrespectfully to the Court, opposing counsel, or to the jury, or inmate-witnesses. Defendant, in compliance with this Court's Order to Meet & Confer prior to filing any substantive motions, has done so on three different occasions with AUSA Wolfe, and once, recently, with AUSA Blanch, those responsible for the prosecution of this case.

No reason justifies restraints, and *pro se* status argues against shackles, inasmuch as they interfere with the ability to present oneself with dignity to the jury as well as being able to concentrate, to listen and respond to the testimony and argument.

///

///

///

///

///

7

## V.

## CONCLUSION

This Court should allow defendant to appear, stand, question and argue before the jury in this case unshackeled and unrestrained.

January 16 , 2007                                    Respectfully Submitted,


                                                    _____
                                                    Michael Patrick McElhiney
                                                    *pro se* defendant

8

DECLARATION OF KEN DUNCAN

I, Ken Duncan, declare:

1. From 1974 to 2004 I was a United States Marshal in the United States District Court in Topeka, Kansas. Since 2004 I have been retired.

2. In that capacity I supervised the custody of Michael McElhiney in his three Topeka federal drug trials between 1999 and 2002;

3. Judge Rogers allowed Mr. McElhiney to remain unshackled in the courtroom throughout the three trials;

4. Judge Rogers allowed Mr. McElhiney to stand at the podium and walk in a limited area while cross-examining witnesses and arguing to the jury ; Judge Rogers even allowed Mr. McElhiney to approach the bench for bench conferences;

5. At no time did Mr. McElhiney cause me or my staff any problems in the courtroom. At all times he obeyed the orders of Judge Rogers and showed respect for the Court, counsel and the jury.

I declare under penalty of perjury the foregoing is true and correct. Executed at Topeka, Kansas, January 3, 2007

_____
Ken Duncan

Ex. A

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 880 West First Street, Suite 304, Los Angeles, California 90012.

On January 16, 2007, I served the foregoing document described as **MOTION TO PRECLUDE SHACKLING A PRO SE DEFENDANT IN TRIAL.** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

AUSA STEPHEN G. WOLFE
150 UNITED STATES COURTHOUSE
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid If the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 16, 2007, Los Angeles, California.

SARA RAMOS

9