MICHAEL PATRICK MCELHINEY
Reg. No. 04198-097
MDCLA 8-A-04
P.O. Box 1500
Los Angeles, CA 90053
*pro se* defendant

FILED

# ORIGINAL

2007 JAN 16  PM 12: 30

DISTRICT COURT
OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(Western Division)

UNITED STATES OF AMERICA,          )     Case No.  CR-02-938-GHK
                                   )
          Plaintiff,               )     **MOTION TO STRIKE STATUTORY**
                                   )     **DEATH FACTORS A1, A2, B2, B3, B6**
     v.                            )     **AND NON-STATUTORY FACTORS C2**
                                   )     **AND C4 FOR VAGUENESS**
MICHAEL PATRICK McELHINEY,         )
                                   )
          Defendant.               )
                                   )     Motion Date: January 16, 2007
                                   )     Honorable George H. King
_____)

Defendant Michael Patrick McElhiney hereby moves this Court for an order striking statutory death factors A1, A2, A3, B2, B3, and B6, as well as non-statutory death factors C2 and C4, from the government's October 4, 2005 Notice of Intent to Seek the Death Penalty against defendant, on the grounds that each of those aggravating factors is unconstitutionally vague and fails to give notice of the nature and cause of the accusation.

Consequently, each of these six aggravating factors violates the Due Process Clause of the Fifth Amendment and the Notice clause of the Sixth Amendment, and each is unconstitutionally vague under the Fifth and Eighth Amendment, and each

1

should be stricken from the Notice of Intent to Seek Death.

This motion is based upon the attached memorandum of points and authorities, the complete files and records in this case, and such additional evidence and argument as the Court may allow at the time of the hearing on this motion.

January 16 , 2007                    Respectfully Submitted,

Michael Patrick McElhiney
*pro se* defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

## TO STRIKE AGGRAVATING FACTORS FROM

## THE NOTICE OF INTENT TO SEEK DEATH

### A.   INTRODUCTION

In its Notice of Intent to Seek the Death Penalty,  the government states it will seek death against defendant for Counts 3, 6 7 and 8 of the First Superseding Indictment.

Count 3 of the First Superseding Indictment charges the VICAR murder of Charles Leger on August 25, 1995 at USP Leavenworth Kansas.

Count 6 charges the VICAR murder of Frank Joyner on August 28, 1997 at USP Lewisburg, Pennsylvania.

Count 7 charges the VICAR murder of Abdul Salaam on August 28, 1997 at USP Lewisburg, Pennsylvania.

Count 8 charges the VICAR murder of Terry Walker at USP Marion on May 18, 1999.

According to the First Superseding Indictment:

**Overt Act 226** states the actual killer of Leger in Count 3 is alleged to be Gregory Storey ;

**Overt Act 285** states the actual killer of Joyner in Count 6 is alleged to be Wayne Bridgewater, and, according to testimony offered by the government in the recent Mills trial before Judge Carter, Al Benton, a government informant, ordered and participated in that killing;

**Overt Act 286** states the actual killer of Salaam in Count 7  is alleged to be Henry Michael Houston, and, according to testimony offered by the government in the Mills trial, Benton also ordered that killing;

Overt Act 306 states the actual killers of Walker in Count 8 are alleged to be,

3

according to testimony offered by the government in a trial in Benton, Illinois, Carl Knorr and Richard McIntosh.

According to the government discovery, the Leger homicide occurred in the SHU at Leavenworth, Kansas, at a time when defendant was in the general population; the Joyner and Salaam killings occurred in Lewisburg, Pennsylvania at a time when defendant was in prison in Marion, Illinois, and the Walker murder occurred in Marion, Illinois at a time when defendant was in USP Leavenworth, Kansas defending against drug charges.

Counts 3, 6, 7 and 8 charge VICAR murders in violation of 18 U.S.C. §§ 2 and 1111. 18 U.S.C. § 2 is the aiding and abetting statute, and it appears, since defendant was not present at the scene of any of the homicides, the government is charging him under an aider and abettor theory.

**B.    THE LAW OF VAGUENESS**

The Sixth Amendment provides in relevant part that, "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . ." See United States v. Kurka, 818 F.2d 1427, 1431 (9th Cir. 1987) (failure to allege element renders indictment constitutionally defective).

In addition, the due process clause of the Fifth Amendment applies in capital sentencing proceedings. One of the "hallmarks" of due process is the defendant's ability to meet the state's case against him. Simmons v. South Carolina, 512 U.S. 154, 175 (1994) (O'Connor, J., concurring). In capital proceedings, aggravating factors are elements which must be charged in the indictment. The indictment must state the elements with sufficient clarity to apprise a defendant what he must be prepared to defend against. See Givens v. Housewright, 786 F.2d 1378, 1380 (9th Cir. 1986) (murder conviction based on uninformative indictment reversed under the Sixth Amendment).

4

The Eighth Amendment dictates that an aggravating factor cannot be unconstitutionally vague. Godfrey v. Georgia, 446 U.S. 420, 428-9 (1980). An aggravating factor is not unconstitutionally vague if it has a common-sense core of meaning that the jury can understand. Jurek v. Texas, 428 U.S. 262, 279 (1976). An aggravating factor which presents "a specific proposition that the sentencer had to find true or false" is more likely to be found unconstitutionally vague than an aggravating factor which merely "points the sentencer to a subject matter." Tuilaepa v. California, 512 U.S. 967, 974-5 (1994).

### 1.   STATUTORY AGGRAVAING FACTOR NUMBER  A1

Statutory Aggravating Factor No. A1 alleges, pursuant to 18 U.S.C § 3591(a)(2) that "defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participant in the offense," and Charles Leger, Frank Joyner, Abdul Salaam and Terry Walker died "as a direct result of that act."

However, the Indictment nowhere alleges in which "act" it was that defendant participated which "directly" led to these respective deaths.  Since defendant was literally thousands of miles away at the time of the deaths of Joyner, Salaam and hundreds of miles away at the time of the death of Walker, this aggravating factor has no common sense, core meaning which would allow a defendant opportunity to effectively defend against it.

### 2.   STATUTORY AGGRAVATING FACTOR A2

Statutory Aggravating Factor No. A2 alleges, pursuant to 18 U.S.C. § 3591(a)(2)(D), that "the defendant intentionally and specifically engaged in an act of violence knowing that the act created a grave risk of death to a person onther than one of the participatnts in the offense, such that participation in the act constituted a reckless disregard for human life" and that Leger, Joyner, Salaam and Walker died as a

5

direct result of the act.  But the indictment utterly fails to specify (1) the "intentional" and "specific act of violence" in which defendant engaged, and (2) the manner in which defendant "knew" the act created a "grave risk of death" and (3) the identities of the persons to whom defendant "created a grave risk of death" and, most importantly, (4) the manner in which it followed that the unspecified acts in which defendant supposedly engaged "directly" leading to the deaths of Leger, Joyner, Salaam and Walker.  With this kind of uncertainty present, no reasonable person could understand this aggravating factor in order to defend against it.

### 3.    STATUTORY AGGRAVATING FACTOR B2

Statutory Aggravating Factor No. B2 alleges that "the defendant, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense.  This factor, alleged pursuant to 18 U.S.C. § 3592(c)(5) supposedly relates only to the deaths of Joyner, Salaam and Walker.  However, the indictment nowhere alleges in what manner defendant "knowingly created" such a risk, or to whom the defendant "created" such a "grave risk."

Again, this aggravating factor is without a common sense, core meaning which would allow defendant to defend against it.

### 4.    STATUTORY AGGRAVATING FACTOR B3

Statutory Factor B3 alleges the "defendant committed the offense after substantial planning and premeditation to cause the death of a person" pursuant to 18 U.S.C. § 3592 (c)(9).  However, the indictment nowhere alleges such planning nor premeditation, nor the identities of the "person" or "persons" of whom defendant planned to cause death.  The aggravating factor, which supposedly would apply to Joyner, Salaam, Walker and Leger,  has no core meaning which would allow defendant to mount any effective defense against it.

///

## 5.  STATUTORY AGGRAVATING FACTOR B6

Statutory Factor B6 alleges, pursuant to 18 U.S.C. § 3592(c)(16), that the "defendant intentionally killed or attempted to kill more than one person in a single criminal episode." It purports to apply to Joyner, Salaam and Walker only. But again, the indictment fails to specify the manner in which defendant "intentionally killed" or "attempted to kill" more than one person in a criminal episode, nor does it specify the identities of the persons to whom defendant directed these unspecified acts. Again, no reasonable person could understand this factor in aggravation sufficiently to defend against it.

## 6.  NON-STATUTORY AGGRAVATING FACTOR C2

Non-Statutory Factor C2 alleges, supposedly to Count 3 only, that "the victim was killed in an effort by the defendant to obstruct justice, tamper with a witness or juror, or in retailiation for cooperating with authorities." This allegations obviously purports to accuse defendant of interfering with justice in the Leger episode. But no discovery provided to defendant demonstrates that Charles Leger was an informant or a person working for the authorities - and indeed, at no time did the government take that position when it prosecuted Storey, Leger's alleged actual killer, and Storey pled guilty to murdering Leger. Since the government in the Indictment or in the discovery has provided defendant with no evidence that Leger's death had anything to do with obstructing justice, this aggravating factor makes no sense and does not allow defendant to mount any effective defense against it.

## 7.  NON-STATUTORY AGGRAVATING FACTOR C4

Non-Statutory Factor C4 alleges that "the defendant committed the crimes charged in part from racial animosity against the victims of the crimes." This factor purports to apply only to the Walker, Joyner and Salaam homicides. However, neither the Indictment nor the testimony in the various trials ever establishes this allegation - at

7

most, the government alleges that defendant belongs to one prison organization, allegedly known as the Aryan Brotherhood, which allegedly has a rival gang in the federal prison system, known as the DC Blacks. The government has not put forward any information or charges that defendant has acted on the basis merely and solely of the color of a persons' skin, and because there appears to be no such concrete information or charges, defendant cannot intelligently defend against this alleged aggravating factor.

## CONCLUSION

The requirement of 18 U.S.C. § 3593 (a), that the government give notice of aggravating factors, has an obvious purpose - to allow the defendant to understand the reasons the government seeks to kill him, and the specific proof it will offer as a justification for death. Because the aggravating factors cited by the governement would not allow a reasonable person to understand the precise circumstances to which they refer, this Court should strike Statutory Aggravating Factors A1, A2, A3, B1, B2 and non-Statutory Aggravating Factors C2 and C4 from the Notice of Intent to Seek the Death Penalty filed against defendant.

Respectfully submitted,

_January 16 , 2007_

Respectfully Submitted,

Michael Patrick McElhiney
_pro se_ defendant

8

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 880 West First Street, Suite 304, Los Angeles, California 90012.

On January 16, 2007, I served the foregoing document described as **MOTION TO STRIKE STATUTORY DEATH FACTORS A1, A2, B2, B3, B6 AND NON-STATUTORY FACTORS C2 AND C4 FOR VAGUENESS** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

AUSA STEPHEN G. WOLFE
1500 UNITED STATES COURTHOUSE
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid If the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 16, 2007, Los Angeles, California.

SARA RAMOS

9