MICHAEL PATRICK MCELHINEY
Reg. No. 04198-097
MDCLA 8-A-03/04
P.O. Box 1500
Los Angeles, CA 90053
*pro se* defendant

FILED
ORIGINAL
2007 JAN 16 PM 12: 34

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(Western Division)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-02-938-GHK |
| Plaintiff, | **OBJECTION TO ANONYMOUS JURY AND MOTION TO DISMISS INDICTMENT ON GROUNDS ANONYMOUS JURY DENIES DEFENDANT DUE PROCESS OF LAW** |
| v. | |
| MICHAEL PATRICK McELHINEY, | |
| Defendant. | |
| | Motion Date: January 16, 2007<br>Honorable George H. King |

Defendant Michael Patrick McElhiney hereby respectfully objects to the empanelment of an anonymous jury and moves to dismiss the indictment on the ground that such a jury denies the constitutional protection of Due Process of law and a fair trial.

This motion is based upon the Defendant's declaration and the accompanying memorandum of points and authorities.

January 16 , 2007

Respectfully Submitted,

Michael Patrick McElhiney
*pro se* defendant

1

## DECLARATION OF MICHAEL PATRICK MCELHINEY

I, Michael Patrick McElhiney, hereby state and declare:

1. I am the *pro se* defendant in the above-entitled capital case;

2. I am, and have been, a *pro se* defendant in four federal trials;

3. This is the first federal trial I have been subjected to wherein the prosecution seeks empanelment of an anonymous jury. It is my understanding of Statutory law that Title 18, U.S.C. § 3142 demands disclosure of names and addresses 3 days before trial (notwithstanding the 9th Circuit's ruling in *Shryock*).

4. One of the objectives of my defense will be to show that I am not a violent/dangerous person, and therefore am not responsible for any of the crimes alleged against me. In my 3 previous trials I was not shackled in any manner; and I have a supporting Declaration from the U.S. Marshal in charge of custody during my three previous trials in Topeka, attached as an Exhibit, in an accompanying motion re shackling.

5. I have read the indictment and the discovery in my case, and I am intimately familiar with it. The government does not allege that I *personally* hurt any individual. At most, the government alleges that I conspired with violent person(s), and that I am somehow responsible for their acts, although I was not physically present at the time they were committed.

6. In my opinion, the use of an anonymous jury creates a climate of fear in the courtroom – a fear of me personally – and it makes it more likely that the jury will convict me and sentence me to death. Jurors may reason that if I am so dangerous that I cannot be allowed to know their name and addresses, and that the Court must refer to them by a number rather than their name, then it logically ensues that I should be found guilty and sentenced to the maximum punishment, so that they and their family members will be protected from the likes of me, and those like me.

7. In order to maintain my **presumption of innocence**, and provide me with the constitutionally ensured opportunity to present my case before an impartial fact-finder, I

respectfully request that this Court deny any government request for the empanelment of an anonymous jury, and allow the case to proceed with the names of the jurors given in open court.

Alternatively, I request an Evidentiary Hearing on this issue and request this Court demand that the government prove beyond a reasonable doubt each and every specific it intends to use to meet the criteria set forth in *Shryonck*.

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge and belief.

Executed at MDC in Los Angeles, California, January 16, 2007.

MICHAEL PATRICK MCELHINEY *pro se*

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**OF MOTION TO DISMISS INDICTMENT ON GROUND THAT**

**AN ANONYMOUS JURY DENIES DEFENDANT DUE PROCESS**

**OF LAW AND A FAIR TRIAL IN VIOLATION OF 18 U.S.C. §3142**

"[E]mpaneling an anonymous jury is an unusual measure that is warranted only where there is a strong reason to believe the jury needs protection or to safeguard the integrity of the justice system, so that the jury can perform its fact-finding function." U.S. v. Shryock, 342 F.3d 948, 971 (CA9 2003).

Shryock acknowledged the danger that "anonymous juries may infer that the dangerousness of those on trial required their anonymity, thereby implicating defendants' Fifth Amendment right to a presumption of innocence" and that "the use of an anonymous jury may interfere with defendants' ability to conduct voir dire and to exercise meaningful peremptory challenges, thereby implicating defendants' Sixth Amendment right to an impartial jury. Ibid. Nevertheless, Shryock permitted such juries, at the discretion of the trial court, "[w]here:

(1) there is a strong reason for concluding that it is necessary to enable the jury to perform its factfinding function, or to ensure juror protection; and

(2) reasonable safeguards are adopted by the trial court to minimize any risk of infringement upon the fundamental rights of the accused." Ibid.

According to Shryock, the district court may look to the following factors in exercising its discretion to empanel an anonymous jury:

(1) the defendants' involvement with organized crime;

(2) the defendants' participation in a group with the capacity to harm jurors ;

(3) the defendants' past attempts to interfere with the judicial process or witnesses;

(4) the potential that the defendants will suffer lengthy incarceration if convicted;

4

and

(5) extensive publicity that could enhance the possibility that jurors' names would become public and expose them to intimidation and harassment. Ibid.

Shryock, a case involving the Mexican Mafia, affirmed the District Court's order to empanel an anonymous jury, and found that all five factors listed above justified the court's use of its discretion to order such a jury. Defendant's case differs significantly from Shryock.

First, Shryock involved a thirteen-defendant case, which obviously presented logistical and security problems, with so many defendants crowded together and close to the jury in a small courtroom. Here, Defendant's case involves an individual who represents himself. Defendant has no history of threatening jurors interferring with the judicial process – on the contrary, participation in three separate trials (in which conviction = 30 years on top of the original 21 year 10 mos sentence which does not expire until 2009) with free rein of the Court room and access to the Judge at sidebars and witnesses without any problem whatsoever ~ the last trial ending almost 5 years ago.

Finally, although the initial Ayran Brotherhood trial in Judge Carter's court has received nationwide publicity, the press has not followed the subsequent trials, and Defendant's solo trial seems unlikely to draw the interest of any media. The only real similarity between Shryock and Defendant's trial lies in the fact that the government has sought heavy sentences in both cases, but if the potential for a lengthy sentence by itself permitted an anonymous jury, the exception would swallow the rule, and every district court judge could cloak a jury in anonymity in every case which carried a significant jail sentence. In fact, nothing in Defendant's case justifies the draconian remedy of an anonymous jury, and the desire to be perceived as a human being, fighting for his life against an irresponsible government militates against it.

///

5

This court should not permit an anonymous jury.

January 16 , 2007

Respectfully Submitted,

Michael Patrick McElhiney
*pro se* defendant

6

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 880 West First Street, Suite 304, Los Angeles, California 90012.

On January 16, 2007, I served the foregoing document described as **OBJECTION TO EMPANELMENT OF AN ANONYMOUS JURY, OR, IN THE ALTERNATIVE, TO DISMISS THE INDICTMENT** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

AUSA STEPHEN G. WOLFE
1500 UNITED STATES COURTHOUSE
312 NORTH SPRING STREET
LOS ANGELES, CALIFORNIA 90012

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in the affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 16, 2007, Los Angeles, California.

SARA RAMOS

7